IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
      Plaintiffs,

v.
                                                      **CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;        **Hearing Date**: November, 13, 2014
LANE LIPTON, an individual;            **Hearing Time**: 9:00 am
and DOES 1-5, individuals whose true    **Courtroom**:    3
names are not known,
      Defendants.

## DEFENDANT RETZLAFF'S MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT

  Defendant files this motion for a more definite statement, as authorized by Federal Rule of Civil Procedure 12(e).

### A. INTRODUCTION

   1.   Plaintiffs are James McGibney and ViaView, Inc.; defendants are Thomas Retzlaff,

Neal Rauhauser, Lane Lipton, and Does 1-5.

   2.   Plaintiffs sued defendants for (1) Tortious Interference with Contractual Relations; (2)

Tortious Interference with Prospective Economic Advantage; (3) Intentional Infliction of

Emotional Distress; (4) Defamation; (5) Public Disclosure / Invasion Of Privacy in the

Northern District of California, San Jose Division.

3. The complaint is so vague and ambiguous that defendant cannot file a responsive pleading; therefore, the Court should require plaintiffs to amend their complaint with a more definite statement of the suit.

**B. ARGUMENT**

4. Before getting started here, defendant Retzlaff, who is appearing *pro se*, would like to remind the court that Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996); *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); *Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999).

5. The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); *Poling v. K.Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

6.   A motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. Fed. R. Civ. P. 12(e); *see* Fed. R. Civ. P. 8(a)(2); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983-84 (11th Cir. 2008).  Plaintiffs' complaint alleged facts that are so vague and ambiguous that defendant cannot file a response.  Specifically, plaintiff alleged (1) Tortious Interference with Contractual Relations; (2) Tortious Interference with Prospective Economic Advantage; (3) Intentional Infliction of Emotional Distress; (4) Defamation; (5) Public Disclosure / Invasion Of Privacy.  But plaintiffs fail to list or distinguish exactly what each specific defendant did and when, and how they are responsible for the harm alleged.  Thus, this defendant here is not able to Answer as he does not know specifically what it is he, and he alone, is being accused of.  Plaintiffs have very broadly alleged that all of the defendants contacted its advertisers and celebrity spokesmen, and somehow interfered with plaintiffs' **revenge porn** business.   But exactly which defendant contacted what advertiser or celebrity is unmentioned.

7.   Without sometime more definite, defendant doesn't know how to answer or which defenses defendant could allege.  A defense to one allegation might not apply to another allegation.  Or might be the responsibility of some other defendant or be protected by an affirmative defense.  Who knows?

8.   A motion for a more definite statement is proper when the plaintiff did not plead its claim by particularized pleading, as required by Fed. R. Civ. P. 9(f) (time & place).  *See Gilbert v. Sears, Roebuck & Co.*, 826 F. Supp. 433, 436 (M.D. Fla. 1993); *David K. Lindemuth Co. v. Shannon Fin. Corp.*, 637 F. Supp. 991, 993 (N.D. Cal. 1986).  Allegations of time and place are material and should be pleaded with particularity when the substantive

nature of the case requires it.  *Huckabay v.* Moore, 142 F.3d 233, 240-41 & n.7 (5th Cir. 1998).   Specifically, plaintiff's complaint does not satisfy this heightened pleading requirement because certain actions might well have taken place outside of the jurisdictional limits of this court.  Keep in mind that defendant Retzlaff has concurrently filed a motion to dismiss for lack of personal jurisdiction.  One of the allegations in that motion is that defendant is not subject to this court's jurisdiction because plaintiffs are nonresidents of California.  So it is important to note the time and place any alleged actions by the defendant towards the plaintiffs took place in an effort to determine where the proper forum is for this lawsuit.

### C. CONCLUSION

9.   Because plaintiff has not pleaded enough facts to allow defendant to file a responsive pleading, the Court should require plaintiff to amend their complaint with a more definite statement of the suit.

Respectfully submitted,

/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424

Defendant, pro se

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 5, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify that on August 5, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se