JASON S. LEIDERMAN, SBN 203336
jay@criminal-lawyer.me
LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorney for Plaintiffs
JAMES MCGIBNEY
VIAVIEW, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, an individual, and VIAVIEW, INC, a corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>THOMAS RETZLAFF, an individual, NEAL RAUHAUSER, an individual, LANE LIPTON, an individual, and DOES 1-5, individuals whose true names are not known,<br><br>    Defendants. | Case No.: 5:14-cv-01059 BLF<br><br>**PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANT THOMAS RETZLAFF'S MOTIONS (1) TO DISMISS FOR LACK OF JURISDICTION; (2) FOR A MORE DEFINITE STATEMENT; (3) TO QUASH SERVICE OF PROCESS; AND (4) TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Hearing Date: 20 November 2014<br>Time: 9:00 am<br>Place: Courtroom 3 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs James McGibney ("McGibney") and ViaView, Inc. ("ViaView") (collectively, "Plaintiffs") hereby submit this Omnibus Opposition to pro se Defendant Thomas Retzlaff's ("Defendant" or "Retzlaff") various motions; specifically, his Motion to Dismiss for Lack of Jurisdiction (Docket No. 23, hereinafter "Jurisdiction Mot."), his Motion for a More Definite Statement (Docket No. 24, hereinafter "Definite Statement Mot."), his Motion to Quash Service of Process (Docket No. 26, hereinafter "Mot. to Quash"), and his Motion to Dismiss for Failure to State a Claim (Docket No. 29, hereinafter "Mot. to Dismiss").

PLAINTIFF'S OPPOSITION TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page i

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES............................................................. 1

I.   INTRODUCTION............................................................................................................ 1

II.  STATEMENT OF FACTS/ALLEGATIONS. ................................................................. 1

III. ARGUMENT.................................................................................................................... 2

   A.  THIS COURT SHOULD DENY RETZLAFF'S JURISDICTION MOTION BECAUSE THE ISSUE HAS ALREADY BEEN LITIGATED IN CALIFORNIA STATE COURT, AND HE LOST................................................................................................................................ 3

   B.  THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER RETZLAFF. ................ 4

      1.  Retzlaff Purposefully Directed the Alleged Conduct Toward California............................. 5

      2.  The Claims in This Case Arise Out of Retzlaff's Forum-Related Activities. ...................... 7

      3.  California is the Only Reasonable Forum to Adjudicate This Case. ................................... 7

   C.  RETZLAFF'S MOTION FOR A MORE DEFINITE STATEMENT IS MERITLESS. ............. 8

   D.  SERVICE OF PROCESS ON DEFENDANT WAS PERSONAL AND EFFECTIVE.............. 9

   E.  THE COMPLAINT IS SUFFICIENT TO SURVIVE RETZLAFF'S 12(b)(6) CHALLENGES.
  10

      1.  The Complaint States a Claim for Tortious Interference With Contractual Relations. ...... 11

      2.  The Complaint States a Claim for Tortious Interference With Prospective Economic Advantage. ................................................................................................................................. 12

      3.  The Complaint States a Claim for Intentional Infliction of Emotional Distress................. 13

      4.  The Complaint States a Claim for Defamation.................................................................. 13

IV.  CONCLUSION. ............................................................................................................. 14

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page ii

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1 **TABLE OF AUTHORITIES**

**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503 (Cal. 1994) ............................ 9

*Hernandez v. Gen. Adjustment Bureau*, 199 Cal.App.3d 999 (Cal. Ct. App. 1988) ...................... 13

*Reeves v. Hanlon*, 33 Cal.4th 1140 (Cal. 2004) .................................................................... 11, 12

*San Jose Construction, Inc. v. SBCC, Inc.*, 155 Cal.App.4th 1528 (Cal. Ct. App. 2007) ............. 12

**Federal Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ............................................................................................ 3

*Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102 (1987) ................ 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 10

*Calder v. Jones*, 465 U.S. 783 (1984) ................................................................................. 3, 5, 6, 7

*Carey v. Brown*, 447 U.S. 455 (1980) ............................................................................................ 8

*Daimler AG v. Bauman*, ___ U.S. ___, 134 S. Ct. 746 (2014) ...................................................... 5

*David K. Lindemuth Co. v. Shannon Fin. Corp.*, 637 F.Supp. 991 (N.D. Cal. 1986) .................... 9

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ......................................................... 5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ....................................................................... 4

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) ............................................................ 6, 7

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) .......................................................... 3

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................... 4

*Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212 (6th Cir. 1989) .................................. 8

