JASON S. LEIDERMAN, SBN 203336
jay@criminal-lawyer.me
LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorney for Plaintiffs
JAMES MCGIBNEY
VIAVIEW, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, an individual, and VIAVIEW, INC, a corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS RETZLAFF, an individual, NEAL RAUHAUSER, an individual, LANE LIPTON, an individual, and DOES 1-5, individuals whose true names are not known,<br><br>Defendants. | Case No.: 5:14-cv-01059 BLF<br><br>**DECLARATION OF JASON LEIDERMAN AND EXHIBITS THERETO IN SUPPORT OF PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANT THOMAS RETZLAFF'S MOTIONS (1) TO DISMISS FOR LACK OF JURISDICTION; (2) FOR A MORE DEFINITE STATEMENT; (3) TO QUASH SERVICE OF PROCESS; AND (4) TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Hearing Date: 20 November 2014<br>Time: 9:00 am<br>Place: Courtroom 3 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**


### DECLARATION OF JASON S. LEIDERMAN

1. I am an attorney duly licensed to practice law in the State of California. I represent Plaintiffs ViaView, Inc. and its CEO, James McGibney.

2. Defendant Thomas Retzlaff ("Mr. Retzlaff") makes a claim that he was not served a summons with the complaint in this matter. Mr. Retzlaff also denies making death threats to Mr.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 1

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1  McGibney in paragraph 8 of his declaration filed concurrent with his motion to dismiss for lack
2  of jurisdiction. That necessarily calls for a determination of credibility. Mr. McGibney herewith
3  submits Twenty-two exhibits that reflect upon the credibility, veracity and moral character of
4  Thomas Retzlaff. Though the volume of these exhibits may seem like overkill, we feel that it is
5  important that the court understand exactly who Mr. Retzlaff is at the outset of this case.

6  3. All documents attached hereto are true and accurate copies of documents. All cases attached
7  hereto were printed by me and I kept them complete to the best of my ability. The certified
8  convictions were sent to me by the Clerk of Court for Bell County Texas on July 24, 2014. I
9  have the originals. The originals contain a stamp, seal and signature on the back of each page.
10  Documents that were marked were not, to the best of my recollection, marked by me. Mr.
11  Retzlaff's Linked In profile and Facebook page were printed by me on August 13, 2014. The
12  death threats in Exhibit Nineteen were screen shots taken by Mr. McGibney at various times over
13  the last nine months. I printed the pictures of those threats on August 13, 2013.

14  4. On July 29, 2014, a permanent restraining order issued prohibiting Mr. Retzlaff from engaging in
15  a multitude of conduct, including the making of any threats. (See exhibit twenty-two) During
16  that hearing the Honorable Socrates Peter Manoukian specifically found that it was Thomas
17  Retzlaff behind the death and voluminous other threats to Mr. McGibney in emails and on the
18  BV Files blog. He also determined that Mr. Retzlaff was the main administrator for the BV Files
19  blog.   Hereto forward the "restraining order" case.

20  5. In the restraining order proceeding Mr. Retzlaff brought a nearly identical motion challenging
21  jurisdiction. At that hearing the issue was argued through counsel and denied based upon
22  *Walden v. Fiore*, 571 US___, 134 S. Ct. 1115 (2014). The parties in that action were ViaView
23  Inc and James McGibney v. Thomas Retzlaff, the identical parties herein. The motion was
24  decided on the merits. It is not a final judgment until either (1) the 60 day period in which Mr.
25  Retzlaff may appeal has expired or (2) a remittitur issues after an appeal.

26  6. The exhibits attached hereto are relevant as described when the exhibit is introduced into this
27  declaration.

28

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 2

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

7. Exhibit one is the proof of service of the summons for this case 5:14-cv-10159-HRL from July 14, 2014. Because this is not the first time in litigation with Mr. McGibney that Mr. Retzlaff has made claims concerning defective service, we have included proof of other attempts to serve Mr. Retzlaff and the results thereof. The affidavit of non-service from May 9, 2014 in case 114CH005460, the San Jose restraining order case discussed in paragraph 4, states that after several attempts at service, the resident of the house came to the window, peered out, and then closed the blinds. Service was also attempted several times before March 24, 2014 and the affidavit of non-service is included. I sent an email to all of Thomas Retzlaff's known or suspected email addresses on March 18, 2014. In that email, Retzlaff was sent the complaint and summons as attachments. One of the email addresses was retzlaff@texas.net, the email he uses to harass his daughter Brittany (see exhibit nineteen). Another is T_retz@hotmail.com, the address he used to send emails to the University of Texas at San Antonio when he falsely claimed he was injured in combat while serving in Iraq and elsewhere (see exhibit 2). Mr. Retzlaff was actually in prison when he claimed to be serving our country.

