IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
    Plaintiffs,

v.                                      **CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;
LANE LIPTON, an individual;
and DOES 1-5, individuals whose true
names are not known,
    Defendants.

### DEFENDANT RETZLAFF'S MEMORANDUM IN SUPPORT OF
### MOTION TO EXTEND TIME TO FILE ANTI-SLAPP MOTION

Defendant Retzlaff asks the court to extend the time to file his anti-SLAPP special motion to strike, as authorized by Federal Rule of Civil Procedure 6(b) and California Code of Civil Procedure 425.16(f).

#### A. INTRODUCTION

1. Plaintiffs are James McGibney and ViaView, Inc.; defendants are Thomas Retzlaff, Neal Rauhauser, Lane Lipton, and Does 1-5.

2. Plaintiffs sued defendants for (1) Tortious Interference with Contractual Relations; (2) Tortious Interference with Prospective Economic Advantage; (3) Intentional Infliction of

1

Emotional Distress; (4) Defamation; (5) Public Disclosure / Invasion Of Privacy in the Northern District of California, San Jose Division.

3. California Code of Civil Procedure 425.16(f) states that the anti-SLAPP motion must be filed within 60 days after service of the complaint, which was served on July 14, 2014.

4. Defendant Retzlaff was required to file his anti-SLAPP motion on September 12, 2014.

5. Defendant filed this motion to extend time as soon as he became aware of the need for additional time, which was after the deadline.

### B. ARGUMENT

7. Before getting started here, defendant Retzlaff, who is appearing *pro se*, would like to remind the court that Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996); *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se

petition cannot be held to same standard as pleadings drafted by attorneys); *Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999).

8. The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); *Poling v. K.Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

9. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195-196 (3rd Cir. 2000). In determining whether there is excusable neglect, a court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); see *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).

10. Under California law, the anti-SLAPP motion must be filed within 60 days after service of the complaint. CCP §425.16(f). The complaint was served on July 14, 2014; therefore 60 days expired on Friday, September 12, 2014. Defendant filed this motion to extend on Sunday, September 14, 2014, just two days after the deadline elapsed.

11. If the 60-day deadline has expired, the defendant should obtain leave of court to file an anti-SLAPP motion. See CCP §425.16(f); *Kunysz v. Sandler* (4th Dist.2007) 146 Cal.App.4th 1540, 1542-43; see, e.g., *Platypus Wear, Inc. v. Goldberg* (4th Dist.2008) 166 Cal.App.4th 772, 777 (D filed ex parte application asking permission to file anti-SLAPP motion after 60-day deadline had expired). The defendant should give reasons for the delay in bringing the motion and explain how allowing the late filing would serve the purpose of the anti-SLAPP statute. See, e.g., *Platypus Wear*, 166 Cal.App.4th at 787 (order granting application to file anti-SLAPP motion reversed; delay in bringing motion was extreme, D's reasons for delay were weak, reasons for granting motion were unrelated to purpose of anti-SLAPP statute, and potential prejudice to P was great). If the defendant does not obtain leave to file an untimely motion, the motion will be denied unless the court exercises its discretion to consider it. *Chitsazzadeh v. Kramer & Kaslow* (2d Dist.2011) 199 Cal.App.4th 676, 684.

12. The Court should grant Retzlaff's request for an extension of time to file his anti-SLAPP motion to September 19, 2014, for the following reasons:

   a) Plaintiffs will not be prejudiced by the extension of time. There are as present no trial settings in the foreseeable future. One of the co-defendants has already filed an anti-SLAPP motion prior to this defendant, which is set to be heard on September 18, 2014. When this defendant's motion gets set for a hearing, the hearing isn't going to be for several months anyways, and the granting of this motion in no way effects the time plaintiffs have to make and file their response.

   b) The seven day delay in filing Retzlaff's anti-SLAPP motion has not been unreasonable. Defendant filed this motion to extend time as soon as he became aware of the need for additional time and that the filing deadline had passed. As this court knows, defendant is proceeding *pro se* in this lawsuit. Defendant has just recently filed several replies to responses filed by plaintiffs in this case. Defendant is also appearing pro se in a separate lawsuit that was filed against him by these very same plaintiffs in Santa Clara County (CA) Superior Court, case no. 1-14-CH-005460, styled *ViaView,*

