IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
      Plaintiffs,

v.
                                           **CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;        **Hearing Date**:  January 22, 2015
LANE LIPTON, an individual;              **Hearing Time**: 9:00 am
and DOES 1-5, individuals whose true   **Courtroom**:     3
names are not known,
      Defendants.

## DEFENDANT THOMAS RETZLAFF'S REPLY IN SUPPORT OF HIS ANTI-SLAPP MOTION TO STRIKE

    Defendant Thomas Retzlaff submits the following reply in support of his anti-SLAPP

Special Motion to Strike Plaintiff's Complaint.

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………….2

TABLE OF AUTHORITIES………………………………...……………………4

**I.  STANDARD OF REVIEW**………………………………………………………..5

**II.  PLAINTIFFS HAVE NOT ESTABLISHED A PROBABILITY OF**
**PREVAILING ON EACH OF THEIR CAUSES OF ACTION**…..………...……..6

    A.  OPPOSING COUNSEL HAS MISREPRESENTED THE STATUS
OF THE STATE COURT CASE……………………………...…………………6

    B.  CALLING JAMES MCGIBNEY A PEDOPHILE IS PROTECTED
SPEECH………………………………………………………...………..………9

    C.      SAYING JAMES MCGIBNEY HAS FAKE EDUCATIONAL
AND PROFESSIONAL CREDENTIALS IS PROTECTED SPEECH………………10

    D.      SAYING CHEATERVILLE IS REVENGE PORN IS
PROTECTED SPEECH…………………………………………………………....12

    E.      PLAINTIFFS HAVE NOT PROVEN THAT ANY CONTRACTS
EXISTED WITH ANY ADVERTISERS OR THAT THEY WERE AFFECTED
BY ANYTHING THIS DEFNEDANT DID……………………….………………13

**III.  OBJECTIONS TO PLAINTIFFS' EVIDENCE**…………….…….…………14

    A.      OBJECTION AS TO THE FORM OF SUBMISSION OF
PLAINTIFFS' EXHIBITS……………………………………….………………14

    B.      OBJECTION TO DECLARATION OF BRITTANY RETZLAFF….….15

    C.      OBJECTION TO DECLARATIONS OF DENISE HOLLAS &
COLLIN RETZLAFF……………………………………………...…………….16

D.      OBJECTION TO DECLARATION OF JAMES MCGIBNEY…....…….16

E.      OBJECTION TO DECLARATION OF ADAM STEINBAUGH…..…...17

**VI. CONCLUSION**……………..…………………………..………………..17

CERTIFICATE OF SERVICE…………………………………....………………...19

# TABLE OF AUTHORITIES

## Cases

*Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) .................... 5

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ......................... 5

*Elf Man v. Cariveau*, Case 2:13-cv-00507-RSL .................................................................. 15

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ...................... 5

*Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) ............................ 5

*Hustler Magazine v. Falwell.* 485 U.S. 46, 57 (1988) ........................................................ 9

*K-Beech, Inc. v. John Does 1-37,* Case 2:11-cv-03995-DRH-GRB ................................. 15

*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601 ............................. 15

*Luben Indus. v. U.S.*, 707 F.2d 1037, 40 (9th Cir.'83) ....................................................... 8

*McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996) ............................. 5

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) ....................................................... 5

*People v. Flores* (1995) 37 Cal.App.4th 1566 ................................................................... 15

*Poling v. K.Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000) ................ 5

*S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992) ..................................................... 5

*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 333–334, 85 Cal.Rptr.2d 86 .......... 7

*Snyder v. Phelps*, 131 S.Ct. 1207 (2011) ........................................................................... 9

*Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999) ......................................................... 5

*United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992) ...................................................... 5

*United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) ............................................... 5

*Vella v. Hudgins* (1977) 20 Cal.3d 251, 257-58 ................................................................ 9

## Statutes

§ 527.8, subd. (f) ................................................................................................................. 7

§ 527.8, subds.(a), (e) .......................................................................................................... 7

California Code of Civil Procedure § 527.8 ......................................................................... 7

Title 28 U.S. Code § 1746 ................................................................................................. 16

## Rules

Local Rule 7-5(b) ............................................................................................................... 16

## Treatises

Restatement(2d) of Judgments S 13 cmt. g (1982) ............................................................. 9

## I. STANDARD OF REVIEW

1.   Before getting started here, defendant Retzlaff, who is appearing *pro se*, would like to remind the court that Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers.  If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972);  *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996); *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); *Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999).

