IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
    Plaintiffs,

v.                                              **CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;
LANE LIPTON, an individual;
and DOES 1-5, individuals whose true
names are not known,
    Defendants.

### DEFENDANT RETZLAFF'S OBJECTION TO PLAINTIFFS' VOLUNTARY DISMISSAL OF DEFENDANT RAUHAUSER WITHOUT PREJUDICE AND REQUEST FOR STAY PENDING PAYMENT OF FEES & COSTS

    Defendant Retzlaff objects to the plaintiffs' voluntary dismissal of defendant Rauhauser as being 'without prejudice' as this violates the Two-Dismissal Rule. Defendant further requests that this Court stay this case until payment of all fees and costs by plaintiffs, as explicitly provided by Fed. R. Civ. P. 41(d).

1

## I. INTRODUCTION

1. As stated previously, this case arises from an attempt by plaintiff ViaView and its employee / CEO James McGibney to silence free speech and online criticism of plaintiff's company (which is a **revenge porn** website). Both Viaview and James McGibney are Public Figures within the meaning of the anti-SLAPP statute having inserted themselves into numerous public controversies over the past several years and having made numerous media appearances regarding the subject of bullying and infidelity. McGibney even has had a Hollywood PR firm on his payroll for the last four years. As such, they are the fair subject of criticism, even intense criticism.

2. There are three lawsuits currently pending in three different forums involving similar claims against the same defendant (and groups of defendants): (1) *McGibney v. Retzlaff, et al.*, No. 067-270669-14, Tarrant County District Court in Ft. Worth, Texas, filed February 19, 2014, (currently on appeal); (2) *McGibney v. Retzlaff, et al.*, No. 14-cv-01059-BLF, U.S. District Court for the Northern District of California, filed March 6, 2014; and (3) *Via View v. Retzlaff*, No. 1-14-CH-005460, Santa Clara County Superior Court, California, filed March 17, 2014.

3. Of specific note, defendant would draw the court's attention to the fact that plaintiffs are facing $1 million in anti-SLAPP sanctions in Texas for violation of the Texas Citizens Participation Act.

## II. ARGUMENT

4.   On February 19, 2014, plaintiffs filed a lawsuit in Tarrant County, (Ft. Worth), Texas, against all of the same defendants in the instant case here that are before this court.  See attached Exhibit 1.  Of particular note is that, while the Texas lawsuit was filed by a different lawyer (John S. Morgan of Beaumont, TX), plaintiffs' counsel in the federal case, Jason Leiderman, is listed as being "Of Counsel" in the Texas case on the complaint.  Additionally, Leiderman himself has stated to this court that he has been in communication with the lawyers in Texas regarding this case.  Leiderman has also represented to this Court that he is the attorney of record (or "general counsel") for plaintiff ViaView, Inc. in all matters in all courts across this nation.

5.   On March 20, 2014, at 11:57 am Central Time Rauhauser filed with the Texas trial court his anti-SLAPP motion to dismiss under the Texas Citizens Participation Act (a law similar to California's anti-SLAPP statute).  See attached Exhibit 2 (w/o exhibits).

6.   On March 20, 2014, at 4:12 pm CT plaintiffs' filed with the Texas trial court their motion to dismiss without prejudice.  Attached as an exhibit to their motion plaintiffs attached a full copy of the amended complaint filed in the instant case here as justification for wanting to dismiss their Texas lawsuit.  Exhibit 3.

7.   The Court needs to keep in mind that all of the court filings in that Texas lawsuit were accomplished by an electronic filing system identical to the PACER / ECF system that this court here uses; thus, when a party files a pleading it is instantly transmitted and served upon ALL parties of record at that very moment.  See Tarrant

County District Clerk E-Filing Frequently Asked Questions at

http://www.tarrantcounty.com/edistrictclerk/lib/edistrictclerk/Efiling_Frequently_Asked_Questions.pdf

8. On March 24, 2014, the judge of the 67th District Court of Tarrant County, Texas, signed an order dismissing plaintiffs' lawsuit against all defendants without prejudice. See Exhibit 4.

9. Defendant asks the Court to take Judicial Notice of these Texas court records.

10. On November 2, 2014, plaintiffs once again decided to dismiss their lawsuit against defendant Rauhauser for the second time. Exhibit 5; see ECF 83. In that notice plaintiffs request that the dismissal be without prejudice to refiling against Rauhauser.

