FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

No. _____ 067-270669-14

| | | |
|---|---|---|
| JAMES MCGIBNEY AND VIAVIEW, INC. | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| THOMAS RETZLAFF, LORA LUSHER, JENNIFER D'ALESSANDRO, NEAL RAUHAUSER, MISSANONNEWS, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4 AND JANE DOE 5 | § § § § § § | TARRANT COUNTY, TEXAS _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, JAMES MCGIBNEY AND VIAVIEW, INC. file Plaintiffs' Original Petition and Request for Injunctive Relief complaining of THOMAS RETZLAFF, LORA LUSHER, JENNIFER D'ALESSANDRO, NEAL RAUHAUSER, MISSANONNEWS, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4 AND JANE DOE 5, Defendants, and for a cause of action would show the following:

### PARTIES

1. Plaintiff, James McGibney, is an individual appearing in Court through his attorney of record.

2. Plaintiff, ViaView, Inc. is a corporation appearing in Court through

1

6

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

its attorney of record.

3. Defendant, Thomas Retzlaff is an individual residing in Tarrant County, Texas and can be served with process at his place of residence.

4. Defendant, Lora Lusher is an individual who resides in Petaluma, California, who can be served with process at her place of residence.

5. Defendant, Jennifer D'Alessandro is an individual who can be served with process at her place of residence, 4373 Lake Ave., Lockport, NY 14094.

6. Defendant, Neal Rauhauser, can be served with process through Mark D. Rasch, Esq., 1050 Connecticut Avenue, NW, Washington, D.C. 20036.

7. Defendant, Missanonnews can be served with process at their place(s) of residence. This Defendant's true identity is being withheld due to a current FBI inquiry.

8. Defendant, Jane Doe 1 is an unknown Defendant. After Plaintiff determines the identity and location of Jane Doe 1, Plaintiff shall amend the Petition to identify the Defendant and provide an address for issuance and service of citation.

9. Defendant, Jane Doe 2 is an unknown Defendant. After Plaintiff

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

determines the identity and location of Jane Doe 2, Plaintiff shall amend the Petition to identify the Defendant and provide an address for issuance and service of citation.

10. Defendant, Jane Doe 3 is an unknown Defendant. After Plaintiff determines the identity and location of Jane Doe 3, Plaintiff shall amend the Petition to identify the Defendant and provide an address for issuance and service of citation.

11. Defendant, Jane Doe 4 is an unknown Defendant. After Plaintiff determines the identity and location of Jane Doe 4, Plaintiff shall amend the Petition to identify the Defendant and provide an address for issuance and service of citation.

12. Defendant, Jane Doe 5 is an unknown Defendant. After Plaintiff determines the identity and location of Jane Doe 5, Plaintiff shall amend the Petition to identify the Defendant and provide an address for issuance and service of citation.

## DISCOVERY PLAN

13. Discovery should be conducted under Level 3 and Plaintiffs request the entry of a scheduling order. Pursuant to Texas law, Plaintiffs would show that they estimate the total amount of damages that they seek in

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

this case against Defendants, jointly and severally, exceeds $1,000,000.00.

## JURISDICTION AND VENUE

14. The amount in controversy is within the jurisdictional limits of this Court. Venue is proper in this Court, since a substantial portion of the acts or omissions occurred in Tarrant County, Texas.

## FACTS AND CAUSES OF ACTION

15. Defendant Thomas Retzlaff ("Retzlaff") has engaged in a course of conduct designed to cause the maximum amount of emotional, personal and financial harm to the Plaintiff James McGibney ("McGibney"), and the maximum amount of financial and business harm to the Plaintiff ViaView, Inc. ("ViaView"). Specifically, Retzlaff is a blogger who uses multiple aliases for the purpose of targeting individuals, corporations and organizations that he dislikes, and then Retzlaff terrorizes those individuals online, and tries to destroy the targeted corporation or entity, which in this case is ViaView. The behavior of Retzlaff includes such things as posting death threats, making terroristic threats, cyber-stalking and engaging in other misconduct that are repeatedly in violation of Texas Penal Codes. Retzlaff is also involved with several "revenge porn" sites, including www.texxxan.com and www.myex.com. Threats against

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

McGibney by Retzlaff and other Defendants include but are not limited to the following: (1) "I am simply amazed that this BullyVille, guy, James McGibney, is still alive. If I was listed on his website, I would put a bullet in his head. It is as simple as that. His home address has been posted online. And he makes scheduled public appearances. One of these days James is going to post the name of the wrong guy and it will cost him, and his family, their lives."; (2) "I would like to bury a hatchet right in [McGibney's] f_cking damn face."; (3) "It will be really funny seeing someone post pics of ur wife Christina when she is shopping at Smith's with ur two kids."; and (4) "I have Twitter and a little bit of me dies everytime I login. I want to kill most people. Starting with Bullyville. F_cking cesspool." Retzlaff is also a convicted criminal, having been imprisoned from 1998 through 2004, for sexual assault, burglary and unlawful possession of a weapon. There are ongoing criminal investigations into Retzlaff, and his harassing activities have been enjoined by several courts through restraining orders. In the process of engaging in his misbehavior, Retzlaff uses multiple aliases and multiple "pen names," including "LJS," "Scott Jewels," "Molly Santucci," "Kelly Swift," Twitter alias "@doxing_mcgibney," "James Smith," Twitter alias

