067-270669-14



NO. 67-270669-14

| | | |
|---|---|---|
| **JAMES MCGIBNEY and VIAVIEW, INC.,**<br>*Plaintiffs,*<br><br>v.<br><br>**THOMAS RETZLAFF, LORA LUSHER, JENNIFER D'ALLESANDRO, NEAL RAUHAUSER, MISSANNONEWS, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5,**<br>*Defendants* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br>TARRANT COUNTY, TEXAS<br><br><br><br><br><br>67th JUDICIAL DISTRICT |

**AFFIDAVIT OF JEFFREY L. DORRELL**
(For Attorney's Fees)

On this day, Jeffrey L. Dorrell appeared before me, a Notary Public, and after I administered an oath to him, upon his oath, he said:

1. "My name is Jeffrey L. Dorrell. I am more than 18 years of age and capable of making this affidavit. I have personal knowledge of the facts and matters set forth herein, which are true and correct.

2. I am an attorney licensed to practice law in the State of Texas since 1993. I am board certified in civil trial law by the Texas Board of Legal Specialization. I am admitted to practice in the U.S. District Courts of the Southern, Eastern, and Western Districts of Texas, the U.S. Courts of Appeals for the Second, Fourth, and Fifth Circuits, and the U.S. Supreme Court. I have represented clients as lead counsel in the trial or appeal of complex civil litigation in over 300 cases over the last 20 years. I am familiar with the skills required to prosecute and defend such cases, and with the hourly rates customarily charged by attorneys with skills and experience comparable to mine.

3. Defendant Neal Rauhauser retained the firm of Hanszen Laporte, LLP, to defend him in Cause No. 67-270669-14; *McGibney v. Retzlaff*; filed in the 67th Judicial District Court of Tarrant County, Texas, on **February 19, 2014**. Legal services performed for Rauhauser by the firm have been performed chiefly by me. I interviewed Rauhauser; reviewed plaintiffs' pleadings; drafted and filed Rauhauser's special appearance and answer; investigated and evaluated both the legal and factual bases of plaintiffs' claims against Rauhauser; conducted necessary legal research on the 2011 Citizens Participation Act (TEX. CIV. PRAC. & REM. CODE § 27) and every appellate decision interpreting and applying that seminal statute since its adoption a little less than three years ago; conducted necessary Internet research on plaintiff James McGibney, his previous litigation, and his websites to obtain evidence establishing that he is a "public

figure" for purposes of his defamation allegations (since McGibney's status as a public figure requires him to show "malice" by Rauhauser as an element of his defamation claim). I used these materials and research products to draft the briefing presented to the Court in Rauhauser's <u>Motion to Dismiss Under the Citizens Participation Act</u> filed on **March 20, 2014**. All of the foregoing work was done before plaintiffs filed their nonsuit.

4.  After being served with plaintiffs' nonsuit (denominated a "Motion to Dismiss Without Prejudice"), I conducted further legal research on the power of a court to grant sanctions or other affirmative relief under the Citizens Participation Act after a nonsuit, as well as cases addressing this issue in the context of Texas and federal statutes providing for sanctions for groundless pleadings. I also interviewed the principal defendant in plaintiffs' scorched-earth litigation campaign, Thomas Retzlaff, and obtained his affidavit testimony that he had never met or spoken to defendant Rauhauser or published any comments about plaintiff James McGibney or ViaView, Inc., jointly with Neal Rauhauser. I also obtained and archived pleadings, discovery requests, and other instruments filed in plaintiffs' two other simultaneously pending suits with substantially the same allegations (since this goes to the true motive of plaintiffs in filing the instant suit):

(i)  Cause No. 5:14-CV-01059; *McGibney v. Retzlaff*; in the U.S. District Court for the Northern District of California; and

(ii) Cause No. 114CH005460; *McGibney v. Retzlaff*; in the Superior Court of Santa Clara, California.

I used these materials and research products to draft the additional briefing presented to the Court in Rauhauser's <u>First Amended</u> Motion to Dismiss Under the Citizens Participation Act filed on **May 16, 2014**. I also traveled from Houston to Fort Worth to attend the oral hearing on Rauhauser's motion on **May 21, 2014**, along with attorney (and former judge) Phil Meyer, a partner of Hanszen Laporte. At the hearing, plaintiffs served me with approximately 458 pages of filings in response to Rauhauser's amended motion to dismiss. In the approximately three weeks since the **May 21, 2014**, hearing, I have reviewed plaintiffs voluminous documents and analyzed them as evidence supporting . On **June 11, 2014**, I completed researching and drafting of Rauhauser's reply to plaintiffs' response to Rauhauser's amended motion to dismiss under the Citizens Participation Act.

5.  Performance of the indicated tasks had caused Rauhauser to incur **$98,187.36** in attorney's fees and expenses as of **May 31, 2014**, based on the hourly rate of **$550.00** charged for attorney time and **207.70 Hours** of combined time. The time spent on each task and a specific description of the task performed is reflected on the attached **Exhibit A-1**. Attorneys performing legal services are me ("JLD") and former Bexar County judge Phil Meyer ("PAM"), a partner at Hanszen Laporte with over 20 years of experience. As noted below, legal assistant Ron Page ("RLP") also performed services for Rauhauser. As of the date of this affidavit, the total amount of attorney's fees is well in excess of **$100,000.00**.

