UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS RETZLAFF, et al.,<br><br>    Defendants. | Case No. 14-cv-01059-BLF<br><br>**ORDER ON MOTIONS**<br>[Re: ECF 82, 83, 89, 90] |

### I. PLAINTIFFS' "ADMINISTRATIVE MOTION PURSUANT TO FRCP 12(f)"

On October 30, 2014, Plaintiffs filed an "Administrative Motion" requesting a variety of actions from this Court including striking *pro se* Defendant Thomas Retzlaff's Reply in Support of His Anti-SLAPP Motion to Strike, ECF 80, in its entirety or portions thereof or, in the alternative, sealing the portions of the brief and accompanying exhibits. *See* Pl.'s Admin. Mot., ECF 82. Plaintiffs also request leave to file a revised or supplemental declaration from third party Brittany Retzlaff, and an order that no additional pleadings or motions may be filed until January 22, 2015 without leave of court. *Id.* at 11. Defendant Retzlaff opposes these requests. ECF 85.

Plaintiffs' request to file a revised declaration from Brittany Retzlaff with supplemental facts relevant to the pending Anti-SLAPP is GRANTED, and Plaintiffs shall file the revised declaration **by no later than November 21, 2014**. Defendant Retzlaff may respond to the revised declaration by filing a response of no more than 3 pages in length **by no later than December 3, 2014**. Plaintiffs' other requests are DENIED.[1]

---

[1] The Court notes that both parties have filed a substantial number documents, including procedurally improper motions and briefs containing evidence and arguments that are largely irrelevant to the issues raised in the pending motions. The Court will consider only relevant arguments and evidence in ruling on the pending motions.

The Court further observes that Retzlaff on October 23, 2014 filed a "Notice and False Evidence and Perjury" in advance of filing his Anti-SLAPP reply brief. *See* ECF 79. The Court construes this as an objection to Plaintiffs' evidence in support of their opposition to Retzlaff's anti-SLAPP motion and accordingly STRIKES the notice as improperly filed in violation of Civil Local Rule 7-3(c). To the extent he wishes to renew the objection, Retzlaff may withdraw his current reply brief and file a revised brief of no more than 15 pages in length, including evidentiary and procedural objections, **by no later than December 3, 2014**. Any revised reply brief may not contain any other new argument.

## II. PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL

On November 2, 2014, Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Neal Rauhauser, who has never appeared in this action. ECF 83. Defendant Retzlaff objected. ECF 84. Retzlaff's objection is STRICKEN. Plaintiffs' Notice of Voluntary Dismissal complies with Federal Rule of Civil Procedure 41(a)(1)(A)(i) and is, accordingly, self-executing. Defendant Neal Rauhauser was therefore automatically DISMISSED, without prejudice, from this action on November 2, 2014.

## III. DEFENDANT RETZLAFF'S MOTION TO APPOINT COUNSEL

On November 12, 2014, *pro se* Defendant Thomas Retzlaff filed a "Motion to Appoint Limited-Scope Counsel." Mot. to Appoint Counsel, ECF 89. Retzlaff appears to be seeking the appointment of counsel to represent him at the November 20, 2014 and January 22, 2015 on Retzlaff's respective motions to dismiss and anti-SLAPP motion.[2] *Id.* at 2. The motions to dismiss set for hearing on November 20, 2014 are fully briefed, and the anti-SLAPP motion will soon be fully briefed, subject to the Court's Order above.

28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a person generally has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

---

[2] Plaintiffs' objected to this request on November 13, 2014. ECF 91. It is unclear how Plaintiffs have standing to object to a different party's request that the Court appoint counsel.

1  Nevertheless, a court may under "exceptional circumstances" appoint counsel for indigent civil
2  litigants pursuant to § 1915(e)(1). *Palmer*, 560 F.3d at 970. When determining whether
3  "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits
4  as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of
5  the legal issues involved." *Id.* "Neither of these factors is dispositive and both must be viewed
6  together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).
7  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound
8  discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

Retzlaff's motion to appoint counsel contains ten pages of argument that is largely irrelevant to the factors identified above. As to indigency, Retzlaff merely states: "I do not have the financial resources to hire a lawyer for an amount that anyone would be willing to take in order to work on a case like these involving these plaintiffs." Mot. to Appoint Counsel 2. This vague statement of indigency, without any supporting documentation, is not sufficient for the Court to find the appointment of counsel appropriate under 28 U.S.C. § 1915(e)(1). Although some of the issues in this case may be complex, Retzlaff has filed numerous motions before the Court and has demonstrated facility with court procedures and with the applicable case law. Further, the Court is aware of no authority permitting the appointment of "limited-scope" counsel on fully briefed, or close to fully briefed, motions prepared by the party requesting representation. The circumstances, as a whole, are not so "exceptional" as to warrant the appointment of counsel. Retzlaff's Motion to Appoint Counsel is accordingly DENIED.

**IV.  DEFENDANT RETZLAFF'S REQUEST FOR TELEPHONIC APPEARANCE**

Retzlaff's renewed request to appear by telephone at the November 20, 2014 hearing on his motions to dismiss, ECF 90, is GRANTED. Defendant shall arrange the appearance through CourtCall in advance of the hearing.

**IT IS SO ORDERED.**

Dated: November 14, 2014

BETH LABSON FREEMAN
United States District Judge

3