UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS RETZLAFF, et al.,<br><br>    Defendants. | Case No.  14-cv-01059-BLF<br><br>**ORDER GRANTING DEFENDANT THOMAS RETZLAFF'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LIMITED LEAVE TO AMEND**<br><br>[Re: ECF 23, 29] |

A motion to dismiss for lack of personal jurisdiction brought by *pro se* defendant Thomas Retzlaff was heard on November 20, 2014.  Def.'s PJ Mot., ECF 23.  The Court has considered the parties' briefing, all relevant evidence submitted with the motion, and the oral argument presented at the hearing.  Under the applicable "effects" test enunciated in *Calder v. Jones*, 654 U.S. 783 (1984), and recently clarified in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Court finds that plaintiffs James McGibney and ViaView, Inc. ("Plaintiffs") have failed to sufficiently allege contacts "that the 'defendant *himself*' create[d] with the forum State" sufficient to exercise specific personal jurisdiction over Defendant Retzlaff, *id.* at 1122 (emphasis in original).  Defendant's motion to dismiss for lack of personal jurisdiction is accordingly GRANTED, with limited leave to amend the jurisdictional allegations.[1]

Plaintiffs shall file their amended complaint **within twenty-one (21) days** of the date of this order.  Amendment is permitted only with respect to the jurisdictional allegations, and

---

[1] Although Defendant Retzlaff has also filed a special motion to strike pursuant to California's anti-SLAPP statute, the state court practice of prohibiting amendment following the grant of an anti-SLAPP motion is inapplicable in federal court and conflicts with the liberal amendment policy enshrined in Federal Rule of Civil Procedure 15(a).  *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).  Moreover, the Court, in its discretion, is permitting leave to amend only as to the jurisdictional allegations.

1  Plaintiffs shall confine the amended allegations to a single, clearly identified section of the
2  amended complaint.  Plaintiffs shall not amend any other portion of the complaint.
3        Because the Court does not have personal jurisdiction over Defendant Retzlaff, his pending
4  motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6),
5  Def.'s 12(b)(6) Mot., ECF 29, shall be terminated and may be refiled, if appropriate, after
6  Plaintiffs amend the complaint.  Should Defendant re-notice his Rule 12(b)(6) motion after
7  Plaintiffs file their amended complaint, the fully briefed motion shall be decided on the strength of
8  the already submitted papers.  Any new motion challenging jurisdiction under the amended
9  complaint shall be noticed and filed in accordance with this Court's standing orders and the
10 applicable local and federal rules.[2]

**IT IS SO ORDERED.**

Dated: November 20, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] As stated on the record, the Court will only consider evidence that is relevant to and submitted in conjunction with properly filed motions before the Court.  Evidence and arguments should not be "incorporated by reference" to other filings.  Any filings made in contravention of the Court's standing orders, or of the applicable local and federal rules, will be summarily stricken.