IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DISVISION

JAMES McGIBNEY, an individual; and
VIAVIEW, INC., a corporation.
                Plaintiffs

v.                                        CASE NO.: 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;
LANE LIPTON, an individual;
DOE 1 – 5, individuals whose true names are not known.
                Defendants

**NON PARTY'S MOTION TO PARTICIPATE IN ALL FUTURE HEARINGS**

**<u>BY TELEPHONE</u>**

COMES NOW, Joseph A. Camp, *pro se,* and seeking to participate in all future hearings in the above captioned matter via Court Calls system for reasons stated:

**INTRODUCTION**

1)    Moving party is not a party to this case. He is an internet blogger who has been following the case extensively, reporting on both sides of the BAR in this matter, and maintaining a sit found at www.josephacamp.com with copies of all documents and related material pertaining to this matter.

2)    In recent filings, and hearings it has become evident that Plaintiff's criminal lolwyer Jason Jay Leiderman has sought to accuse him of criminal actions, and acting in some sort of "conspiracy" with

one or more of the Defendants. This alarming accusation has been repeated ignored by over 20 law enforcement agencies (see attached declaration) throughout the country who Mr. Leiderman has "reported" Movant to. With thousands of pages of e-detective "evidence" submitted to each agency Mr. Leiderman or his fan club on Twitter finds momentarily favorable, not a single charge has been initiated.

3)      Due to recent accusations in this Court of alleged criminal conduct by Movant, this matter has been moved to yet another venue by Mr. Leiderman in an attempt to chill my reporting on his and his clients (Plaintiffs) lawfare practices. Being accused of criminal conduct, not just once, by over 20 times is distressful. Due to these accusation, Movant now feels it is imperative to his Constitutional rights to be allowed to participate in all future matters via Court Calls (muted, so as not to disrupt the hearings).

## ARGUMENTS

### Participation In Criminal And Civil *Trials*

4)      Even though the Constitution contains no provision which by its terms guarantees to the public the right to attend criminal trials, various fundamental rights, not expressly guaranteed, have been recognized as indispensable to the enjoyment of enumerated rights. . . .  The right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and of the press could be eviscerated. (See: *Richmond Newspapers, Inc. v. Virginia, 448 US 555 - Supreme Court 1980*).

5)      The *Richmond* Court went on to state "*the First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal.*"

6)      Citing *Gannett Co. v. DePasquale, 443 U.S. 368* the *Richmond* Court found "*it has for centuries been a basic presupposition of the Anglo-American legal system that trials shall be public trials.*"

7)      The right to attend Trials is not absolute as the *Richmond* Court points out "Just as a legislature may impose reasonable time, place, and manner restrictions upon the exercise of First Amendment freedoms, so may a trial judge impose reasonable limitations upon the unrestricted occupation of a courtroom by representatives of the press and members of the public. *Cf. Sheppard v. Maxwell, 384 U. S. 333*. Much more than a city street, a trial courtroom must be a quiet and orderly place. Compare *Kovacs v. Cooper, 336 U. S. 77*. with *Illinois v. Allen, 397 U. S. 337*, and *Estes v. Texas, 381 U. S. 532*. "Moreover, every courtroom has a finite physical capacity, and there may be occasions when not all who wish to attend a trial may do so. And while there exist many alternative ways to satisfy the constitutional demands of a fair trial, those demands may also sometimes justify limitations upon the unrestricted presence of spectators in the courtroom."

### Participation in Criminal and Civil *pretrail suppression hearings*

8)      The *Gannett* Court concluded that neither the sixth amendment nor the first amendment requires that the press and public be granted access to a pretrial suppression hearing.

9)      Movant argues that it is within the Court's discretion to allow members of the public, the press, or a hybrid of both such as Movant to attend pretrial suppression hearings.

10)     In this particular case, Movant is not just a member of the public, and the press, but is also being accused of being some sort of un-sued, co-conspirator, which means that in reality, Movant could

be named as one of the Doe defendants in this matter. Furthermore, Mr. Leiderman has accused Movant of crimes and other actions that are highly vindictive and potentially actionable accusations not based in fact, but e-detective nonsense, and without being allowed access to the Court during the hearings, Movant will be unable to provide timely correction to Mr. Leiderman's defamation and libel, placed on the public record so-as he can't be held legally accountable when he Tweets it to his fan club on Twitter.

### Participation Will Not Prejudice The Parties

11)     This case is extensively reported on by independent reporters, bloggers, and even mainstream media. Every facet of this case is reported on. Neither party will be unduly prejudice by this request. However, not granting this request would hinder the rights of Movant, who, being homeless and poor as a result of the harassment received by Plaintiff and their false reports to law enforcement requiring time and money to remedy, would have to expend money to purchase reporter minutes, and documents from PACER, to be able to obtain the records so that they can be examined next to other Court records with inconsistencies, and travel to California from Ithaca, New York's homeless encampment where Movant current resides.

### Participation By Court Call

12)     To avoid disruption of the proceedings, Movant is seeking to participate via Court Call, with Movant's end muted so that no interference from him can be made on the record. Thus, he maintains the position of spectator, who is able to take notes as appropriate with respect to how this matter will affect him.

### CONCLUSION

13) The right of the press and public to attend civil trials is one grounded in the First Amendment. Plaintiff's attorney Jason Jay Leiderman has sought, time and again, to insert Movant -a non-party, into this case by alleging criminal accusations, that if made outside of the Court record would be defamation per se. As a result of Mr. Leiderman's continued lawfare harassment of Movant, it is vital to Movant as a member of the press, the public, and the civil equivalent to "un-indicted co-defendant", that he participate in the proceedings in the above captioned matter.

## PRAYER

**WHEREFORE**, for the aforementioned reasons, Movant, Joseph A. Camp, prays this Court grant permission to attend all future hearings in this matter as a right, and as a courtesy via a muted Court Call set up in advance of the hearings, or in the alternative make a copy of the transcripts immediately available to him free of charge, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

__/s/_____
Joseph A. Camp, *pro se*
Homeless, and scared to give an address.
CampJoseph01@gmail.com
607-342-5629