Judge Beth Freeman
Courtroom 3 - 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113                                             December 11, 2014

Re:  ViaView v Retzlaff, et al.
     Case No. 5:14-cv-01059-BLF

Dear Judge Freeman:

A copy of this letter has been filed with PACER and delivered to all parties of record, as outlined below.

In an abundance of caution I wish to inform you that we will soon be engaging in discovery against plaintiffs James McGibney and ViaView in the form of noticing McGibney to appear for a deposition in the state of Texas, as well as ordering him and ViaView to produce numerous personal and financial records.

While I understand that there is an anti-SLAPP motion (that I filed) pending before this Court, and that there is an automatic stay in discovery as a result, the questioning of McGibney under oath and the document production will all be taking place as a result of the recent Texas appellate court decision in an ongoing lawsuit involving the parties that was filed prior to this federal lawsuit.

As you know, I have repeatedly pointed out to this Court that McGibney and his attorney Jay Leiderman are nothing but legal terrorists who are engaging in a cross-country SLAPP spree.  One of the SLAPP suits they filed was against me (and my co-defendants here) in Texas state district court in Fort Worth, Case No. 067-270-699-14, styled *James McGibney v. Thomas Retzlaff, et al.*  In a case that was argued by Houston,

1

TX attorney Jeffrey Dorrell, in which I participated, the Texas Second Court of Appeals in Fort Worth, in case No. 2-14-00215-CV, just issued an opinion today determining that, in fact, McGibney has violated the law by filing a SLAPP lawsuit against me and the other defendants.  The appellate court has remanded the case back to the trial court for proceedings to assess attorney's fees and sanctions.  Such an award is mandatory under Texas law.  See Texas Civil Practice & Remedies Code § 27.009.

As such, it will be necessary to conduct a deposition of James McGibney so as to find out various things that will be relevant to the amount of sanctions that the trial court will award as punishment for McGibney's illegal conduct, and to compensate us for the damages that he has caused.

The topics that will be explored will clearly be relevant to this case here in your court, Judge Freeman.

We will be specifically questioning McGibney on the identities of his associates and the activities they have engaged in together, such as:  Adam Steinbaugh, McGibney's Twitter side-kicks *CattyIdiot* (@CattyIdiot, among other aliases) (an as yet unidentified middle-aged white male) and *Cpt. Obvious* (@Captian_0, among other aliases) (a man alleged to be Robert Lewis (Rob) Holmes), Kirsten Claire Olson-Curry, Carolyn Joy Dean-Pillutla, Philip R. Klein, Deric Lostutter, and Tracey A. Glass.

I am particularly curious as to exactly how it was the McGibney created the FAKE "evidence" that he used to lie and get my co-defendant Lane Lipton brought into court here and who exactly helped him with this.

Subpoenas will be issued for McGibney's computer records, internet & telephone records, financial records, and anything else that we can think of that will be remotely relevant to determining the amount of sanctions to be awarded – a very broad and comprehensive category, as you well know.  McGibney will also be questioned about his annoying habit of buying up websites in the names of people – to include attorneys defending against his SLAPP suits, and as such, subpoenas will be issued to GoDaddy and other web hosting companies.

I am letting you know all of this now ahead of time because I can practically hear the crying of opposing counsel as I type this letter up to you about how I am violating the anti-SLAPP discovery stay.  But, see, unlike Leiderman, I am not doing this unhandedly like he did when he tried to use a bogus restraining order case in Santa Clara county court to get subpoenas on me and my fellow co-defendants in violation of the law.

The Texas case was filed first.  We also have the Texas Court of Appeals supporting my position that this lawsuit here, in your court, is nothing by a SLAPP lawsuit and that McGibney and his attorney have violated the law by filing it.  Thus, they will soon be facing Texas justice in the form of $1 million in sanctions and over $200,000 in attorney's fees – which will make it the largest anti-SLAPP award in the history of the country!

I am very much looking forward to this opportunity to have a 'free shot' against McGibney, and both I and Mr. Dorrell will certainly make the most of it – you can bet on it!

Thank you for your time.

Respectfully yours,

 /s/ Tom Retzlaff
Tom Retzlaff
PO Box 92
San Antonio, Texas 78291-0092

Defendant, pro se

Cc

| | |
|---|---|
| Jason Leiderman | Clark Anthony Braunstein |
| Attorney for Plaintiffs | *Braunstein & Braunstein, P.C.* |
| 5740 Ralston Street, Suite 300 | 11755 Wilshire Boulevard, Ste. 2140 |
| Ventura, CA 93003 | Los Angeles, CA 90025 |
| California Counsel for Plaintiffs | Counsel for defendant Lane Lipton |

| | |
|---|---|
| Mr. Joseph W. Spence | Jeffrey L. Dorrell |
| Mr. Paul F. Gianni | Philip A. Meyer |
| *Shannon, Gracey, Ratliff & Miller, L.L.P.* | *Hanszen & Laporte* |
| 420 Commerce Street, Suite 500 | 11767 Katy Freeway, Suite 850 |
| Fort Worth, Texas 76102 | Houston, TX 77079 |
| Telephone: 817-336-9333 | |
| FAX: 817-336-3735 | |
| Texas Counsel for Plaintiffs | |