*Montana v. United States*, 440 U.S. 147 (1979) ............................................................................ 3

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) .......................................................... 12

*Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971) ................................................. 12

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) .................................................................... 3

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ................................ 5, 6

*Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115 (2014) ................................................................ 6

*Wolfson v. Brammer*, 616 F.3d 1045 (9th Cir. 2010) .................................................................... 3

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................................... 4

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page iii

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

**Statutes**

28 U.S.C. § 1738 .................................................................................................................................. 3

Cal. Civ. Code § 44 ........................................................................................................................... 13

Cal. Civ. Code § 45 ........................................................................................................................... 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 10

Fed. R. Civ. P. 9(f) ............................................................................................................................... 9

**Other**

*Boycott*, Merriam-Webster, http://www.merriam-webster.com/dictionary/boycott (last visited Aug. 13, 2014) ............................................................................................................................................ 11

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page iv

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## MEMORANDUM OF POINTS AND AUTHORITIES.

### I.  INTRODUCTION.

Serial liar, convicted felon, and vexatious pro se litigant Defendant Thomas Retzlaff continues to wage a campaign aimed at destroying Plaintiffs' business interests. Attempting to recover the damage Retzlaff has caused and continues to cause, Plaintiffs James McGibney and ViaView, Inc. have filed suit alleging five different theories of recovery: (1) tortious interference with contractual relations, (2) tortious interference with prospective economic advantage, (3) intentional infliction of emotional distress, (4) defamation, and (5) public disclosure invasion of privacy.

In response to this suit, Retzlaff has filed four motions. These motions are not just a flimsy defense of his tortious conduct; they are a continuation of it. As argued below, these motions have no merit. They should be denied in full.

### II.  STATEMENT OF FACTS/ALLEGATIONS.

Plaintiff James McGibney resides and is domiciled in San Jose, California. (Compl. ¶ 2.) Plaintiff ViaView, Inc. is a Delaware corporation with its business centers in San Jose, California and Las Vegas, Nevada. (*Id.* ¶ 3.) Defendant Thomas Retzlaff lived in Tarrant County Texas; however, he has recently relocated to Phoenix, Arizona. (See *id.* ¶ 6.) ViaView operates a number of websites, including BullyVille.com and CheaterVille.com (collectively, the "Websites"). (*Id.* ¶ 14.)

Retzlaff was, and likely still is, a prolific user of "revenge porn" websites—sites which draw visitors by hosting sexually explicit media without the permission of the subjects. (*Id.* ¶¶ 23-25.) McGibney is an outspoken opponent of these sites. (*Id.* ¶¶ 17, 27.)

In late October 2013, Retzlaff joined coconspirators and codefendants Neal Rauhauser and Lane Lipton, targeting McGibney personally and his business ViaView for harassment. (*Id.* ¶ 28.) Using various "sock" accounts on social media, Retzlaff directed death threats toward McGibney. (See *id.* ¶¶ 34, 35.) He has made numerous false statements about McGibney and ViaView toward the general public and more specifically, the Websites' advertisers. (See *id.* ¶ 36, 39-40, 48, 51, 54, 64.) These statements—that McGibney is a pedophile, that he lied about academic record, that the Websites are revenge porn sites, that the Websites extort people—are all demonstrably false.

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 1

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1    Retzlaff couched these false statements as "complaints" in direct communications with
2 Plaintiffs' advertising partners.  Defendants falsely reported to many of these partners that ViaView was
3 publishing a "revenge porn" website, despite McGibney's personal history fighting such websites.  (See,
4 e.g., *id.* ¶¶ 16-17, 36, 39, 40, 48, 51.)  They repeated and continue to repeat these false allegations *ad*
5 *nauseum* on their Wordpress blog.  (See *id.* at ¶¶ 125-157.)  These false statements damaged Plaintiffs'
6 business relationships and caused substantial financial damage.  (*Id.* ¶¶ 21-22.)

7    Indeed, Retzlaff continues to repeat the false allegation that Plaintiffs operate a "revenge porn"
8 business throughout his pending motions.  (See Jurisdiction Mot. ¶¶ 4, 17a; Definite Statement Mot. ¶ 6
9 Mot. to Dismiss ¶¶ 4, 6 (three times), 13, 17. 30, 31, 32.)