8. Exhibit two is the University of Texas San Antonio admission application emails that he sent as his personal statement to an employee that helped him. Included in this exhibit are also the admission application decision form from April 17, 2007 and the acceptance letter from April 23, 2007 and the expulsion letter, stating his admission was predicated largely on his personal statement that he was medically retired after a long U.S. Army career wherein he served in Iraq, Afghanistan, Bosnia Herzegovina, Guantanamo Bay and then back to Iraq where he was medically retired after his third combat-related injury. The letter is dated November 19, 2007.

9. Mr. Retzlaff sued the university after he was expelled for academic fraud, harassing another student and possibly secreting a handgun in his car. Exhibit three is the published decision granting summary judgment to the University. Retzlaff v. de la Vina, 606 F.Supp.2D 654 (2009)

That case stated the following:

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 3

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

The summary judgment evidence establishes that a female foreign national from China enrolled at UTSA complained directly to school administrators and campus police that Retzlaff was harassing her. A university police captain determined that Retzlaff's behavior could amount to criminal conduct and directed Retzlaff not to contact the complainant. Retzlaff disobeyed this directive.

Research … uncovered startling public records about Retzlaff. Among other revelations, court opinions and other records showed that Retzlaff had served an eight-year prison sentence beginning in 1998 when, according to written statements he submitted in support of his MBA admission application, he claimed to have been serving in "Afghanistan and later ... two tours of duty in Iraq." When Retzlaff obtained early-release from prison in 2004, he claimed in his MBA admission application that he "medically retired" in 2004 from military service "[a]fter my third combat-related injury."

And that:

de la Viña relayed a report from the female Chinese student Retzlaff had been harassing that "Mr. Retzlaff carried a gun in his glove box which she had seen."

Also:

Defendants have shown that several court opinions outlining Retzlaff's rather extensive criminal history are freely available on the internet.

And another instance of Retzlaff making vague threats:

During a deposition in this case, Retzlaff made a statement to the attorney for UTSA that he thought about killing people in connection with this litigation.

10. Exhibits four and five are Mr. Retzlaff's current Linked In and Facebook profiles that show that "Major" Tom Retzlaff is still claiming to be a decorated Army soldier, serving his country

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 4

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

proudly until 2009, with many important assignments, including an assignment providing security at the White House. The claim that "Major" Retzlaff did security detail appears prominently on both the Facebook and Linked In pages. Interestingly, and apposite to Retzlaff's jurisdictions claims, he states on his Facebook page that he lives in Los Angeles, California. He also states that he studied at the Harvard Kennedy school and Stanford Law School.

11. Exhibit Six is an unpublished case from the Texas Court Of Appeals. It is Tom Retzlaff v. Monica Courteau, 03-01-00647-CV. Retzlaff falsely claimed paternity of a child, causing a case to be initiated under the Uniform Child Custody Jurisdiction Act. Retzlaff, knowing he was not the father, still abused the court process and tried to extort money. The court wrote:

"The New York court found that in his letter Retzlaff made it clear that his interest in L.C. was to exact a monetary settlement from the Courteaus by persisting in litigation. In his letter to the law guardian and the New York court, Retzlaff emphasized that he was "not going away anytime soon" and that he would "continue litigating this case, using every legal means at [his] disposal." Also in the letter, Retzlaff stated that he hoped the law guardian "might help facilitate a fair settlement.""

12. Thomas Retzlaff was declared a vexatious litigant in Texas due to his constant abuse of the legal system. Exhibit seven is the Texas Vexations Litigant Order 5:08-cv-00170-OLG, from June 26, 2008. Exhibit Eight is the Texas Vexations Litigants List as of March 2014. Exhibit nine is the case that upheld the Vexatious Litigant Order; TOM RETZLAFF v. GOAMERICA COMMUNICATIONS CORPORATION 356 S.W. 689 (2011). That case also discusses one occasion where Mr. Retzlaff has threatened opposing counsel. There are, reportedly, many others.