4

*Inc. v. Thomas Retzlaff*.  Defendant recently filed his motion for new trial in that case just a short time ago.  It was around 30 pages long with about 110 pages of exhibits.  As the court may or may not be aware, on September 8, 2014, the city of Phoenix, AZ (where defendant was at) experienced an unprecedented rain storm and severe flooding throughout the community of 4 ½ million people.  During this event defendant's location experienced several power surges and power outages which resulted in the damage and data corruption of the storage device defendant was using that contained his anti-SLAPP motion.  Defendant has spent the past week trying to reconstruct his motion from memory, said motion having been worked on over the past 45 days or so.  Defendant has only just now completed that process.

c) The potential impact of the delay on the judicial proceedings is not significant.  In fact, it will cause no delay at all in defendant's estimation.  This case isn't anywhere close to being set for trial yet.  Defendant Retzlaff was only just served less than two months ago.  Retzlaff has already filed several motions to dismiss on various grounds that are set to be heard on November 20, 2014.  Co-defendant Lipton just filed her anti-SLAPP motion, which is set to be heard this Thursday, September 18, 2014, along with her motion to dismiss for lack of jurisdiction.  Should Lipton's anti-SLAPP motion be denied, it is extremely likely that she will file an appeal to the 9th Circuit Court of Appeals.  (Oh, and FYI: Plaintiffs have not even bothered to serve ANY of the other defendants in this case.)  Thus, this case is going nowhere fast all due to the efforts (or lack thereof) of the plaintiffs and their Ventura, CA based attorney Jason (Jay) Leiderman.  Allowing this defendant a seven day or so extension of time to file his own anti-SLAPP motion isn't going to hurt anything or anybody.  In fact, it will likely help as it will give this court yet one more reason to dismiss this totally bogus and complete frivolous SLAPP lawsuit before even more of our time and money is wasted.

d) The reason for delay was beyond defendant Retzlaff's control.  As stated above, Phoenix, AZ experienced what for all intents and purposes was a 1000 year storm and flood event that closed down all the major roads and highways and caused wide spread power disruption.  This event was a clear Act of God which no one could foresee or prevent.

e) Retzlaff has acted in good faith.  Specifically, today is Sunday.  It is two days after the deadline has elapsed.  Defendant has quickly filed this motion once the need for additional time became apparent. Defendant's data storage device contained about two months' worth of work on his anti-SLAPP motion that he has been trying to reconstruct from memory.

## C. CONCLUSION

13. Defendant has shown good cause to allow this court to grant him a very brief extension of time so that he might also file his own anti-SLAPP motion just like co-

defendant Lipton did.  For these reasons, Retzlaff asks the Court to extend the time to file the anti-SLAPP motion to September 22, 2014, which would give this Court time to rule on this motion.

Respectfully submitted,

/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424

Defendant, pro se

## DECLARATION OF THOMAS RETZLAFF IN SUPPORT OF HIS MOTION TO EXTEND TIME

I, Thomas Retzlaff, declare as follows:

1. I am the defendant in this case.  I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently thereto.

2. This Declaration is submitted in support of my motion to extend time to file my anti-SLAPP motion.

3. I filed this motion to extend time as soon as he became aware of the need for additional time and that the filing deadline had passed.  As this court knows, I am representing myself in this lawsuit.  I have just recently filed several replies to responses filed by plaintiffs in this case.  I am also appearing pro se in a separate lawsuit that was filed against me by these very same plaintiffs in Santa Clara County (CA) Superior Court, case no. 1-14-CH-005460, styled *ViaView, Inc. v. Thomas Retzlaff*.  I recently filed his motion for new trial in that case just a short time ago.  It was around 30 pages long with about 110 pages of exhibits.  As the court may or may not be aware, on September 8, 2014, the city of Phoenix, AZ (where defendant was at) experienced an unprecedented rain storm and severe flooding throughout the community of 4 ½ million people.  During this event my location experienced several power surges and power outages which resulted in the damage and data corruption of the storage device I was using that contained my anti-SLAPP motion.  I have been spending the past week trying to reconstruct my motion from memory.  I have been working on this motion, on and off, for the past 45 days or so.  Defendant has only just now completed that reconstruction process.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


    EXECUTED this September 14, 2014.



                                        /s/  Thomas Retzlaff
                                        Thomas Retzlaff

## **CERTIFICATE OF SERVICE**

I certify that on September 14, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify that on September 14, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se