2.   The courts provide pro se parties wide latitude when construing their pleadings and papers.  When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.  *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).  See also, *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); *Poling v. K.Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

3.   Because McGibney is a Public Figure, the *NY Times v. Sullivan* standard for defamation applies.  *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).  The absolute fact that James McGibney / ViaView are Public Figures involved in Public

Controversies is further established by the fact that plaintiffs have hired two Hollywood PR firms to represent them. See Exhibit at ECF 59-15. Normal people do not hire public relations firms to represent them; public figures do.

4.    Why are plaintiffs and opposing counsel being so ridiculous in their court filings? Because Leiderman took out a $250,000 home equity loan on March 11, 2014, just days after filing this lawsuit, in order to fund McGibney's cross-country litigation spree in Texas and in California. See Exhibit 1. Because that scheme has clearly back fired (with plaintiffs facing $1 million in anti-SLAPP sanctions in Texas) Leiderman is looking at the very real prospect of losing his home. Thus, his clearly desperate and shrill sounding court filings here.

## II.  PLAINTIFFS HAVE NOT ESTABLISHED A PROBABILITY OF PREVAILING ON EACH OF THEIR CAUSES OF ACTION

### A. OPPOSING COUNSEL HAS MISREPRESENTED THE STATUS OF THE STATE COURT CASE.

4.    Defendant wishes to complain to the court that plaintiffs' counsel is blatantly misstating the facts and the procedural posture with regards to the state court case he makes reference to in his response in Section IV.A on page 15 (ECF 69, page 20 of 31). The state court case, which has nothing to do with this lawsuit here, involves a different forum and different legal and factual issues.

5.    As this court well knows, the first element to issue preclusion is that there must have been a prior litigation in which the **identical issue** was brought before the court. One of the last elements is that there must be a **valid final judgment**. That has simply not happened here.

6.    Plaintiffs are correct in saying that on July 29, 2014, in Santa Clara County there was a trial on plaintiffs' application for a restraining order for workplace violence in which an order was granted them.  However, an application for workplace violence restraining order is a matter bought under California Code of Civil Procedure § 527.8, which is a completely different cause of action then for what plaintiffs are suing for here in this court.

7.    To obtain injunctive relief under section 527.8 an employer must prove its employee has suffered unlawful violence or a credible threat of violence from an individual that can reasonably be construed to have occurred in the workplace.  (§ 527.8, subds.(a), (e).)  In addition, the employer must demonstrate by clear and convincing evidence that it is reasonably likely such unlawful violence may occur in the future absent a restraining order.  (§ 527.8, subd. (f); *Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 333–334, 85 Cal.Rptr.2d 86  ("[T]o obtain a permanent injunction under section 527.8, subdivision (f), a plaintiff must establish by clear and convincing evidence not only that a defendant engaged in unlawful violence or made credible threats of violence, but also that great or irreparable harm would result to an employee if a prohibitory injunction were not issued due to the reasonable probability unlawful violence will occur in the future."]; id. p. 335, fn. 9 "[T]he requirement of establishing the reasonable probability wrongful acts, or simply unlawful violence, will occur in the future guarantees that injunctive relief will be issued to prevent future harm instead of punishing past completed acts.").

8.    In the case at hand here, plaintiffs are merely suing for civil damages as a result of allegations of (1) Tortious Interference with Contractual Relations; (2)

Tortious Interference with Prospective Economic Advantage; (3) Intentional

Infliction of Emotional Distress; (4) Defamation; (5) Public Disclosure / Invasion Of

Privacy in the Northern District of California, San Jose Division.