11. Defendant Retzlaff wishes to object and he further requests that this Court enter into an order dismissing Rauhauser's portion of the lawsuit **with prejudice** as plaintiffs have clearly violated the two-dismissal rule.

12. Once a plaintiff dismisses a suit by voluntary nonsuit, a second notice of dismissal of the same claims operates as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B) ("if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits"); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990); *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 n.2 (9th Cir. 2002). This is called the "two-dismissal rule." The plaintiff cannot refile the suit after the second

dismissal because it will be barred by *res judicata*. *Lake at Las Vegas Investors Grp. V. pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991).

13. An examination of the claims alleged in the Texas lawsuit and the claims alleged here, as they pertain to defendant Rauhauser, will show that they are identical claims. Plaintiffs even admit as much when they sought dismissal in the Texas court when they said they had refiled the case here in San Jose.

14. All of these lawsuits filed by plaintiffs contain all of the well-known hallmarks and elements of SLAPP suits. The typical SLAPP plaintiff does not normally expect to win the lawsuit. The plaintiff's goals are accomplished if the defendant succumbs to fear, intimidation, mounting legal costs or simple exhaustion and abandons the criticism. A SLAPP may also intimidate others from participating in the debate. A common feature of SLAPPs is forum shopping, wherein plaintiffs find courts that are more favorable towards the claims to be brought than the court in which the defendant lives.

15. In the Texas case, Rauhauser has incurred well over $100,000 in legal fees trying to defend against these ridiculous claims involving a serial SLAPP artist. See Exhibit 6 (affidavit of Houston, TX attorney Jeffrey Dorrell regarding attny fees). This case is currently on appeal before the 2nd Court of Appeals in Ft Worth regarding the imposition of attorney's fee and sanctions against the plaintiffs in an appeal styled Rauhauser v. ViaView, case # 02-14-00215-CV. Oral arguments were conducted on October 21st with a decision expected very shortly due to the fact that, in Texas, anti-SLAPP cases are entitled to expedited appellate review. Defendant Retzlaff is proud

5

to say that he was a participant in this oral argument and he very much looks forward to playing a role in what will be the largest anti-SLAPP sanction awarded in US history.

16. This game of "let's file a dismissal before the defendant shows up" is the whole reason why plaintiffs are subjected to $1 million in anti-SLAPP court sanctions pursuant to Texas Civil Practice & Remedies Code section 27.009(a)(2), and why there are currently two anti-SLAPP motions pending before this Court here.

### III. Request for Costs

17. Federal Rule of Civil Procedure 41(d) specifically states that

*If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:*

*(1) may order the plaintiff to pay all or part of the costs of that previous action; and*

*(2) may stay the proceedings until the plaintiff has complied.*

18. Because of this Rule, plaintiffs should be forced to pay all of the costs associated with the Texas state court action before being allowed to proceed in this case, and this case should be stayed until plaintiffs have complied.  See *New Phone Co., v. N.Y.C. Dept. of Info. Tech. & Telecomms.*, 2007 U.S. Dist. LEXIS 74693 (E.D.N.Y. Oct. 5, 2007) (Order plaintiff should reimburse both the costs and the attorneys' fees incurred by the defendants in the first action).  The Rule is designed to

6

discourage plaintiffs from forum shopping and to compensate defendants for expenses incurred in defending the same case twice.

### IV. Conclusion

19.  It is plainly obvious that plaintiffs have violated both the letter and the spirit of the two-dismissal rule and are engaging in illegal forum shopping; thus, this Court needs to make an order saying that the dismissal of defendant Neal Rauhauser is with prejudice, order the payment of all attorney fees and costs associated with the prior action, stay this case for all parties pending plaintiffs payment of the fees and costs, and put all of plaintiffs' nonsense and vexatious litigation to rest once and for all.

Respectfully submitted,

/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424

Defendant, pro se

## CERTIFICATE OF SERVICE

I certify that on November 2, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify that on November 2, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify that on November 2, 2014, a copy of this document was electronically delivered to attorney in charge for defendant Neal Rauhauser:

Jeffrey Dorrell, of 11767 Katy Frewway, Suite 850, Houston, TX 77079, Email: JDorrell@hanszenlaporte.com.


/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se