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

"@mrtexxxan," "Fred," "DickHurtz," "James.Smith871003@gmail.com," Twitter alias "@PedoCaptian," Twitter alias "@bright_Anon," Twitter alias "@BV_Truther," "MisterSmith," and possibly other aliases. Plaintiffs reasonably anticipate that Defendant Retzlaff will continue in the future to create multiple aliases to harass, stalk, terrorize and defame Plaintiffs as much as possible.

16. The other Defendants, Lora Lusher, Jennifer D'Alessandro (who was arrested in 2012 for unlawful computer access), Neal Rauhauser, Missanonnews, Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4 and Jane Doe 5 have joined with Defendant Retzlaff in this pattern of cyber-stalking, cyber-terrorism, defamation and harassment of the Plaintiffs. Accordingly, Plaintiffs are suing these individual Defendants (the identify of some of them is currently unknown but they are being sued for purposes of demonstrating due diligence to avoid any statute of limitations defense), for the same, indivisible misconduct as Retzlaff's misconduct at issue in this case. Plaintiffs shall be seeking joint and several liability against all of the Defendants, including the unknown Defendants after those unknown Defendants' identities are discovered), because all the Defendants have acted jointly, with a unity of purpose,

11

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

pursuant to a common scheme or plan, and their wrongdoings are indivisible among themselves.

17. Plaintiffs, therefore, sue all Defendants for this pattern of defamation, harassment and stalking that includes defamation per se and also repeatedly violates Texas Penal Codes. For example but without limitation, Defendants have made multiple terroristic threats against McGibney, in violation of Texas Penal Code § 22.07. Defendants' threats include threats of murder or actual killing. Further, Defendants are engaging in cyber-stalking and harassment of McGibney, and also of ViaView, in violation of Texas Penal Codes prohibiting stalking and harassment, §§ 42.07 & 42.072. Additionally, Defendants have engaged in blackmail and extortion, to cause as much possible harm to Plaintiffs as possible. None of Defendants' postings at issue constitute opinions that are protected under the First Amendment of the United States Constitution. Instead, all of Defendants' postings are in fact verbal acts that are specifically intended to harass, intimidate, annoy, cause worry, terrorize, violate Texas Penal Codes, and impose as much mental anguish and pecuniary harm as possible upon McGibney and as much pecuniary and business harm as possible upon ViaView.

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

18.   Plaintiffs, therefore, sue all Defendants for the torts of defamation and defamation per se, that include without limitation false allegations that McGibney is a "pedophile" that Defendants published via Twitter. Notably, McGibney obtained a $250,000.00 judgment against Hunter Moore for this same lie. Additionally, Plaintiffs sue all Defendants for negligence per se, in violation of Texas Penal Codes §§ 22.07, 42.07 & 42.072. Plaintiffs would show that the defamation, defamation per se and negligence per se of the Defendants in violation of these Texas Penal Codes have proximately caused both Plaintiffs substantial actual damages, including substantial economic or pecuniary losses in the past, present and future, and for McGibney non-economic or non-pecuniary losses in the past, present and future. McGibney is a married father with three young children. McGibney and his family live in fear, suffer tremendous anxiety and worry, and McGibney's wife has suffered severe stress and anxiety about her safety, McGibney's safety, and the safety of their children. For all such damages, Plaintiffs now sue.

19.   Plaintiffs would also show that Defendants' repetitive actions are intentional, extreme, outrageous, malicious, and designed to inflict as much emotional distress and anguish upon Plaintiff McGibney as possible.

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

Accordingly, McGibney sues all Defendants for the tort of intentional infliction of emotional distress. The actions of all Defendants that constitute these intentional torts include but are not limited to threats of violence, threats of death, comments about the residence of Plaintiff McGibney and his spouse intended to terrorize McGibney, comments about his family, etc., all of which are specifically designed to inflict as much emotional distress as possible upon McGibney and his family. As a result, Plaintiff McGibney has sustained severe emotional and mental distress and anguish, with physical manifestations, in the past, present and likely into the future, including but not limited to extreme worry, loss of sleep, anxiety, fear and other emotional suffering and anguish with physical manifestations all proximately resulting from Defendants' intentional infliction of emotional distress upon him, all of which to be demonstrated at the time of trial. Plaintiff McGibney therefore seeks to recover all his actual damages proximately caused by Defendants' intentional infliction of emotional distress upon him, including all his pecuniary and non-pecuniary damages in the past, present and likely into the future.