*McGibney v. Retzlaff*
Rauhauser's Reply to Plaintiffs' Response to Rauhauser's Amended Motion to Dismiss Under the Citizens Participation Act

2

807

067-270669-14

6. A relatively small portion of the attorney's fees that Rauhauser incurred to Hanszen Laporte, LLP, (less than 2%) were for services performed by legal assistant Ron Page. To recover attorney's fees for work performed by legal assistants, "the evidence must establish: (1) the qualifications of the legal assistant to perform substantive legal work; (2) that the legal assistant performed substantive legal work under the direction and supervision of an attorney; (3) the nature of the legal work performed; (4) the legal assistant's hourly rate; and (5) the number of hours expended by the legal assistant." *All Seasons Window & Door Mfg.*, 181 S.W.3d 490, 504 (Tex. App.—Texarkana 2005, no pet.) (quoting *Multi-Moto Corp. v. ITT Commercial Fin. Corp.*, 806 S.W.2d 560, 570 (Tex. App.—Dallas 1990, writ denied)). Mr. Pahe holds a Bachelor's Degree and has over 20 years of experience in performing legal assistant and paralegal tasks. Mr. Page's time was billed at an hourly rate of **$185.00** per hour. As reflected on the time logs appended hereto as **Exhibit A-1**, Mr. Page performed substantive work under my direct supervision consisting of review and organization of file documents, checking the Court's docket and online file for documents indicating status of pending motions, scheduling hearings, filing motions and other pleadings with the court, and obtaining court orders entered.

7. The hourly rates of **$550.00** for partners and **$185.00** for legal assistants for work on *McGibney v. Retzlaff* are higher than our firm's typical rates for *non*contingent-fee cases ($350.00 and $120.00, respectively), reflecting the fact that the firm has assumed the risk of recovery of attorney's fees in the instant matter by making recovery contingent upon the outcome of this case. Application of the time shown on **Exhibit A-1** and herein at the contingent-fee hourly rates charged to perform the services described is fair because such rates are customarily charged in major metropolitan areas of Texas for the same or similar services for attorneys with the experience, reputation, and ability of those performing the tasks, considering the amount in controversy, the novelty and complexity of the legal issues presented, the importance of the issues in dispute, the contingent nature of the recovery, and the results obtained.

8. Should this case be appealed to the court of appeals, it is my opinion that legal fees in the additional amount of **$35,000.00** would be incurred by defendant Rauhauser. Should a petition for writ of error be prosecuted to the Texas Supreme Court, it is my opinion that legal fees in the additional amount of **$25,000.00** would be incurred by defendant.

_____
JEFFREY L. DORRELL

SWORN TO and SUBSCRIBED before me by Jeffrey L. Dorrell on the 11th of June, of 2014.

_____
Notary Public in and for the State of Texas



KRISTIN B REDWINE
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEB. 17, 2015

*McGibney v. Retzlaff*
Rauhauser's Reply to Plaintiffs' Response to Rauhauser's Amended Motion to Dismiss Under the Citizens Participation Act

3
808

067-270669-14

Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

EXHIBIT A-1

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| | | | Client No. | | |
| Rauhauser, Neal - McGibney, James et al. v Thomas Retzlaff, et al. | | | Case No. 0909.001 | | |
| 2/25/2014 | JLD | T | (Rauhauser) Respond to website contact initiated by Neal Rauhauser, who has a matter in Tarrant County in which Philip Klein and John Morgan have alleged a "conspiracy" that implicates Rauhauser. | 0.3 | $165.00 |
| 3/01/2014 | JLD | T | Review plaintiff's original petition filed February 19, 2014, in Cause No. 067-270669-14; McGibney v. Retzlaff; in the 67th District Court of Tarrant County, Texas; (.50 Hours) review e-mail from Neal Rauhauser; (.20 Hours) review written request for assistance by Neal Rauhauser to Electronic Frontier Foundation of San Francisco, California; (.20 Hours) review, highlight, and archive U.S. Supreme Court's opinion in Calder v. Jones and U.S. Court of Appeals for the Fifth Circuit's opinion in Clemens v. McAfee, both addressing federal jurisdiction over a nonresident defendant in a plaintiff's state of residence based on defamation taking place in the forum state; (1.30 Hours) review related Fifth Circuit cases; (.70 Hours) review related information on Neal Rauhauser; (.30 Hours) e-mail Rauhauser to advise I have reviewed materials and would be interested in discussing the representation; (.40 Hours) review Texas anti-SLAPP statute and related materials and advise Rauhauser regarding use of this statute to defend; (.70 Hours) review e-mail from Neal Rauhauser and respond. (.30 Hours) | 4.3 | $2,365.00 |
| 3/03/2014 | JLD | T | Read Morgan's and appellant's briefing in interlocutory appeal of similar case of Toups v. Go Daddy.com, LLC, Cause No. D-130018-C; in the 260th District Court of Orange County, Texas; (2.30 Hours) review TEX. CIV. PRAC. & REM. CODE §27 for dismissal procedures in Citizen Participation Act; (.40 Hours) compare Tex. Civ. Prac. & Rem. Code §27 procedures to new TEX. R. CIV. P. 91a motion to dismiss; (.30 Hours) telephone conference with Neal Rauhauser. (1.40 Hours) | 4.4 | $2,420.00 |
| 3/03/2014 | RLP | T | Communications with N. Rauhauser regarding telephone conference to discuss case details and allegations made by plaintiff. | 0.3 | $55.50 |
| 3/04/2014 | JLD | T | Review and archive selected cases involving the Citizen Participation Act. | 1.8 | $990.00 |
| 3/06/2014 | JLD | T | Continue reviewing archived case authorities interpreting and applying the Citizen Participation Act (TEX. CIV. PRAC. & REM. CODE §27) to defamation and related claims; review e-mail from Neal Rauhauser and respond. (.30 Hours) | 1.9 | $1,045.00 |
| 3/07/2014 | JLD | T | Review e-mail from Neal Rauhauser regarding filing of new federal suit; respond; (.10 Hours) retrieve and review plaintiff's original complaint in McGibney v. Retlaff filed on March 6, | 0.9 | $495.00 |