10   Furthermore, as demonstrated by the numerous exhibits attached to the accompanying
11 Declaration of Jason Leiderman, Retzlaff is simply not a credible witness.  He lied about military service
12 in order to gain admission to a Master's program at the University of Texas, San Antonio.  (Exhibit 2 to
13 Leiderman Decl.)  The lies were egregious.  He stated that he was medically retired from the U.S. Army
14 after three combat-related injuries that occurred during tours of duty in Iraq, Afghanistan, Bosnia
15 Herzegovina and Guantanamo Bay.  (*Id.*)  In reality, Retzlaff was in prison at that time.  (*Id.*)  He was
16 later expelled for these lies, along with his harassment of another student.  (Ex. 3 to Leiderman Decl.)
17 His public-facing LinkedIn profile contains rather similar and numerous offensive lies about his past
18 employment and education, as does his Facebook profile.  (Exs. 4, 5 to Leiderman Decl.)  Retzlaff tried
19 to gain paternal rights over a child that was not his in order to extort money from the family.  (See ex.
20 6.)  In the State of Texas, Retzlaff is considered a vexatious litigant.  (Exs. 7, 8 to Leiderman Decl.; see
21 also Ex. 9 (appellate court opinion upholding trial court's finding that Retzlaff is a vexatious litigant,
22 reversing on other grounds).)  He has pled guilty in Texas to destroying evidence, to tampering with
23 government documents, and to distributing harmful materials to a minor.  (Exs. 11, 12, 15 to Leiderman
24 Decl.)  He even lied to his physician in order to obtain a letter in support of a request for continuance in
25 the State court restraining order case.  (Ex. 21 to Leiderman Decl.; see also Leiderman Decl. ¶¶ 21.)

26 **III.   ARGUMENT.**

27   Each of Retzlaff's pending motions are without merit, and should be denied.  For starters,
28 Retzlaff has already had a full and fair opportunity to litigate some of the issues underlying this lawsuit

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 2

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  in a state court restraining order hearing. Importantly, he litigated and lost the question of whether he is
2  subject to the jurisdiction of California courts. On this point, the state court judgment has preclusive
3  effect.
4    Regardless, each motion should be denied independently. This court has personal jurisdiction
5  pursuant to *Calder v. Jones*, 465 U.S. 783 (1984). Retzlaff's motions for a more definite statement and
6  to quash service are frivolous and wholly without supporting authority. And his motion to dismiss
7  likewise misses the mark.

8    **A.   THIS COURT SHOULD DENY RETZLAFF'S JURISDICTION MOTION**
9    **BECAUSE THE ISSUE HAS ALREADY BEEN LITIGATED IN CALIFORNIA**
10   **STATE COURT, AND HE LOST.**

11   As a threshold matter, much of the content in Retzlaff's motions is an attempt to relitigate issues
12  that have already been decided, and should be denied on that basis. Under the doctrine of issue
13  preclusion, also known as collateral estoppel, "once a court has decided an issue of fact or law necessary
14  to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action
15  involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana* v. *United*
16  *States,* 440 U.S. 147, 153 (1979)). The doctrine is based on the idea that "once an issue has been
17  resolved in a prior proceeding, there is no further fact-finding function to be performed." *Parklane*
18  *Hosiery Co. v. Shore*, 439 U.S. 322, 336, fn. 23 (1979). "Under this doctrine, a party is precluded from
19  relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the
20  issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the
21  merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a
22  party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (citing *Kendall*
23  *v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008)). Indeed, the preclusive effect of state court
24  judgments in federal court was codified by Congress in 28 U.S.C. § 1738: "[J]udicial proceedings [of
25  any court of any State] shall have the same full faith and credit in every court within the United States
26  and its Territories and Possessions as they have by law or usage in the courts of such State . . . ." *See*
27  *Allen v. McCurry*, 449 U.S. at 96 (alterations in original).
28

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 3

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

In particular, Retzlaff is precluded from relitigating the issue of personal jurisdiction. On July 29, 2014, in Santa Clara County Superior Court case no. 114CH005460, Judge Socrates P. Manoukian issued a restraining order against Retzlaff, enjoining him from harassing and stalking his daughter, Jason Leiderman, and McGibney. (Ex. 22 to Leiderman Decl.) Necessary to Judge Manoukian's order is a finding that Retzlaff is subject to personal jurisdiction in California. Indeed, Retzlaff objected on that basis and lost.

With respect to the personal jurisdiction issue, this court must abide by the State court's determination because all four elements for issue preclusion are met here. Retzlaff, appearing with counsel, objected to and argued against the court's exercise of personal jurisdiction. He was given an opportunity to testify, and personally questioned McGibney as a witness. He had a full and fair hearing on the issue, which was actually litigated. While Retzlaff has indicated he intends to appeal the state court's orders, he has not yet filed a notice of appeal or posted the necessary bond to do so. As such, the state court orders should be considered a final judgment on the merits.