These exhibits are important in that Mr. Retzlaff claims to be a pro per litigant entitled to the benefit of having the court make favorable inferences in his papers because he is unskilled and

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 5

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

unfamiliar with the courts. Indeed, that is but another attempt to perpetrate a fraud upon the court. Retzlaff has been involved in dozens of lawsuits as a pro per litigant. He is experienced.

13. Exhibit ten is the case of Tom Retzlaff v. Belinda Mendieta- Morales, No. 04-09-00582-CV, December 9, 2009. This decision is relevant because it states that "there is no genuine issue of material fact that Retzlaff engaged in fraud and wrongful conduct to prevent Mendieta-Morales from timely answering the lawsuit." Furthermore, Retzlaff was convicted of harassing Ms. Mendieta-Morales in 1996, so this case, having been finally adjudicated in 2011, when the decision was affirmed in Tom Retzlaff v. Belinda Mendieta- Morales 356 S.W.3d 676 (2011), represents a 15 year period of Retzlaff harassing Ms. Mendieta-Morales.

14. Exhibit Eleven is an unpublished opinion from the Texas Court Of Appeals entitled Ex Parte Tom Retzlaff, 03-05-00227-CR. The opinion affirms many probation terms that came with his 10 year probation grant that accompanied his conviction for tampering with Evidence. Exhibit twelve is a certified copy of another case that shows that Mr. Retzlaff is willing to go criminally overboard to gain an advantage in his cases. It is copy of his certified tampering with a government record conviction, case MR2C971676.

Excerpts from that case include:

The information alleged that Retzlaff, knowing that an investigation of the theft of books from the Bell County law library was in progress, made, presented, and used a false book check-out slip with knowledge of its falsity and with the intent to affect the course and outcome of the investigation. It appears that Retzlaff, a prolific pro se litigator, was suspected of stealing books from the library.

Retzlaff challenged thirty-two of the forty-six conditions of his supervision.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS MADE BY THOMAS RETZLAFF
Page 6

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Conditions 36 and 37 prohibit Retzlaff from directly or indirectly contacting or communicating with certain named individuals, living in the same residence with these individuals, or going within four hundred yards of locations frequented by these individuals

Conditions 39 and 40 prohibit Retzlaff from threatening to file or filing pro se civil litigation without first demonstrating to the trial court that such litigation would not be frivolous within the meaning of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001-10.006 (West 2002). In its order denying relief, the trial court wrote that there is evidence Retzlaff "sought to use litigation as a weapon, and these conditions were imposed to curb these tendencies."

It has been held that there is no constitutionally protected right to file or pursue frivolous or malicious litigation. Hicks v. Brysch, 989 F. Supp. 797, 822 (W.D. Tex. 1997).

Condition 41 prohibits Retzlaff from "knowingly engag[ing] in any adulterous relationships at any time with anyone." Retzlaff complains that this condition is "silly" and "unenforceable," and he states that he "has absolutely no intention of obeying this bogus probation condition."

Condition 38 prohibits Retzlaff from holding himself out as a lawyer, attorney, or legal advisor at any time. Retzlaff argues that under the First Amendment, he "can call himself whatever he wants" so long as it is not done fraudulently or for financial gain. We note that falsely holding oneself out as a lawyer is a crime. See Tex. Pen. Code Ann. § 38.122 (West 2003).

Conditions 25 and 26 prohibit Retzlaff from contacting, communicating with, or going within 400 yards of the residence of Denise Retzlaff, his wife at the time the condition was imposed. Retzlaff concedes that these conditions were reasonable when imposed

DECLARATION OF JAY LEIDERMAN TO INTRODUCE IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS MADE BY THOMAS RETZLAFF
Page 7

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

15. Mr. Retzlaff's most disturbing and disgusting conduct, conduct that doesn't just reflect on his character or provide evidence of moral turpitude, but that shows what really motivates him, is detained in Exhibits thirteen through fifteen.  Exhibit thirteen is the Texas Court Of Appeals opinion upholding the termination of Mr. Retzlaff's parental rights, Nos. 03-03-00319-CV and 03-03-00320- CV decided March 18, 2004.  Exhibit fourteen is the appellee brief filed by the Texas Department of Protective and Regulatory Services in that case. Exhibit Fifteen is Mr. Retzlaff's certified conviction for showing harmful sexual material to a minor.  Case No. MR2C971672.

The facts from these cases are shocking, but are necessary to give the full picture of Mr. Retzlaff.