9.    Whether a state court can exercise valid jurisdiction over a nonresident

defendant involved in a TRO for Workplace Violence case is a completely separate

legal issue as to whether or not a federal court can exercise valid jurisdiction over a

nonresident defendant accused of committing several civil torts in a wholly unrelated

case.

10.   Thus, plaintiffs' have failed to meet the first element of issue preclusion,

which requires that the causes of action be identical.

11.   Secondly, the judgment from the Santa Clara county court is not a **valid final**

**judgment**.  Attached as Exhibit 2 is a file marked copy of the first page of

defendant's motion for new trial, which was filed in that case on August 25, 2014.

Defendant also attaches a file marked copy of his Notice of Appeal that was filed on

October 9, 2014.  Exhibit 3.  The case is presently on appeal with the 6th Appellate

District Court of California, Case Number H041521.

12.   Only a final judgment that is 'sufficiently firm' can be issue preclusive.' *Luben*

*Indus. v. U.S.*, 707 F.2d 1037, 40 (9th Cir.'83).  To ascertain the 'firmness' of a

judgment, courts look to various factors, including whether the decision was tentative,

whether the parties were fully heard, whether the court supported its decision with a

reasoned opinion, and whether the decision was subject to appeal or was actually

reviewed on appeal.  *Luben*, at 1040 (quoting Restatement(2d) of Judgments S 13

cmt. g (1982)).  The party asserting collateral estoppel has the burden to show from the record of the prior action that the asserted issue was previously litigated and determined. (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 257-58.)  Plaintiffs have not done so here.  All they have shown is that they obtained a restraining order, which is not even enforceable because it is not final.  It is also unenforceable due to the mandatory anti-SLAPP Stay of Proceedings while the matter is under appeal.

### B.  CALLING JAMES MCGIBNEY A PEDOPHILE IS PROTECTED SPEECH.

13.  First off, defendant wants to remind the court that he has consistently denied that he has ever called James McGibney a pedophile.  See Declaration of Retzlaff at ¶18 (ECF 59, page 33 of 38).  However, even had he done so, such a comment would be protected speech under the US Supreme Court's decision in *Snyder v. Phelps*, 131 S.Ct. 1207 (2011) and *Hustler Magazine v. Falwell.* 485 U.S. 46, 57 (1988).  If one can say that Rev. Jerry Falwell likes to have sex with his mother in an outhouse, or that *God Hates Fag* and that *Priests Rape Boy* at a military funeral, then one can say *James McGibney is a Pedophile* because James McGibney is a Public Figure involved in a Public Controversy.

14.  With regards to McGibney's claims of defamation regarding accusations of being a pedophile, McGibney himself has admitted in the most public way possible – via Twitter – that he has seen, possessed, and distributed child pornography.  See Exhibit 4 – McGibney's Oct 25, 2013, Twitter post.

15.  That Twitter post by McGibney is likely what elicited the response by the Twitter account *Miss Anon News* on January 27, 2014, that is at issue here.  See Exhibit 5 – Miss Anon News' Jan. 27, 2014, tweet.

16.  Thus, a very arguable and reasonable claim could be made that James McGibney is, in fact, a pedophile.  McGibney admits that he has seen photos of naked girls who are clearly under aged and he has shared that website's URL or address with his friends.  Is McGibney is a law enforcement officer.  No, he is not!  Thus, he has no business looking at naked pictures of children online and he has even less business in sharing naked pictures of children with his "hard hittin crew" (i.e. friends of his).  In any event, this is clearly figurative and hyperbolic language not to be taken as the literal truth.  No one goes on Twitter expecting to hear the Truth from random, anonymous twitter users.