20. Plaintiff ViaView also sues all Defendants for the torts of business

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

disparagement and tortious interference with business relationships. ViaView owns and operates the website www.bullyville.com. Defendants have made multiple threats against its officers and board of directors. The Defendants consistently and habitually disparage the business of ViaView through false statements, outright lies, and accusations of misconduct by ViaView and its website that have no basis in fact. The Defendants specifically intend their misconduct to disparage and harm the business of ViaView, and to disrupt the business relationships of ViaView and its website www.bullyville.com. Defendants' tortious business disparagement and interference with ViaView's business relationships have proximately caused ViaView substantial actual business losses and pecuniary damages, including without limitation loss of advertisers on www.bullyville.com. In this regard, Defendants have contacted every advertiser on www.bullyville.com and harassed them to such an extent that many have stopped advertising on this website. Defendants utilized their blog site "itsabouttruth" to coordinate their attacks upon the advertisers, and then Defendants bragged about causing www.bullyville.com to lose money. Further, Defendants have contacted multiple celebrities associated with this website and harassed them so

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A WILDER
DISTRICT CLERK

severely that these celebrities dissociated themselves from www.bullyville.com out of fear for their safety. Defendants have also created dozen of sock accounts on Twitter and Facebook to harass McGibney and anyone associated with www.bullyville.com. For all damages proximately resulted from these torts, ViaView now sues.

21. Plaintiffs would also show that the actions of all the Defendants are malicious, intentional, and done with a specific intent to cause as much harm and damage upon both Plaintiffs as possible. Accordingly, Plaintiffs sue all Defendants for gross negligence per se in violation of Texas Penal Codes §§ 22.07, 42.07 & 42.072. Plaintiffs seek to recover against all Defendants for their gross negligence per se all of Plaintiffs' pecuniary and non-pecuniary actual damages in the past, present and likely into the future. Furthermore, since the actions of the Defendants were performed knowingly, with the specific intent to cause as much harm and damage as possible, and with certain knowledge that their misconduct repeatedly and intentionally impinged upon Plaintiffs' rights under the law. Plaintiffs, therefore, seek to recover against each and every Defendant, jointly and severally, punitive or exemplary damages in an amount in the fact finder's discretion sufficient to punish each and every Defendant and to deter any

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

future misconduct by each and every Defendant.

22. Pursuant to Tex. R. Civ. P. 681 *et seq.*, Plaintiffs also ask this Court for an entry of a Temporary Injunction Order after a Temporary Injunction trial to prohibit anymore internet or Twitter postings or comments by Defendants that either (1) violate Texas Penal Codes, (2) constitute any unlawful verbal acts, or (3) otherwise are unlawful and are not opinions protected by the First Amendment of the United States Constitution. Plaintiffs specifically request that this Court issue a Temporary Injunction Order after a Temporary Injunction trial that would prohibit and enjoin any internet or twitter postings, comments, threats, twitter or social media statements or blog entries by each and all Defendants that constitute unlawful verbal acts, or are criminal misconduct in violation of Texas Penal Codes, or are otherwise unlawful. Plaintiffs agree and stipulate that they are not seeking to enjoin via a prior restraint of speech any constitutionally protected opinions of Defendants. Plaintiffs, therefore, shall seek narrowly tailored and appropriate injunctive relief after a Temporary Injunction trial, after Defendants have been duly served with citation and either file their answers or otherwise default by failing to answer this Petition. Plaintiffs

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

also request that this Court issue a Permanent Injunction Order after a final trial on the merits, to prohibit and enjoin the misconduct identified in this paragraph of this Petition, or any other misconduct by Defendants that can lawfully be subject to a permanent injunction order.

23.   For all such damages and injunctive relief, Plaintiffs now sue.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that each Defendant be lawfully served, and this Court issue an appropriate Temporary Injunction Order after a Temporary Injunction Trial, and after a full trial on the merits, the Plaintiffs recover all their actual and punitive damages against each and every Defendant, jointly and severally, as well as court costs, pre and post judgment interest, and also that Plaintiffs recover all such other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____
JOHN S. MORGAN
Texas Bar No. 14447475
Morgan Law Firm
2175 North Street, Ste. 101
Beaumont, Texas  77701
(409) 239-5984
(409) 835-2700 facsimile
jmorgan@jsmorganlaw.com

18

067-270669-14

FILED
TARRANT COUNTY
2/19/2014 11:13:42 AM
THOMAS A. WILDER
DISTRICT CLERK

OF COUNSEL:

Jason S. Leiderman
SBN: 203336
Eric J. Lindgren
SBN: 288543
Law Offices of Jay Leiderman
5740 Ralston Street, Suite 300
Ventura, California 93003
(805) 654-0200
(805) 654-0280 facsimile

Randazza Legal Group
Marc J. Randazza
NBN: 12265
3625 S. Town Center Drive
Las Vegas, NV 89135
(702) 420-2001

19