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

## History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 3/07/2014 | | | 2014, in the Northern District of California; e-mail client to advise that the only defendant is Restzlaff. (.80 Hours) | | |
| 3/09/2014 | JLD | T | Review e-mail from Neal Rauhauser regarding filing a response in the Tarrant County case and respond; (.40 Hours) review second e-mail from Neal Rauhauser and respond; (.30 Hours) review third e-mail from Neal Rauhauser advising that plaintiffs have publicly stated that they intend to proceed with the Texas litigation despite filing in federal court in California; archive detailed identifications; respond to ask for more details; (.40 Hours) review third e-mail from Neal Rauhauser transmitting extensive information; archive for further study when needed. (.20 Hours) | 1.3 | $715.00 |
| 3/11/2014 | RLP | T | Contact county clerk to check on any additional filings by opposing counsel. Research John Klein lawsuits for attorney and check web sites with contribution from Klein. | 3.8 | $703.00 |
| 3/11/2014 | JLD | T | Research and highlight key provisions of TEX. CIV. PRAC. & REM. CODE §27.001, et seq., to begin drafting Rauhauser's (i) special appearance; (ii) original answer; and (iii) motion to dismiss; (2.40 Hours) review e-mail from Neal Rauhauser; (.30 Hours) research James McGibney to find evidence supporting contention that he is a public figure. (.60 Hours) | 3.3 | $1,815.00 |
| 3/12/2014 | JLD | T | Report to client on status of case, transmit recent correspondence, and advise regarding analysis and strategy; (1.40 Hours) telephone conversation with Emmett McGlohn; (.60 Hours) | 2 | $1,100.00 |
| 3/13/2014 | JLD | T | Review e-mail from Neal Rauhauser and respond. | 0.3 | $165.00 |
| 3/14/2014 | JLD | T | Research various cases interpreting and applying TEX. CIV. PRAC. & REM. CODE §27.001; (5.60 Hours) begin drafting Rauhauser's motion to dismiss under the Citizen Participation Act. (2.10 Hours) | 7.7 | $4,235.00 |
| 3/15/2014 | JLD | T | Begin researching and drafting Rauhauser's verified special appearance and supporting affidavit. | 6.1 | $3,355.00 |
| 3/16/2014 | JLD | T | Exchange several e-mails with Neal Rauhauser regarding ▓▓▓▓▓ (.60 Hours) complete drafting Rauhauser affidavit; (.30 hours) exchange several e-mails with Neal Rauhauser ▓▓▓ regarding McGib▓▓▓ ▓▓▓▓▓▓▓ (.80 Hours) continue researching and drafting ▓▓▓▓▓ (3.80 Hours) | 5.5 | $3,025.00 |
| 3/18/2014 | JLD | T | Review e-mail from Neal Rauhauser and respond; (.30 Hours) review executed, notarized Rauhauser affidavit supporting special appearance; (.10 Hours) review second e-mail from | 6.5 | $3,575.00 |