Alternatively, should Retzlaff file a timely notice of appeal and satisfy the bond requirement, this court should stay its ruling on the instant motions pending the decision of the California Court of Appeals. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (Cardozo, J.).

Regardless of Retzlaff's issue preclusion problem, his motions must be denied on the merits.

**B.      THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER RETZLAFF.**

Retzlaff deliberately directed false statements into California with the intent to intimidate Plaintiffs and harm their financial interests in California, and has therefore subjected himself to the jurisdiction of California courts. Due process limits a court's authority to exercise its jurisdiction over a nonresident defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In general, such a defendant must have "minimum contacts [which do] not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These "minimum contacts" may be established by showing substantial, "continuous and systematic" contacts with the forum State—called "general jurisdiction"—or by showing that the lawsuit arises out of

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 4

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  defendant's contacts with the forum State—called "specific jurisdiction." See *Daimler AG v. Bauman*,
2  ___ U.S. ___, 134 S. Ct. 746, 754 (2014). Here, Plaintiffs do not rely on a "general jurisdiction" theory.
3  Rather, this court has specific jurisdiction based on contacts with California arising out of Retzlaff's
4  suit-related conduct.

The Ninth Circuit uses a three-part test to determine whether a court may exercise specific personal jurisdiction over a nonresident defendant:

(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of making a prima facie showing on the first two prongs. *Id.* at 800, 802. Factual disputes "must be resolved in the plaintiff's favor." *Id.* at 800. If the plaintiff succeeds, the burden then shifts to the defendant to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* at 802.

        1.    <u>Retzlaff Purposefully Directed the Alleged Conduct Toward California.</u>

First, and most importantly, Plaintiffs have sufficiently alleged that Retzlaff and his coconspirators deliberately directed their tortious conduct at California. "Purposeful direction" is evaluated under a three-part inquiry originating in the Supreme Court's opinion *Calder v. Jones*, 465 U.S. 783. That three-part inquiry requires the plaintiff to allege a prima facie case that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 805 (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 5

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

The Supreme Court recently elaborated on the *Calder* test in *Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115 (2014) as it applies to allegations of defamation. Part II B 2 of the High Court's unanimous opinion explains that the "crux of *Calder* was that the reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff." *Walden v. Fiore*, 134 S. Ct. at 1123-24. "The strength of that connection," the court continued, was "a function of the nature of the libel tort." *Id.* at 1124. In fact, "**because publication to third persons is a necessary element of libel, [citations], the defendants' intentional tort actually occurred *in* California.**" *Ibid.* (italics in original, bold added); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984) ("The tort of libel is generally held to occur wherever the offending material is circulated."). That is, under *Walden* and *Calder*, intentionally publishing defamatory material to an audience that includes a substantial number of California readers subjects the speaker to the jurisdiction of California courts.

Here, the Complaint satisfies all three prongs of the *Calder* "effects test."

First, Plaintiffs allege several intentional torts, each of which requires at bottom an intentional act. Researching, writing, editing, publishing, or uttering libelous statements all satisfy the intentional act requirement. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 806; *cf. also Calder v. Jones*, *supra*, 465 U.S. 783.

Second, the Complaint specifically alleges that Defendants "intentionally directed their conduct in order to cause harm to Plaintiffs' interests in San Jose." (Compl. ¶ 12.) The bvfiles blog posts titled "The Economic Destruction of James McGibney & ViaView" and "Comments from James McGibney's Advertisers" amount to clear proof of that intent. (See *id.* ¶ 131.) In furtherance of his goal of "economic destruction," Retzlaff also sent a harassing e-mail to the principal of a ViaView board member's child's school in Orange County, California. (*Id.* ¶ 73.) Indeed, Retzlaff's Motion all but concedes that his conduct subjects him to the jurisdiction of courts outside his home state, primarily objecting that jurisdiction should be in Nevada instead of California. (See Jurisdiction Mot. p. 11.)