Facts from the Court of Appeals decision are as follows:

"In point of error one, Retzlaff contends that the trial court abused its discretion in admitting a video tape depicting him brutally sodomizing his wife in the living room while their children were in adjacent bedrooms, and in admitting photographs of other sexually explicit materials found in Retzlaff's home. Retzlaff argues that the video tape is not a true and complete depiction of the event as it took place because it was edited from two hours to fifteen minutes to emphasize his harsh behavior.

"In response to Retzlaff's discovery requests, the Department listed the subject matter of Dr. Pugliese's testimony as "Thomas C. Retzlaff's psychological examination, mental state, and suitability as a father," and the "[p]sychological and mental status of Respondent." His evaluation of Retzlaff, which was admitted by the trial court without objection, discussed Retzlaff's pedophilic tendencies."

The following facts were gathered from the brief submitted by the Texas Department of Protective and Regulatory Services, and they came from direct citations to the trial court record.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 8

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Retzlaff, while living with his wife and young children, often kept pornographic magazines and videotapes out in the open and in areas where they were accessible to his children. He often masturbated in the living room while watching pornographic movies using a can of Crisco on his erect penis. Even when asked by his children to stop doing this, he refused and continued his actions. Collin Retzlaff saw his father videotaping himself having sex with a woman that Tom Retzlaff was having an affair with. On another occasion, Retzlaff videotaped himself forcibly sodomizing his ex-wife while his children were in their rooms just a few feet away. His wife was screaming during the encounter. The act was accomplished against her will. The children we're exposed to this videotape.

There was uncontested and objected to testimony at trial of Retzlaff's pedophilic tendencies. There was significant evidence supporting Retzlaff's unnatural interest in young children. Brittany Retzlaff testified that Retzlaff fondled her and had magazines that showed an unnatural interest in young children. The court papers never specifically say that the testimony was that these magazines were kiddie porn, but that is the reasonable conclusion to draw. Rather, the testimony was that the books and magazines located by the police depicted scenes of incest and sex with young girls. The unobjected testimony at that hearing was that Thomas Retzlaff indeed had pedophilic tendencies in the view of the doctor that evaluated him. Some of the titles of the books and magazines that Retzlaff left lying around his house that led to the conviction for displaying harmful matter to a minor were: Loving Daddy, High School Sluts, Hot and Naughty Daughter, Family Orgy, Raped Daughter, A Sister To Rape and Incest Poker. Retzlaff admitted at trial that these magazines were his.

During that trial, Retzlaff admitted that he was convicted of domestic violence on his then wife.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 9

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

At trial Retzlaff admitted that a version of the videotape depicting the forcible sodomy his wife that he had edited was left in an area where the children were able to access it. Other pornographic movies were left in that same location.

Retzlaff's ex-wife testified that he used to masturbate with Crisco to pictures of young girls and pornographic movies. Collin Retzlaff testified that he was to witness this on many occasions and Retzlaff's ex-wife testified that she found Collin simulating the same acts as his father at six years old. Brittany also testified that she saw her father pleasuring himself many times with Crisco. Brittany testified that Retzlaff would watch pornographic movies in front of her and refused to change the channel when she requested to watch something else.

Collin also testified that he watched his father touch Brittany's friend in inappropriate places. Retzlaff admitted that he kept pictures of girls aged 7-12 and that he was sexually interested in young girls and that he was sexually excited by them.

A certified misdemeanor conviction for exhibiting harmful materials to a minor was introduced in this proceeding, as well as a misdemeanor conviction for assault with bodily injury on Denise Retzlaff. He also called another ex-girlfriend against court orders. Retzlaff inability to stop violating the law to comport himself civilly is not new. There was testimony at the trial to terminate his parental rights that Retzlaff had violated his probation "hundreds of times" while in jail. Those allegations were the same as in this case – where Retzlaff was ordered to not have contact with protected party Denise Retzlaff, Tom Retzlaff called her home hundreds of times. Denise Retzlaff testified that Retzlaff was kicked out of college in Missouri because he stalked a woman name Barbara Santucci. Interestingly, one of the fake profiles we were able to trace back to Tom Retzlaff was named Molly Santucci. Molly Santucci is one alias that we have alleged that Mr. Retzlaff used in connection with the tortious acts in this case.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS MADE BY THOMAS RETZLAFF
Page 10

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

16. Exhibit Sixteen is the case of T.C.R. v. Bell County District Attorney's Office 305 S.W. 661 (2009) [expunction of his sexual assault and burglary cases]. Retzlaff admits that he was charged with committing a sexual assault in April 1996. That was the sexual assault on his wife detailed in exhibits thirteen and fourteen.