17.  **So is a man who has admitted to possessing and distributing child pornography a fitting role model and leader of the anti-bullying movement?**

## C.  SAYING JAMES MCGIBNEY HAS FAKE EDUCATIONAL AND PROFESSIONAL CREDENTIALS IS PROTECTED SPEECH

19.  McGibney has been accused of having fake educational and military / professional credentials.  Because of these lies by McGibney, he is not a fitting leader of this anti-bullying movement, or so the public argument goes.

20.  Over the past 3 or so years, in television and print media interviews too numerous to list, McGibney has been loudly and proudly claiming that "*The Secretary of the Navy awarded* [him] *a Navy Achievement Medal for outstanding*

*computer security support of 128 embassies throughout the world.*"  See, for example, McGibney's *Bloomberg Business Week* biography attached as Exhibit 6.  Yet here are the actual military records of McGibney and his medal citation which clearly show his claims to be false.  See Exhibits 7 & 8.  McGibney was actually an Admin Clerk (a secretary / typist) in the Marines over 20 years ago.  Attached as Exhibit 9 is the military job description for Admin Clerks.  Thus, the records establish that McGibney had nothing to do with cyber-security or computers whatsoever.  **MCGIBNEY EVEN LIED ABOUT THIS MEDAL CLAIM TO THE COURT IN PARAGRAPH 19 OF HIS AMENDED COMPLAINT!!!!**

21.  **So is a man who has lied about his military credentials a fitting role model and leader of the anti-bullying movement?**

22.  McGibney has also claimed in public to having an Executive Education from Harvard Business School.  McGibney also lists Chadwick University as an educational institution that he has attended and received a 4-year degree from.  See Exhibits 10 & 11.

23.  However, it turns out that McGibney's Harvard Business School Executive Education was really only him attending one public 3-day seminar (Exhibit 12), and his Chadwick "degree' was one that he purchased from a well-known diploma mill that was shut down years ago by the government.
http://en.wikipedia.org/wiki/Lloyd_Clayton,_Jr.#Chadwick_University

24.  **So is a man who has lied about his educational credentials a fitting role model and leader of the anti-bullying movement?**

25.  To be honest, people who inflate their resumes and their military service are a dime a dozen, and who cares.  But here McGibney is a Public Figure who has put himself into the public spotlight and who claims a *Holier Than Thou* attitude who tries to boss people around on Twitter and the other social media websites.

### D.  SAYING CHEATERVILLE IS REVENGE PORN IS PROTECTED SPEECH

26.  Whether you want to call it revenge porn, slut-shaming, extortion, or good old fashioned blackmail, James McGibney and his ViaView company are clearly in the business of separating little girls from their money via what has been commonly called "crowd sourced blackmail."  See Defendant's Exhibits at ECF 59-6 and  ECF 59-9.  Plaintiffs wish to claim that the label of "revenge porn" is somehow defamatory.  Notwithstanding the fact that defendant has denied ever making this statement to any of plaintiffs' advertisers, defendant would point out that plaintiffs' attorney is wrong when he claims that "revenge porn is a specific illegal act."  See P's Response at ¶1 of page 21 (ECF 69, page 26).  The specific section of the California Penal Code that opposing counsel cites (Penal Code § 647(j)(4)) is the Disorderly Conduct statute.  Nowhere in it is the term "revenge porn" mentioned.

27.  "Revenge porn" is a media-coined term with no specific legal definition. Claims plaintiffs point to about Cheaterville being revenge porn use figurative and hyperbolic language and cannot be proved true or false.  As the US Supreme Court has repeatedly held in the 50 years since *Sullivan*:  only provably false statements of fact can be defamatory.  Hyperbole and mere rhetoric, or statements of opinion that

can't be interpreted as implying provably false facts, cannot.  Thus, there is no

objective way in which someone can be defamed by this claim.

28.  In any event, regardless of all that the fact still remains:  If you are a person

posted on Cheaterville and you want the post removed, you have to pay money.