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 3/18/2014 | | | Neal Rauhauser and respond; (.20 Hours) review amended complaint filed in U.S. District Court for the Northern District of California naming Rauhauser and the other defendants; (.50 Hours) complete researching and rafting Rauhauser's verified special appearance; (2.80 Hours) research, draft, file and serve Rauhauser's original answer, counterclaim, jury demand, and requests for disclosure. (2.60 Hours) | | |
| 3/18/2014 | RLP | T | Prepare special appearance and original answer for filing; file and serve to opposing counsel. Contact clerk regarding timing of the filings for each pleading. | 3.7 | $684.50 |
| 3/19/2014 | JLD | T | E-mail to Neal Rauhauser to transmit yesterday's filings of his verified special appearance and consolidated original answer, jury demand, requests for disclosure, and counterclaim; discuss in detail provisions of Citizen Participation Act, deadlines, advisability of filing motion to dismiss quickly, and what I need from Rauhauser ▮▮▮▮▮▮ (.60 Hours) continue drafting Rauhauser's Motion to Dismiss Under the Citizen Participation Act. (6.80 Hours) | 7.4 | $4,070.00 |
| 3/19/2014 | RLP | T | Contact Tarrant County district clerk to get update of filings in the John Morgan V. Shane Phelps, et al. case no. D195,081. Research internet for publicity surrounding the case; check various internet sites for details of Judge Layne Walker and his involvement with John Morgan. Research internet for other cases involving Morgan in Tarrant County. Receive notice of plaintiff counsel withdrawal; check for information on possible new attorney substitution. | 4.6 | $851.00 |
| 3/20/2014 | PM | T | Review complaint against client from Northern District of California. | 1.3 | $715.00 |
| 3/20/2014 | PM | T | Correspondence from Jay Leiderman and review notice of lead counsel from John Morgan. | 0.4 | $220.00 |
| 3/20/2014 | JLD | T | Complete researching and drafting Rauhauser's motion to dismiss under the Citizen Participation Act; (4.90 Hours) review plaintiffs' motion to dismiss its claims without prejudice; (.10 Hours) review e-mail from Jay Leiderman transmitting Morgan's filing of a "clarification" of counsel removing Leiderman's name as "of counsel." (.10 Hours) | 5.1 | $2,805.00 |
| 3/20/2014 | PM | T | Investigate factual background and evaluate case handling strategy. | 0.9 | $495.00 |
| 3/20/2014 | RLP | T | Prepare Motion to dismiss for filing with the court and service to opposing counsel. Contact court coordinator regarding court procedures for setting oral hearing on motion. Receive plaintiff attorney's motion to withdraw and calendar new case deadlines. Continue research on cases filed by plaintiff and research internet looking for new disciplinary proceedings against plaintiff's attorney. | 4.9 | $906.50 |

811

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 3/20/2014 | | | | | |
| 3/20/2014 | PM | T | Review plaintiff's and defendant's pleadings and further background investigation. | 1.1 | $605.00 |
| 3/21/2014 | PM | T | Review multiple correspondence with opposing counsel and court coordinator regarding hearing on sanctions. | 0.4 | $220.00 |
| 3/21/2014 | JLD | T | Review e-mail from Neal Rauhauser regarding possible conflict of interest of plaintiffs' counsel Jay Leiderman; respond; (.40 Hours) review e-mail from Jay Leiderman claiming that McGibney always had the "intent to dismiss the Texas case as soon as possible;" respond to show evidence to the contrary and cite case authority disfavoring nonsuits to avoid the consequences of a merit-based determination; advise that Rauhauser will seek sanctions in the amount of attorney's fees he has incurred defending plaintiffs' frivolous claims; (1.60 Hours) begin researching and drafting Rauhauser's motion for sanctions; (1.80 Hours) review e-mail from Neal Rauhauser regarding sanctions motion and respond. (.30 Hours) | 4.1 | $2,255.00 |
| 3/22/2014 | JLD | T | Review e-mail from Neal Rauhauser and respond; (.40 Hours) review second e-mail from Neal Rauhauser and respond; (.30 Hours) research public comment and opinion expressed regarding James McGibney; (.40 Hours) research cases disapproving of nonsuit as an avoidance of a judicial determination on the merits; (.30 Hours) review and archive In re Thuesen, 2013 Tex App. LEXIS 4636 (Tex. App.—Houston [14th Dist.] 2013, no pet.); note that relator Mark Thuesen alleges he was "denied the right to nonsuit" before the 151st District Court granted defendants' motion to dismiss under the Citizen Participation Act and awarded attorney's fees against him; appellate court did not reach of comment on this issue, finding mandamus inappropriate; review Harris County District Clerk's online files in Cause No. 2012-49262 for evidence of trial court's denial of relator's right to nonsuit. (.70 Hours) | 2.1 | $1,155.00 |
| 3/23/2014 | JLD | T | Review e-mail from Neal Rauhauser inquiring about several matters; respond and advise; (.60 Hours) continue researching and drafting Rauhauser's motion for sanctions. (3.30 Hours) | 3.9 | $2,145.00 |
| 3/25/2014 | RLP | T | Research American Heritage Dallas lawsuit and pull pleadings and all briefing for attorney reference and use in SLAPP-related pleadings. | 4.7 | $869.50 |
| 3/25/2014 | JLD | T | Review e-mail from Neal Rauhauser advising of attempt by James McGibney to sell the domain name "nealrauhauser.com;" Neal advises he is "the only Neal Rauhauser ever" and wants to know what can be done; respond to advise; (.30 Hours) research and continue drafting Rauhauser's motion for sanctions. (.2.10 Hours) | 2.4 | $1,320.00 |
| 3/26/2014 | JLD | T | Review entire case file in the trial court in Cause No. DC-11-13741; American Heritage Capital, LP v. Gonzalez; in the 68th | 7.6 | $4,180.00 |