Third, Plaintiffs specifically allege that Retzlaff knew that Plaintiffs were located in California. (Compl. ¶¶ 10-11.) Indeed, several of the statements detailed in the Complaint demonstrate Defendants knew that McGibney had recently relocated from Las Vegas to San Jose. (See *id.* ¶¶ 46, 110, 111.) Defendants continued aiming their conduct at Plaintiffs even after having knowledge that Plaintiffs were

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 6

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  no longer in Las Vegas.  The chased him across the state line from Nevada to California.  Retzlaff's
2  objection that ViaView is not incorporated in California is irrelevant.  *Keeton v. Hustler Magazine, Inc.*,
3  465 U.S. at 789 ("[W]e have not to date required a plaintiff to have 'minimum contacts' with the forum
4  State before permitting that State to assert personal jurisdiction over a nonresident defendant.  On the
5  contrary, we have upheld the assertion of jurisdiction where such contacts were entirely lacking.")  In
6  sum, Plaintiffs have satisfied the three-pronged *Calder* "effects test."  Retzlaff "purposefully directed"
7  his conduct into California.

        2.       <u>The Claims in This Case Arise Out of Retzlaff's Forum-Related Activities.</u>

9  Second, the claims here obviously arise out of Retzlaff's in-forum activities.  The Complaint
10 contains no allegations that Retzlaff had any in-forum activities unrelated to the suit.

        3.       <u>California is the Only Reasonable Forum to Adjudicate This Case.</u>

12 Finally, Retzlaff bears the burden to show that an exercise of jurisdiction would be unreasonable,
13 but he cannot meet this burden.  On this prong, a "court must consider the burden on the defendant, the
14 interest of the forum State, and the plaintiff's interest in obtaining relief."  *Asahi Metal Industry Co. v.*
15 *Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987).  Retzlaff first claims that "None of the
16 records, files, or witnesses that would be favorable to Retzlaff are located in the forum state."
17 (Jurisdiction Mot. p. 9.)  He further claims he has "very limited financial means" and "would have no
18 ability to subpoena witnesses or items favorable to him in the forum state." (*Ibid.*)  But he cannot
19 identify a single record, file or witness that would actually be helpful to him.  He also dishonestly claims
20 "no ability to attend or participate in any hearings or the trial." (*Ibid.*)  This comes a mere week after
21 Retzlaff (1) fully participated in a Santa Clara County state court restraining order hearing via voice chat
22 (2) regarding essentially the same underlying conduct alleged here (3) while being represented by
23 retained counsel (4) after filing a large number of moving papers (5) without presenting any substantial
24 favorable records, files or witnesses (besides himself) on his behalf.  Retzlaff's claims of hardship are
25 unsupported by factual evidence and are simply not credible.
26 Retzlaff also claims that California has no interest in exercising jurisdiction in this case.
27 (Jurisdiction Mot. p. 10.)  This is contrary to prevailing law.  Courts have consistently recognized that
28 states have a valid interest in protecting their residents from outside tortious conduct.  *See, e.g.*, *Carey v.*

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 7

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  *Brown*, 447 U.S. 455, 471 (1980) ("The State's interest in protecting the well-being, tranquility, and
2  privacy of the home is certainly of the highest order in a free and civilized society."); *Lewelling v.*
3  *Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 216 (6th Cir. 1989) (recognizing "California's interest in
4  protecting its residents from fraud").

5       Finally, Retzlaff's argument that Plaintiffs could "obtain convenient and effective relief in
6  federal court in Arizona" is without merit. (Jurisdiction Mot. p. 10.) There is no theory under which an
7  Arizona court would have jurisdiction over Retzlaff's coconspirators. Plaintiffs cannot in good faith
8  allege that Neal Rauhauser, Lane Lipton, and the other, unidentified defendants would be subject to
9  jurisdiction in Arizona. That is, a suit in Arizona would be neither convenient nor effective.

10      In fact, California is the *only* reasonable forum to litigate a case such as this, with multiple,
11 geographically diverse defendants who nevertheless act in concert to deliberately harm a plaintiff from a
12 distance. Consider the alternative: if courts in a plaintiff's home state do not have specific personal
13 jurisdiction over such defendants, that plaintiff would be forced to file separate suits in each of the
14 defendants' home states in order to litigate the same issues three times, under three different states' laws,
15 at three times the cost. Such a scheme makes it almost impossible for *any* but the wealthiest of plaintiffs
16 to remedy the kind of interstate, Internet tort suffered in this case. It provides a practical immunity to
17 the tortfeasors, removing collective tortious activity committed by a geographically diverse group from
18 the jurisdiction of any single court. As such, California courts are the only courts with reasonable
19 jurisdiction over this kind of conduct.

20      In short, Plaintiff's allegations satisfy Due Process requirements for a fair exercise of personal
21 jurisdiction over Retzlaff. By purposefully directing defamatory statements toward California with the
22 express intention of harming Plaintiffs' business interests—which he knew were in California—Retzlaff
23 has made himself subject to the power of California courts.