17. Exhibit seventeen is the case of Ex Parte Thomas Christopher Retzlaff 135 S.W. 45 (2004)[confirms that Retzlaff was convicted of carrying a concealed knife in a prohibited area and was sentenced to eight years in prison in March of 1998, when he claimed to the University of Texas San Antonio he was serving in Iraq and Afghanistan].

18. Exhibit eighteen are death threats directed at James McGibney. As discussed in Paragraph four, though there was no determination made as to the Twitter accounts alleged to have made threats in this case, Judge Manoukian did find that the death threats contained on the first page of the exhibit, discussing hanging McGibney's "half breed" children from a tree and going over them with blowtorches. We submit that the others are also Mr. Retzlaff. They frequently reference the Aryan Brotherhood and one was posted on a white supremacist website. Retzlaff had stated that he wanted to go to Mr. McGibney's door and kill him. Retzlaff posted Mr. McGibney's address. The threats in these documents are consistent with those made at other times by Mr. Retzlaff.

19. Exhibit nineteen are emails from Thomas Retzlaff to his daughter Brittany Retzlaff. Most of these emails were sent after May 12, 2014 when a temporary restraining order was entered protecting Mr. McGibney and Brittany. The emails contain multiple death threats and other highly disturbing statements.

20. Exhibit twenty is the case In the Matter of the Expunction of Thomas Christopher Retzlaff, 345 S.W. 777 (2011) [states that he was charged with six counts of harassment in 2008]. In that case we learn that:

DECLARATION OF JAY LEIDERMAN TO INTRODUCE IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS MADE BY THOMAS RETZLAFF
Page 11

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

"Appellant was arrested in San Antonio for six counts of misdemeanor harassment between August and December 2008. Criminal charges were filed in Neuces County Court at Law Number Four. The charges were dismissed by a court order filed on January 28, 2010, because the complaining witness could not be located."

21. Exhibit twenty-one is comprised of letters from Mr. Retzlaff's doctor and motion to continue in the recent San Jose restraining order case mentioned above.  Mr. Retzlaff, who is unemployed, told his doctor that he was employed in a job that caused him to travel frequently.  He asked for a note that he could not travel until October 14th, or three months from his hernia surgery.  I spoke to the staff and confirmed that he lied about his occupation to procure the note. I spoke to the doctor and he confirmed that Mr. Retzlaff could travel from Phoenix to San Jose for our restraining order hearing.  He declared under penalty of perjury that he could not do so.  Retzlaff has been dishonest with a court as recently as July 29, 2014.

22. Exhibit twenty-two is a true and accurate copy of the restraining order issued in San Jose Superior Court protecting James McGibney, his family, Brittany Retzlaff and Jay Leiderman from Thomas Retzlaff.

23. Exhibit twenty-three consists of examples of Retzlaff's oft-repeated phrase "not to put too fine a point on it."  Retzlaff claimed in his papers that he is not involved in the BV Files blog, and has denied posting under the admin handle "BV Files" and a multiplicity of "sock" handles (where he comments on his own comments under a different name to make it look like a conversation between different people is taking place).  These printouts were printed on August 14th 2014 by me.  These are screen shots from the current incarnation of the BV Files blog.  I have included the article title to show the context of the comment.

DECLARATION OF JAY LEIDERMAN TO INTRODUCE
IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS
MADE BY THOMAS RETZLAFF
Page 12

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

24. Exhibit twenty-four ties Mr. Retzlaff to white supremacy groups. Retzlaff has posted death threats wherein he asks the Aryan Brotherhood prison gang to go to Mr. McGibney's house and kill his family. He claims to be in the Aryan Brotherhood from his days in prison. He uses the handles "Klansman" and "Your Aryan Brother." These posts further tie him to the blog and other postings made on white supremacist websites soliciting the death of Mr. McGibney.

25. Exhibit twenty-five we have requested to file under seal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 14, 2014, at Ventura, California.

By:_____/s/ Jay Leiderman_____

JASON S. LEIDERMAN

Counsel for Plaintiffs

ViaView, Inc.

James McGibney

DECLARATION OF JAY LEIDERMAN TO INTRODUCE IMPEACHMENT EVIDENCE RELEVANT TO CLAIMS MADE BY THOMAS RETZLAFF
Page 13

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280