29.  **So is a man who runs such a website a fitting role model and leader of the**

**anti-bullying movement?**

**E.  PLAINTIFFS HAVE NOT PROVEN THAT ANY CONTRACTS**
**EXISTED WITH ANY ADVERTISERS OR THAT THEY WERE AFFECTED**
**BY ANYTHING THIS DEFNEDANT DID**

30.  One of the elements of plaintiffs' claims of interference with advertising

contracts and/or prospective economic relations is whether or not this defendant

actually disrupted anything and whether or not there were any actual contacts

between plaintiffs and advertisers to begin with.  See sections iii and iv of P's

Response, pages 22 and 23 (ECF 69, page 27-28).

31.  In the case at hand, has plaintiff offered any copies of his advertising or

celebrity endorsement contacts?  No, they have not.

32.  In the case at hand, have plaintiffs offered any copies of any letters or emails

from said advertisers or celebrities showing why it is that they supposedly quit

working with plaintiffs?  No, they have not.

33.  While plaintiffs might have sufficiently pled the elements for these causes of

action, they have not offered any proof of these causes of action.  Proof is required

under the anti-SLAPP statute.  Somehow plaintiffs were able to locate and offer into

evidence with this court 40 naked pictures of defendant's daughter.  But they just cannot be bothered to offer into evidence any proof that there were contracts and that they were interfered with by something that this defendant did.

34.  Did people contact plaintiffs' advertisers?  Quite possibly.  When you see the *Alzheimer's Association* or *American Red Cross* or *Smokey the Bear* Ad Council ads on a slut-shaming, extortion site it doesn't take a genius to know it doesn't belong there.  Emailing them and asking them to look at the website where their ad appears is a public service.  But we have no way of knowing this because plaintiffs have provided no evidence that this defendant ever said anything untrue about plaintiffs to any advertisers.  There is no evidence that defendant even spoke to any advertisers, let alone what he might or might not have said to them.  Plaintiffs' twitter feed is plenty reason enough for an advertiser or celebrity sponsor to want to run away!!!

### III. OBJECTIONS TO PLAINTIFFS' EVIDENCE

### A.  OBJECTION AS TO THE FORM OF SUBMISSION OF PLAINTIFFS' EXHIBITS

35.    As stated in defendant's previously filed Motion to Strike at ECF 72, defendant objects to the huge mass of 1,800 pages of documents all dumped together in just eight exhibits with no rhyme or reason.  Under the Rules of Evidence, an "exhibit" consists of one single, individual item – not thousands of pages of hundreds of dissimilar items all lumped together in a steaming pile of nonsense, as **each individual item requires an independent analysis** in order to determine whether or not it is authentic, relevant, material, and admissible.  Each single tweet.  Each single email. Each single IP address.  Each single internet website comment.  Each single chart or

map.  Each single screen shot of a website.  All are considered separate, individual items under the Rules of Evidence.  Plaintiffs' 1,800 pages of just eight total exhibits make the task of determining admissibility impossible.

36.    Defendant further objects to lack of authentication, hearsay, and relevancy.  IP addresses, assuming that they can be authenticated, are evidence of nothing.  See, e.g., *K-Beech, Inc. v. John Does 1-37,* Case 2:11-cv-03995-DRH-GRB, Order of Dismissal at ECF 39; *Elf Man v. Cariveau*, Case 2:13-cv-00507-RSL, Order of Dismissal at ECF 78.

### B. OBJECTION TO DECLARATION OF BRITTANY RETZLAFF

37.    Defendant objects to this declaration has being FAKE (as evidenced by defendants Notice to the Court filed on October 23, 2014, at ECF 79).

38.    It is also contains inadmissible hearsay, is not relevant, and was not signed in compliance with California law and, thus, it cannot be considered.  Specifically, defendant objects to the declaration on the ground that it does not comply with Code of Civil Procedure section 2015.5, which requires that a declaration executed outside of California state that it is so certified or declared under the laws of the State of California.  While under some circumstances failure to comply with section 2015.5 has been found to be a harmless, technical error (see, e.g., *People v. Flores* (1995) 37 Cal.App.4th 1566, 1572-1573), this is not a case where this court has any discretion because the California Supreme Court has held that **out of state declarations that do not comply with section 2015.5 are not deemed sufficiently reliable for purposes of**

15

**that statute, unless they follow its literal terms**. *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 611.

39.     This unsworn declaration does not even comply with the more liberal requirements found in Title 28 U.S. Code § 1746.