812

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 3/26/2014 | | | District Court of Dallas County, Texas; including pleadings, motions to dismiss, and court order grating motion to dismiss and awarding attorney's fees and sanctions—case raises specific issue of court's power to grant relief under TEX. CIV. PRAC. & REM. CODE § 27.001 despite the plaintiff's having nonsuited claims before the hearing on the motion to dismiss under the Citizens Participation Act; this is an issue which no reported case appears to have yet addressed; (1.60 Hours) review plaintiffs' attorney John Morgan's filing of an "agreed" motion to withdraw; (.10 Hours) review appellate briefs in Cause No. 05-12-00892-CV; American Heritage Capital, LP v. Gonzalez; in the Fifth Court of Appeals at Dallas; (3.40 Hours) review record on appeal; (1.30 Hours) review and archive cases cited in support of court's power to grant relief under TEX. CIV. PRAC. & REM. CODE § 27.001 despite the plaintiff's having nonsuited claims before the hearing on the motion to dismiss. (1.20 Hours) | | |
| 3/26/2014 | RLP | T | Research Dallas county case involving the SLAPP motion for sanctions. Check appeal of case and pull documents for attorney review and use in Rauhauser case. | 2.6 | $481.00 |
| 3/27/2014 | JLD | T | Review Dinah's motion to dismiss under the Citizens Participation Act in Cause No. DC-11-13741; American Heritage Capital, LP v. Gonzalez; in the 68th District Court of Dallas County, Texas; (.40 Hours) review e-mail from Neal Rauhauser regarding McGibney's posting of his picture with Thomas Retzlaff and Joseph Camp; client wants to know if anything can be done to stop this; review Bullyville posting; e-mail to client to advise; (.40 Hours) review e-mail from associate of Rauhauer's transmitting information pertinent to sanctions motion; (.30 Hours) review second e-mail from Neal Rauhauser. (.10 Hours) | 1.2 | $660.00 |
| 3/27/2014 | PM | T | Review multiple correspondence from client regarding ▓▓▓▓ | 0.3 | $165.00 |
| 3/28/2014 | JLD | T | Review plaintiff's "answer to counterclaim;" (.10 Hours) review and archive Morgan's proposed "agreed order" permitting withdrawal; (.10 Hours) request setting of oral hearing on motion to dismiss; calendar hearing for April 11, 2014, at 10:30 AM. (.10 Hours) | 0.3 | $165.00 |
| 4/03/2014 | RLP | T | Research internet for articles and information related to ▓▓▓▓ and forward to attorney. Update case files with information. | 2.6 | $481.00 |
| 4/03/2014 | JLD | T | Review e-mail from Neal Rauhauser and attachments. | 0.3 | $165.00 |
| 4/07/2014 | JLD | T | Research and begin drafting Rauhauser's First Amended Motion to Dismiss to brief the issue of granting affirmative relief under the Citizens Participation Act even after a nonsuit; (.90 Hours) review telephone message from attorney Paul Gianni, | 1.5 | $825.00 |

813

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

## History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 4/07/2014 | | | who has just been retained by plaintiffs; he requests callback to discuss a motion for continuance of hearing on Rauhauser's motion to dismiss; (.10 Hours) telephone conversation with Paul Gianni regarding delay in hearing on motion to dismiss; (.50 Hours) agree to postpone hearing until May 16, 2014. | | |
| 4/07/2014 | RLP | T | Call from P. Giani, new attorney in case. Arrange for conference between attorneys to discuss possible continuance. Call to court coordinator regarding alternate dates for oral hearing of outstanding motions. Consult attorney calendar and case deadlines and set new hearing date with court coordinator. | 0.8 | $148.00 |
| 4/08/2014 | JLD | T | Continue researching and drafting Rauhauser's amended motion to dismiss to brief the issue of a court's power to rule on the motion after plaintiff nonsuits; (4.20 Hours). | 4.2 | $2,310.00 |
| 4/09/2014 | JLD | T | Complete researching and drafting Rauhauser's amended motion to dismiss to brief the issue of a court's power to rule on the motion after plaintiff nonsuits; (3.70 Hours) review e-mail from Neal Rauhauser transmitting Twitter post displaying image of order signed on March 27, 2014, granting Morgan's withdrawal; investigate; (.40 Hours) determine court signed Morgan's fraudulently denominated "agreed" order; advise court that Morgan's withdrawal is not "agreed;" (.30 Hours) research, draft, file, and serve Rauhauser's objection to Morgan's motion to withdraw; (.80 Hours) set oral hearing on Morgan's motion to withdraw on May 16, 2014; e-mail to Neal Rauhauser to advise and transmit relevant filings; (.40 Hours) e-mail to Neal Rauhauser to request copy of subpoena issued in California state court case. (.20 Hours) | 5.8 | $3,190.00 |
| 4/09/2014 | PM | T | Proofread Amended Motion to Dismiss. | 0.2 | $110.00 |
| 4/09/2014 | PM | T | Evaluate issues raised by opposing counsel's "agreed" order of withdrawal and court's retraction thereof. | 0.3 | $165.00 |
| 4/09/2014 | RLP | T | Contact court regarding availability for oral hearing dates for defendant's objection to withdrawal of attorney John Morgan and defendant's motion to dismiss under SLAPP act; draft notice of hearing and file with court; serve opposing counsel. | 1.3 | $240.50 |
| 4/10/2014 | JLD | T | Telephone conversation with plaintiffs' counsel Paul Gianni; he advises that the court already signed the order granting Morgan's withdrawal; I informed him that we had notified the court that Morgan's "agreed" order permitting his withdrawal was a fraud, and had set the motion for oral hearing on May 16, 2014; (.20 Hours) review and highlight Beaumont Court of Appeals opinion in Morgan case GoDaddy.com, LLC v. Toups, released today; note that Morgan made many of the same arguments made in McGibney v. Retzlaff and that the appellate court rejected them; the appellate court reversed the GoDaddy.com trial court and ordered dismissal of Morgan's | 3.3 | $1,815.00 |