24      **C.    RETZLAFF'S MOTION FOR A MORE DEFINITE STATEMENT IS**
25           **MERITLESS.**

26      Retzlaff's Definite Statement Motion is frivolous. It is a demonstration of Retzlaff's penchant
27 for vexatious litigation and was made deliberately to waste the time and resources of all parties,
28 including the court. A fair reading of the Complaint shows it is very specific. It contains dozens of

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 8

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  direct quotes from Retzlaff, evidencing not just his tortious conduct, but also his malicious motives.
2  (See, e.g., Compl. ¶¶23-74.)

3  Retzlaff's objects that Plaintiffs have not sufficiently pled time and place under Fed. R. Civ. P.
4  9(f). That rule "must be read in light of Rule 8(a) requiring averments to be simple, concise and direct."
5  *David K. Lindemuth Co. v. Shannon Fin. Corp.*, 637 F.Supp. 991, 993 (N.D. Cal. 1986). The purpose of
6  Rule 9(f) is "to give a defendant notice of the specific alleged misconduct so as to enable him to prepare
7  a defense, and to bar suits filed as a pretext for discovery." *Id.* The Complaint makes clear that Retzlaff
8  made the tortious statements on the Internet, likely in either Texas or Arizona, although precisely where
9  Retzlaff was sitting when he wrote the death threats and defamatory statements is not terribly important
10 to the suit. And almost every statement attributed to Retzlaff includes a date. The Complaint contains
11 sufficient date/time allegations to give Defendant notice of the alleged misconduct.

12 Moreover, contrary to Retzlaff's argument, Plaintiff need not identify which coconspirator
13 personally authored which tortious statements on the bvfiles blog for two reasons. First, Plaintiff alleges
14 a civil conspiracy. Under this theory, it is not material which coconspirator committed which tortious
15 act. Rather, Plaintiffs need only allege that the coconspirators shared a common purpose, and that one
16 of them committed a tort in furtherance of that purpose. *See, e.g.*, *Applied Equipment Corp. v. Litton*
17 *Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (Cal. 1994) (A civil conspiracy "is not a cause of action, but a
18 legal doctrine that imposes liability on persons who, although not actually committing a tort themselves,
19 share with the immediate tortfeasors a common plan or design in its perpetration."); *id.* ("a coconspirator
20 incurs tort liability co-equal with the immediate tortfeasors"). Second, the question of who said what on
21 a blog under the exclusive control of Defendants is a question to be resolved during discovery, not
22 pleading. *David K. Lindemuth Co.*, *supra*, 637 F.Supp. at 994 ("A plaintiff is not required to plead
23 detailed evidentiary matters."). Retzlaff's Definite Statement Motion should be denied.

24 **D.  SERVICE OF PROCESS ON DEFENDANT WAS PERSONAL AND**
25 **EFFECTIVE.**

26 Likewise, Retzlaff's Mot. to Quash baseless. He declares under perjury that he was "never given
27 a copy of the summons or citation in this lawsuit." (Retzlaff Decl. in Support of Mot. to Quash ¶ 3.)
28 Jeff Bourne, registered as a process server in Arizona, signed a Proof of Service declaring otherwise.

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 9

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1 (See Ex. 1 to Leiderman Decl.) Bourne declared under penalty of perjury that he "personally served the
2 summons" on Retzlaff at 8312 W. Elm St. in Phoenix, AZ on July 14, 2014. (*Ibid.*) He elaborated:

> Mr. Retzlaff was inside the house, his son opened the door, I identified myself as a process server with documents for Thomas Retzlaff, I could see the defendant clearly before he hid behind a wall, I asked him to come out and accept the documents, he declined. I dropped the documents outside the door, and service was announced in a loud clear voice.

(*Ibid.*)

Thus, this court is faced with declarations from two witnesses which cannot both be true. As the fact-finder, it must make a determination about which witness is more credible. And because Retzlaff has no allegiance to the truth, he cannot prevail. As demonstrated in the numerous exhibits attached to the Declaration of Jason Leiderman, Retzlaff has demonstrated a penchant for high-stakes lying. He lied to get into a Master's program. He lied to try to get parental rights over a child that was not his. He was convicted for tampering with evidence. He is a dishonest man with no respect for justice or the institutions charged with administering it. This court simply cannot credit his word over the word of a registered process server.