40.     One would think that a California attorney Board Certified in Criminal Law would know this.  But in any event, the declaration of Brittany Retzlaff is inadmissible; thus, any exhibits that rely upon this declaration (such as Plaintiff's Exhibit One at ECF 69-2) are also inadmissible and out.

### C.  OBJECTION TO DECLARATIONS OF DENISE HOLLAS & COLLIN RETZLAFF

41.     Notwithstanding the fact that both Denise and Collin have clearly and unequivocally recanted these statements (see ECF 64), defendant also objects to the declarations being offered by plaintiffs as they also do not comply with Code of Civil Procedure section 2015.5 and/or Title 28 U.S. Code § 1746.

### D.  OBJECTION TO DECLARATION OF JAMES MCGIBNEY

42.     Defendant objects due to lack foundation or personal knowledge, and is argumentative, speculative, impermissible opinion, hearsay, and/or conclusory statements.  Such declarations are to be disregarded under the Rules of Evidence.  See also Local Rule 7-5(b).

43.     Defendant further objects to McGibney's attempt at qualifying himself as an expert, or in offering expert testimony, with regards to his supposed e-Detective skills

in tracking and identifying IP addresses and other such technical stuff.  This is the same type of inadmissible, ridiculous nonsense that plaintiffs tried to use against co-defendant Lane Lipton during the September 18th hearing that caused so much laughter.

### E.  OBJECTION TO DECLARATION OF ADAM STEINBAUGH

44.    Defendant has no clue as to who this person is, only than he is yet another one of McGibney's e-Detective buddies who helps him run his revenge porn / blackmail business.  Steinbaugh is a person who graduated law school about 2 ½ years ago, but who simply cannot pass the California State Bar's Character & Fitness portion due to allegations of substance abuse, criminal history and/or mental health issues.  He lives in a downtown loft at 548 S. Spring St., Apt. PH11, Los Angeles, CA 90013 and he supposedly works with McGibney's Twitter side-kicks CattyIdiot (@CattyIdiot, among other aliases) and Cpt. Obvious (@Captian_0, among other aliases).  He is also involved with a person in Florida named Kirsten Claire Olson-Curry (who lives at 9389 Los Alisos Way, Ft. Meyers, FL 33908) who works for the Social Security Administration and who supposedly provides McGibney with access to confidential information about McGibney's enemies (such as this defendant).  She is currently under investigation by the Inspector General's Office.  He is also involved with a person in Texas named Carolyn Joy Dean-Pillutla (who lives at 1616 Clear Springs Dr., Allen, TX 75002).  Defendant has never had any contact with these crazy people and only heard about them because of their working relationship with plaintiffs and their blackmail / revenge porn business.  Defendant objects to this declaration as it is unsigned and is irrelevant, as well.

## VI. CONCLUSION

45.    So is James McGibney, a Public Figure who claims to be the leader of the anti-bullying movement and who is involved in numerous Public Controversies, a good leader or role model?  Or is he in fact a hypocrite for running a revenge website that charges little girls $499 to remove photos and defamatory claims about them?  And should a guy with such obviously fake military and educational credentials be in a position of swaying public opinion?  Should people listen to him or take what he says as truth?  These are all matters of public concern about a public figure involved in a public controversy.

46.    Based on the foregoing law and argument, the Court should grant Retzlaff's Anti-SLAPP Motion to Strike and award him appropriate sanctions.

Respectfully submitted,


/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424

Defendant, pro se

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on October 24, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

     I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

     I certify that on October 24, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

     Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

     I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se