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

## History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 4/10/2014 | | | suit pursuant to TEX. R. CIV. P. 91a; the appellate court remanded to the trial court for proceedings regarding mandatory sanctions against Morgan and plaintiffs; review cases cited in GoDaddy.com for use in further proceeding in McGibney; (2.20 Hours) e-mail to Neal Rauhauser to analyze GoDaddy.com and report on status of case in 67th District Court. (.90 Hours) | | |
| 4/11/2014 | JLD | T | Begin researching and drafting Rauhauser's motion for sanctions for groundless, frivolous pleadings; (3.60 Hours) review e-mail from Neal Rauhauser and respond; (.30 Hours) review and archive James McGibney postings on Bullyville to use in defense; (.40 Hours) review second e-mail from Neal Rauhauser advising that McGibney has registered the domain www.nealrauhauser.com and is auctioning it on his Bullyville site; review www.nealrauhauser.com; (.30 Hours) review e-mail from court trial coordinator transmitting order for final setting of trial and requesting confirmation of receipt; send e-mail confirming receipt; archive order; (.20 Hours) review information that plaintiffs' counsel John S. Morgan has been arrested and has pled guilty to making a false report to a police officer; review arrest report and commitment order. (.30 Hours) | 5.1 | $2,805.00 |
| 4/14/2014 | JLD | T | Review e-mail from Neal Rauhauser and respond. | 0.2 | $110.00 |
| 4/15/2014 | RLP | T | Receive court order regarding trial date; update case calendar accordingly. | 0.4 | $74.00 |
| 4/16/2014 | JLD | T | Review e-mail from Neal Rauhauser requesting update on status of case and any filings by McGibney and respond. | 0.3 | $165.00 |
| 4/17/2014 | RLP | T | Prepare attorney hearing notebook for oral hearing on objection to withdrawal of attorney. Respond to client inquiry about ▓▓▓▓. | 0.6 | $111.00 |
| 4/17/2014 | JLD | T | Review e-mail from Neal Rauhauser and respond; (.30 Hours) review e-mail advising of status of California suit in which McGibney has obtained a "workplace restraining order" and is using the suit to do discovery regarding Rauhauser. (.30 Hours) | 0.6 | $330.00 |
| 4/24/2014 | PM | T | Multiple correspondence with consulting ▓▓▓▓ regarding sanctions issue raised by Anti-SLAPP motion to dismiss after nonsuit of plaintiff's case | 0.4 | $220.00 |
| 5/06/2014 | JLD | T | Review e-mail from Neal Rauhauser transmitting pleading from third McGibney lawsuit in California Superior Court, also styled McGibney v. Retzlaff; review and archive 120-page pleading (with exhibits); respond to Rauhauser. | 0.8 | $440.00 |
| 5/12/2014 | JLD | T | Review message from plaintiffs' counsel Paul Gianni intending to satisfy certificate of conference on "special exceptions" and motion to abate; advise that defendant is opposed; (.30 Hours) review e-mail from Neal Rauhauser with information regarding ViaView for May 16, 2014, hearing. (.30 Hours) | 0.6 | $330.00 |

815

067-270669-14

Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

## History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 5/12/2014 | | | | | |
| 5/12/2014 | RLP | T | Update client document file with documents regarding internet site ownership. | 0.4 | $74.00 |
| 5/13/2014 | RLP | T | Prepare McGibney's special exception pleading for attorney use in pleading matters. Update case files as needed. | 0.6 | $111.00 |
| 5/13/2014 | RLP | T | Receive McGibney special exceptions pleading, update case files and prepare for attorney use. Call from court regarding new hearing setting; review attorney calendar and agree to new date with court coordinator. Update case calendar. | 0.8 | $148.00 |
| 5/13/2014 | JLD | T | Review plaintiffs' special exceptions to Rauhauser's pleadings; (.10 Hours) review e-mail from Neal Rauhauser and respond. (.30 Hours) | 0.4 | $220.00 |
| 5/14/2014 | JLD | T | Review John Morgan's response to objection to Morgan's motion to withdraw; (.10 Hours) review e-mail from Thomas Retzlaff offering to give affidavit testimony rebutting plaintiffs' allegations that Retzlaff and Rauhauser have acted jointly in any way; respond; research and draft ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (1.40 Hours) | 1.5 | $825.00 |
| 5/14/2014 | RLP | T | Update case files for John Morgan's response to client's objection to withdrawal. | 0.4 | $74.00 |
| 5/15/2014 | RLP | T | Review case billing record and prepare for attorney use as an exhibit in pleading to be filed. | 0.8 | $148.00 |
| 5/15/2014 | JLD | T | Review e-mail from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; acknowledge and revise affidavit in accordance with his request; (.40 Hours) transmit revised affidavit; review ▓▓▓▓▓▓ e-mail agreeing that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (.30 Hours) | 0.7 | $385.00 |
| 5/16/2014 | RLP | T | Prepare defendant's amended motion for filing and service to opposing counsel. Update case files as needed. | 1.3 | $240.50 |
| 5/16/2014 | RLP | T | Review McGibney request for disclosure, forward to attorney and update case calendar as needed. | 0.6 | $111.00 |
| 5/16/2014 | JLD | T | Research, draft, file and serve Rauhauser's first amended motion to dismiss adding the May 15, 2014, Retzlaff affidavit destroying the basis for Rauhauser's vicarious liability for statements alleged to have been made by Retzlaff; complete briefing on the power of the trial court to grant affirmative relief under the Citizens Participation Act despite plaintiffs' nonsuit; (3.60 Hours) review e-mail from witness-affiant Thomas Retzlaff and respond; (.40 Hours) e-mail to Neal Rauhauser to transmit executed Retzlaff affidavit and amended motion to dismiss, and to discuss ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; (.60 Hours) review letter from plaintiffs' attorney Paul Gianni transmitting plaintiffs' requests for disclosure to Rauhauser. (.10 Hours) | 4.7 | $2,585.00 |