And even if the court credits Retzlaff's account over that of Bourne, mere failure to attach a summons to the Complaint cannot result in dismissal. The purpose of service of process is to provide a party with notice. Retzlaff obviously received proper notice: he was able to respond with four motions in the proper court in a relatively timely manner. Retzlaff cites no authority suggesting a failure to include the summons must result in dismissal, especially where the party contesting service has actual notice.

Moreover, he was sent the complaint and summons via email in March 2014. The Motion to Quash should be denied.

**E.  THE COMPLAINT IS SUFFICIENT TO SURVIVE RETZLAFF'S 12(b)(6) CHALLENGES.**

Finally, Retzlaff's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is without merit and should be denied. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Although for the purposes of a motion to dismiss we

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 10

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Here, the Complaint contains abundant factual allegations, which, taken as true, establish actionable torts.

### 1. The Complaint States a Claim for Tortious Interference With Contractual Relations.

First, Plaintiffs have stated a valid claim under a theory of tortious interference with contractual relations. The elements of that tort are: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Reeves v. Hanlon*, 33 Cal.4th 1140, 1152 (Cal. 2004).

Each element is sufficiently pled: the Complaint alleges contracts with five different advertisers (Compl. ¶ 20); it alleges knowledge of the existence of those contracts, supported circumstantially by the statements on Defendants' blog (*id.* ¶¶ 125-160); it alleges intentional acts—fraudulent accusations of "revenge porn" to advertisers—which were designed to ruin the relationships between Plaintiffs and their sponsors (*id.* ¶¶ 39-45, 54-55); it alleges an actual disruption of those relationships (*id.* ¶¶ 21-22, 42-45); and it alleges damage. (*Id.*)

Retzlaff's argument is simple: "**Not to put too fine a point on it, but so what?**" (Mot. to Dismiss p. 4 (emphasis in original).) The "so what?", as the Complaint spells out quite clearly, is that Defendants' false and repeated complaints to advertisers and sponsors has cost Plaintiffs hundreds of thousands of dollars in lost revenue. The "so what?" is that Defendants interfered with Plaintiffs' contracts, and caused damage. Not to put too fine a point on it, but that is a tort.

Retzlaff's attempts to characterize his conduct as a "boycott" is unconvincing. Merriam-Webster's online dictionary defines boycott as a "refus[al] to buy use, or participate in (something) as a way of protesting[;] to stop using the goods or services of (a company, country, etc.) until changes are made." *See Boycott*, Merriam-Webster, http://www.merriam-webster.com/dictionary/boycott (last visited Aug. 13, 2014). Indeed, the case law Retzlaff cites demonstrates that courts understand boycotts

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 11

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1   to be deliberate *refusal* to interact with the boycott's target, not the kind of affirmative interference
2   alleged here.  *See NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 901 (1982) (boycott was an
3   organized refusal to patronize white-owned stores).  The only other case Retzlaff cites in support of his
4   claim that his action was a boycott does not even have the word "boycott" in its text.  *See Organization*
5   *for a Better Austin v. Keefe*, 402 U.S. 415 (1971).  Retzlaff was not engaged in a boycott, he was not
6   merely refusing to use BullyVille and CheaterVille to protest; he was deliberately trying to destroy
7   Plaintiffs' business by directly contracting business partners, lying to them, and intimidating them.  That
8   is not a boycott, that is tortious interference with contractual relations.

9          2.    <u>The Complaint States a Claim for Tortious Interference With Prospective</u>
10            <u>Economic Advantage.</u>

11      Second, the Complaint sufficiently alleges an alternative theory of liability for Retzlaff's
12  interference with Plaintiffs' business relationships: tortious interference with prospective economic
13  advantage.  This tort shares elements with the contractual interference tort, and "similarly compensates
14  for the loss of an advantageous economic relationship but does not require the existence of a legally
15  binding contract."  *Reeves v. Hanlon*, 33 Cal.4th at 1152.  The elements are: "(1) an economic
16  relationship with the project owners . . . ; (2) defendants' knowledge of this relationship; (3) defendants'
17  intentional acts designed to disrupt that relationship; (4) actual disruption of the relationship; and (5)
18  economic harm . . . proximately caused by defendants' acts."  *San Jose Construction, Inc. v. SBCC, Inc.*,
19  155 Cal.App.4th 1528, 1544 (Cal. Ct. App. 2007).  Instead of a contract, the interference-with-
20  prospective-economic-advantage tort requires a showing that the defendant committed "independently
21  wrongful" act.  *Ibid.*  An "act is independently wrongful if it is unlawful, that is, if it is proscribed by
22  some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Reeves v.*
23  *Hanlon*, 33 Cal.4th at 1152.