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

## History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 5/16/2014 5/17/2014 | JLD | T | Review and respond to e-mail from co-defendant and affidavit witness Thomas Reztlaff; (.30 Hours) research and draft letter to plaintiffs' counsel Paul F. Gianni attempting to avoid a discovery dispute by asking him to withdraw the requests for disclosure issued by plaintiffs on May 16, 2014; point out that all discovery in the suit is stayed and that propounding improper discovery will necessitate filing a motion for protective order and seeking sanctions against the attorney; (.60 Hours) review attorney's fee time logs for necessary redactions; note that time is shown only through April 24, 2014; request complete time log for history bill; (.30 Hours) research and draft affidavit for attorney's fees to supplement First Amended Motion to Dismiss Under the Citizens Participation Act; (.60 Hours) | 1.8 | $990.00 |
| 5/19/2014 | JLD | T | Review message from Paul Gianni requesting conference; telephone conference with Paul Gianni regarding settlement and several issues pertaining to May 21, 2014, hearing; (.50 Hours) review attorney's fee time logs and billing statements through May 16, 2014; revise affidavit supporting attorney's fees requested; (.40 Hours) draft supplement to first amended motion to dismiss to present evidence of attorney's fees; (.40 Hours) review e-mail from Neal Rauhauser transmitting information for me to review in advance of May 21, 2014, hearing. (.60 Hours) | 1.9 | $1,045.00 |
| 5/19/2014 | RLP | T | Call from opposing counsel requesting phone conference with J. Dorrell regarding discovery and sanctions issues. | 0.3 | $55.50 |
| 5/20/2014 | PM | T | Travel to Fort Worth to attend hearing on Anti-Slapp - motion to dismiss on 5-21-2014. | 4.3 | $2,365.00 |
| 5/20/2014 | JLD | T | Review and highlight plaintiffs' 98 pages of dilatory pleadings and filings in response to Rauhauser's motion to dismiss; (1.30 Hours) prepare materials to respond to plaintiffs' arguments during May 21, 2014, oral hearing; (.40 Hours) review selected portions of TEX. CIV. PRAC. & REM. CODE § 27.001, et seq. to prepare for hearing; (.40 Hours) review John Morgan's "objections" to Rauhauser's supplement to the motion to dismiss. (.30 Hours) | 2.4 | $1,320.00 |
| 5/20/2014 | RLP | T | Review McGibney motion for plea to the jurisdiction and update case files and Morgan objections to Rauhauser supplement to first amended motion to dismiss. Review case files and prepare hearing materials for outstanding motions for tomorrow's hearing. Verify with court coordinator the matters scheduled to be brought before the court. | 2.8 | $518.00 |
| 5/20/2014 | PM | T | Review motions filed by opposing counsel: Plea to Jurisdiction, Plea in Abatement, Motion to Stay and Answer; evaluate strategy for response. | 1.5 | $825.00 |