24      The same factual allegations discussed above support this theory of liability: Plaintiffs had
25  relationships with advertisers and sponsors (Compl. ¶¶ 20, 41-43); Retzlaff knew about those
26  relationships (*id.* ¶¶ 125-160); he committed intentional acts designed to ruin them (*id.* ¶¶ 39-45, 54-55);
27  the relationships were damaged (*id.* ¶¶ 21-22, 42-45); and Plaintiffs suffered economic harm as a result.
28

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 12

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  (*Id.*)  The "independently wrongful act" requirement is easily satisfied by the defamation inherent in the
2  conduct.

3  Retzlaff's "so what?" argument makes another appearance (see Mot. to Dismiss ¶ 17), but is
4  equally insignificant here.

5       3.   <u>The Complaint States a Claim for Intentional Infliction of Emotional Distress.</u>

6  Third, the Complaint satisfies the requirements to allege intentional infliction of emotional
7  distress.  The elements of that tort are: "(1) outrageous conduct by the defendant with the intention of
8  causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering of
9  emotional distress; and (3) causation."  *Hernandez v. Gen. Adjustment Bureau*, 199 Cal.App.3d 999,
10 1007 (Cal. Ct. App. 1988).

11 Each of these elements is alleged.  Retzlaff's relentless, intentional conduct—which includes
12 death threats, defamation, and intimidation (see Compl. ¶¶ 23-77, 125-158)—is extreme and outrageous.
13 As a result, McGibney has suffered severe emotional distress.  (*Id.* ¶ 173; see also McGibney Decl.,
14 Docket No. 22-1 ¶ 51.)  These allegations are all that are required.

15 Retzlaff attempts to turn his 12(b)(6) motion into a motion summary judgment, making the
16 irrelevant arguments that McGibney is a public figure and that Retzlaff's conduct was protected by the
17 First Amendment.  These are not appropriate objections for the procedural posture of the case.  Since the
18 Complaint contains factual allegations supporting each of the elements of intentional infliction of
19 emotional distress, it must survive Retzlaff's Motion to Dismiss.

20       4.   <u>The Complaint States a Claim for Defamation.</u>

21 Finally,[1] the Complaint is sufficient to proceed on the defamation claim.  Defamation can be
22 either by slander or libel.  Cal. Civ. Code § 44.  California Civil Code § 45 provides that "Libel is a false
23 and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye,
24 which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned
25 or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ. Code § 45.

---

[1] The Complaint includes a claim for public disclosure of private facts invasion of privacy.  (Compl. ¶¶ 185-88.)  However, Retzlaff's objection that mere names and addresses are not likely to be offensive or objectionable to a reasonable person is well-taken, and Plaintiffs concede the Complaint is not sufficient to sustain the invasion of privacy count as currently alleged.

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 13

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1   Plaintiffs have alleged numerous published statements made by Retzlaff and his coconspirators.
2   The alleged statements that McGibney is a pedophile (Compl ¶¶ 108, 157), that McGibney is a "lying
3   homosexual" (*id.* ¶ 36); that BullyVille and CheaterVille are "revenge porn" websites or that Plaintiffs
4   "extort" those featured on the sites (*id.* ¶¶ 39, 40, 48, 51, 54, 60, 64, 66); that McGibney is a criminal
5   (*id.* ¶ 147) are all false.  These false statements subject McGibney to hatred and contempt; they have
6   demonstrably injured him in his occupation and damaged his business.  Indeed, Plaintiffs have even
7   alleged "actual malice," the heightened standard for defamation of public figures.  (*Id.* ¶ 183.)  This is
8   more than sufficient at the pleading stage.
9   Retzlaff reuses his defense on the merits, attempting to claim the protection of the First
10  Amendment.  Such a defense is not appropriate for a 12(b)(6) motion.

**IV.     CONCLUSION.**

Defendant Thomas Retzlaff's Motions are frivolous, the hallmark of a litigant bent on abusing the courts to harass and drain the resources of those he deems enemies.  Because none of the motions have any legal merit, they must be denied.

Dated: 14 August 2014                              LAW OFFICES OF JAY LEIDERMAN

By:___/s/_Jay Leiderman_____
Jason S. Leiderman
Attorney for Plaintiffs
James McGibney
ViaView, Inc.
jay@criminal-lawyer.me

PLAINTIFF'S OPPOSITION
TO DEFENDANT THOMAS RETZLAFF'S MOTIONS
Page 14

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280