Page No.   9

817

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 5/21/2014 | PM | T | Attend hearing on Motion to Dismiss in Tarrant County, Travel from Dallas to Fort Worth and return to Houston. | 8.6 | $4,730.00 |
| 5/21/2014 | JLD | T | Travel from Houston to Fort Worth for oral hearing on Rauhauser's motion to dismiss; attend and participate in hearing; return to Houston; (11.80 Hours) e-mail to Neal Rauhauser to report that hearing was adjourned and will be resumed in about two weeks; (.20 Hours) telephone conversation with Neal Rauhauser to report on proceedings and new filings during hearing; discuss settlement; discuss evidence to support sanction "sufficient to deter plaintiff from filing similar actions in the future. (1.50 Hours) | 13.5 | $7,425.00 |
| 5/21/2014 | RLP | T | Receive notice of electronic filing from plaintiff and notify attorney; pull and assemble 458 page pleading for attorney use after hearing. Send pleading without exhibits to attorney for possible use at trial. | 4.7 | $869.50 |
| 5/22/2014 | PM | T | Receive and analyze 458 page response to Motion to Dismiss filed by Plaintiff. | 3.9 | $2,145.00 |
| 5/22/2014 | JLD | T | Review e-mail from Thomas Retzlaff and respond regarding May 21, 2014, proceedings; (.30 Hours) begin reviewing and highlighting plaintiffs' 458 pages of filings served 16 minutes before the May 21, 2014, hearing; (1.80 Hours) begin researching and drafting Rauhauser's motion for protection from plaintiffs' improperly propounded Rule 194 requests for disclosure; begin drafting motion for sanctions. (1.70 Hours) | 3.8 | $2,090.00 |
| 5/23/2014 | PM | T | Review Reply to Anti-SLAPP motion and prepare memorandum summary of contents. | 0.8 | $440.00 |
| 5/23/2014 | RLP | T | Prepare copy of plaintiff's motion to dismiss and forward per attorney instructions. | 0.6 | $111.00 |
| 5/27/2014 | JLD | T | Review e-mail from witness Thomas Retzlaff advising of developments and respond; (.30 Hours) continue researching and drafting Rauhauser's motion for protection from plaintiffs' improper written discovery requests; (.30 Hours) continue reviewing and highlighting 458 pages of plaintiffs' filings shortly before the May 21, 2014, hearing; (1.20 Hours) review and highlight cases cited and furnished by plaintiffs during May 21, 2014, oral argument, including Kinney v. BCG Atty. Search, Inc., no. 03-12-00579-CV, 2013 Tex. App. LEXIS 10481 (Tex. App.—Austin August 21, 2013), and In re Lipsky, 411 S.W.3d 530 (Tex. App.—Fort Worth 2013); note that both cases are helpful to Rauhauser in several respects; (1.10 Hours) review e-mail from Thomas Retzlaff requesting transcript of May 21, 2014, hearing; respond. (.10 Hours) | 3 | $1,650.00 |
| 5/27/2014 | RLP | T | Contact court reporter and request copy of 5/21/2014 hearing, discuss delivery details and cost. | 0.4 | $74.00 |
| 5/28/2014 | JLD | T | Complete drafting motion for protection and for sanctions for plaintiffs' discovery abuse; draft supporting affidavit for | 1.6 | $880.00 |

067-270669-14
Hanszen Laporte
11767 Katy Freeway, Suite 850
Houston, TX 77079

# History Bill

Date: 6/11/2014

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|---|---|---|---|---|---|
| 5/28/2014 | | | attorney's fees and proposed order; (.50 Hours) continue reviewing 458 pages of plaintiffs' filings shortly before May 21, 2014, hearing; (.80 Hours) review e-mail from Thomas Retzlaff and respond. (.30 Hours) | | |
| 5/29/2014 | JLD | T | Review notification that transcript of May 21, 2014, hearing is ready; (.10 Hours) e-mail to Thomas Retzlaff; (.20 Hours) e-mail to Neal Rauhauser; (.20 Hours) continue reviewing and highlighting 498 pages of filings by plaintiffs shortly before May 21, 2014, hearing. (.40 Hours) | 0.9 | $495.00 |
| 6/11/2014 | RLP | T | Pull case briefing from Texas Supreme Court case, In regarding Lipsky and forward to attorney for use in beief drafting.(.6) | 0 | $0.00 |
| | | | Subtotal | 207.70 | $98,175.00 |
| 3/20/2014 | EXP | E | Filing Fees for Subject to His Special Appearance, Defendant Neal Rauhauser's Motion to Dismiss Under the Citizen Participation Act filed in the 67th District Court of Tarrant County, Texas on 3/20/14. | 0 | $2.06 |
| 4/09/2014 | EXP | E | Filing Fees / Tarrant County 67th District Court / Notice of Hearing | 0 | $2.06 |
| 4/09/2014 | EXP | E | Filing Fees / Tarrant County 67th District Court / Subject to His Special Appearance, Defendant Neal Rauhausers Objection to Withdrawal of Plaintiffs Counsel John S. Morgan | 0 | $2.06 |
| 5/16/2014 | EXP | E | Filing Fees / Tarrant county 67th District Court / Subject to His Special Appearance, Defendant Neal Rauhausers First Amended Motion to Dismiss and for Sanctions Under the Citizens Participation Act | 0 | $2.06 |
| 5/19/2014 | EXP | E | Filing Fees / Tarrant County 67th District Court / Motion / Defendant Neal Rauhauser's Supplement to First Amended Motion to Dismiss and for Sanctions Under the Citizens Participation Act | 0 | $2.06 |
| 5/28/2014 | EXP | E | Filing Fees / Tarrant County 67th District Court / Defendant Rauhausers Motion for Protection from Plaintiffs Improper Discovery & Rauhausers Motion for Sanctions for Discovery Abuse | 0 | $2.06 |
| | | | Subtotal | 0.00 | $12.36 |
| | | | Total | 207.70 | $98,187.36 |
| | | | Total Time and Expenses | 207.70 | $98,187.36 |

819