IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
      Plaintiffs,

v.

**CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;
LANE LIPTON, an individual;
and DOES 1-5, individuals whose true
names are not known,
      Defendants.

**Hearing Date**:  April 16, 2015
**Hearing Time**: 9:00 am
**Courtroom**:    3

## <u>DEFENDANT RETZLAFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>

Defendant Retzlaff moves for an order dismissing plaintiffs' suit for lack of subject-matter jurisdiction, as authorized by Federal Rule of Civil Procedure 12(b)(1).

The grounds for this motion are the Court lacks subject-matter jurisdiction over this dispute because the suit does not give rise to federal-question jurisdiction, diversity jurisdiction, or supplemental jurisdiction, or that the Court should abstain due to the pendency of a parallel state proceeding between the parties.

This motion is based on the pleadings and papers on file in this case and the attached memorandum of points and authorities, exhibits, declarations, as well as

arguments presented at a hearing.  Defendant does not waive his rights pursuant to his

previously filed and pending Rule 12(b)(6) motions to dismiss for lack of personal

jurisdiction.

## **NOTICE OF MOTION**

Please take notice that defendant Retzlaff will bring this motion for hearing before this

Court on April 16, 2015, at 9 am in courtroom #3.



Respectfully submitted,


<u>/s/  Thomas Retzlaff</u>
Thomas Retzlaff
PO Box 92
San Antonio, TX 78291-0092

Defendant, pro se

**Cases**

*Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41-42 (1st Cir. 2012) ........................ 7

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) .............................................. 6

*Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) .................. 14

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ................... 14

*Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) .......................... 9

*City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) ................................. 6

*Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ....................... 13

*Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ................................. 9

*Employers Ins. Of Wausau v. Fox Entm't Grp.*, 522 F.3d 271, 274-75 (2d Cir. 2008) .... 14

*Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir. 1992) ..................................... 7

*Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee* .................................. 6

*Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702

   (1982) ......................................................................... 6

*Jimenez v. Rodriguez-Pagan*, 597 F,3d 18, 27 (1st Cir. 2010) ........................................ 13

*Luckett v. Bure*, 290 F.3d 493, 496-97 (2nd Cir. 2002) ....................................... 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ................................. 6

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ........................... 14

*McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ............................... 7

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ........................ 7

*Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) ........................... 17

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-26 (1983) ........ 13

*Peter SZANTO, Plaintiff, v. British AIRWAYS, et al., Defendant.*, 99-CV-1508-J, 2000

   *Szanto v. British Airways*, WL 34017115 (S.D. Cal. Mar. 2000) .................................... 9

*PhotoThera, Inc. v. Oron*, 07CV490, 2007 WL 4259181 (S.D. Cal. Dec. 4, 2007) ........... 9

*PhotoThera, Inc. v. Oron*, 2007 WL 4259181, *8-9 (S.D. Cal. 2007) ............................... 7

*Popescu v. Jack Lalanne Fitness Centers*, 983 F.2d 1077 (9th Cir. 1992) ........................ 9

*Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 748 (1st Cir. 1995) ......................... 16

*Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) .................................................. 6

*Thornton v. Vonage Tel. Services, Inc.*, 2011 WL 768062 (N.D. Ohio 2011) .................. 9

*U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994) .......... 14

*Unimax Exp., Inc. v. Evergreen Shipping Agency,* 2012 WL 1884558, (C.D. Cal. 2012) . 8

*Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1141 n.5 (9th Cir. 2003) ............ 8

**Statutes**

28 U.S.C. §§1331, 1332 ................................................................................................ 5

28 U.S.C. §1332(a) ....................................................................................................... 7

28 U.S.C. §1332(a)(1) ................................................................................................... 6

28 U.S.C. §1332(a)(1)-(a)(3) ........................................................................................ 7

28 U.S.C. §1919 .......................................................................................................... 17

Tex. Civ. Prac. & Rem. Code § 27.008(a) .................................................................. 15

Texas Civil Practice & Remedies Code § 27.009(a)(2) ............................................... 15

**Rules**

Fed. R. Civ. P. 12(h)(3) ................................................................................................. 6

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>

<u>**A. INTRODUCTION**</u>

1.   Plaintiffs are James McGibney and ViaView, Inc.; defendants are Thomas Retzlaff, Neal Rauhauser, Lane Lipton, and Does 1-5.

2.   Plaintiffs sued defendants for (1) Tortious Interference with Contractual Relations; (2) Tortious Interference with Prospective Economic Advantage; (3) Intentional Infliction of Emotional Distress; (4) Defamation; (5) Public Disclosure / Invasion Of Privacy in the Northern District of California, San Jose Division.

3.   The Court lacks subject-matter jurisdiction over plaintiff's suit; therefore, the suit should be dismissed.

4.   The case arises from an attempt by plaintiff ViaView and its employee / CEO James McGibney to silence free speech and online criticism of plaintiff's company (which is a **revenge porn** website).  Both Viaview and James McGibney are Public Figures within the meaning of the anti-SLAPP statute having inserted themselves into numerous controversies over the past several years and having made numerous media appearances regarding the subject of bullying and infidelity.  As such, they are the fair subject of criticism, even intense criticism.

<u>**B. ARGUMENT**</u>

5.   This Court's jurisdiction is limited to cases arising under the U.S. Constitution or federal law or cases involving diversity of citizenship. *See* 28 U.S.C. §§1331,

1332.  In this case, the Court lacks subject-matter jurisdiction over this dispute because the suit does not give rise to federal-question jurisdiction, diversity jurisdiction, or supplemental jurisdiction.

6.    A party cannot inadvertently or intentionally (e.g., by agreement) waive its right to object to the court's lack of subject-matter jurisdiction.  *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  As a result, defects in the court's subject-matter jurisdiction can be raised at any time, including on appeal, by any party or the court.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

7.    Once a defendant files a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Luckett v. Bure*, 290 F.3d 493, 496-97 (2nd Cir. 2002).

8.    If the motion attacks diversity, the plaintiff must show that **at the time of filing** there was complete diversity and that the amount in controversy exceeded $75,000.  See *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (emphasis added).

## I. NO DIVERSITY JURISDICTION – CITIZENSHIP

9.   Although plaintiff alleged that the Court has diversity jurisdiction, there is not complete diversity between plaintiff and defendant.  Specifically, plaintiff cannot demonstrate complete diversity under 28 U.S.C. §1332(a)(1) because plaintiffs failed to allege each party's citizenship and whether or not they are citizens of different states.  *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see* 28 U.S.C. §1332(a)(1); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

10.   Merely stating that a party is a resident of a particular state is not sufficient because diversity jurisdiction depends on citizenship, not residence.  28 U.S.C. §1332(a)(1)-(a)(3).  Merely stating the parties' residences was all plaintiffs alleged in their complaint; citizenship was never addressed or mentioned once by plaintiffs.

## II. NO DIVERSITY JURISDICTION – AMOUNT IN CONTROVERSY

11.   Additionally, the amount in controversy does not exceed $75,000, excluding interest, costs, and attorney fees.  *See* 28 U.S.C. §1332(a); *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41-42 (1st Cir. 2012).

12.   It is well established within the Ninth Circuit that a court need not accept a plaintiff's bare allegation of damages exceeding the jurisdictional threshold for diversity jurisdiction, and may inquire into the adequacy of evidence.  Upon challenge by a defendant or the Court, the plaintiff has the burden to prove, **by preponderance of the evidence**, facts in support of a quantum of damages that

would satisfy the jurisdictional threshold.  *Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir. 1992), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis added).  If plaintiffs fail to carry that burden, the Court may dismiss for lack of diversity jurisdiction.  *PhotoThera, Inc. v. Oron,* 2007 WL 4259181, *8-9 (S.D. Cal. 2007) (finding damages allegations insufficient to establish amount in controversy for diversity jurisdiction); *Unimax Exp., Inc. v. Evergreen Shipping Agency,* 2012 WL 1884558, (C.D. Cal. 2012) (granting motion to dismiss under Rule 12(b)(1) where defendant's extrinsic evidence showed that damages were less than $75,000).

13.   A defendant may rely on extrinsic evidence in support of a Rule 12(b)(1) motion challenging subject matter jurisdiction.  *Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1141 n.5 (9th Cir. 2003); *accord*, *Unimax Exp., supra,* 2012 WL 1884558 (considering extrinsic evidence in finding that plaintiff failed to establish damages over jurisdictional threshold).

### III. PLAINTIFFS CANNOT ESTABLISH FACTS EXCEEDING THE JURISDICTIONAL THRESHOLD

14.   Plaintiffs allege that they "suffered general and special damages as a result of Defendants' contractual interference, interference with plaintiffs' business relationships, emotional distress, defamation, and harm to Mr. McGibney himself, including, but not limited to, harm to Mr. McGibney's reputation, emotional distress, lost earnings, and other pecuniary loss."  SAC at ¶ 343, 349, 352, 363, and 367 (ECF

125).  McGibney and ViaView claim these damages amount to more than $75,000.
Even if he could establish liability – and for the reasons stated in defendant's
previously filed anti-SLAPP motion (ECF 59) and motion to dismiss for failure to
state a claim (ECF 29), he cannot – he will not be able to prove damages exceeding
the jurisdictional threshold by a preponderance of the evidence, as demonstrated
below.

### A.  Plaintiffs Cannot Establish Reputational or Emotional Distress Damages Exceeding $75,000

15.   There are numerous cases within the Ninth Circuit that stand for the
proposition that trivial injuries arising from personal (i.e., emotional or reputational)
offenses are not sufficient to meet the jurisdictional threshold.  *Christensen v. Nw.
Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (discourteous and rude conduct of
airline staff could not create damages satisfying jurisdictional threshold); *Diefenthal
v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (stewardess allegedly causing
"humiliation" was insufficient to meet jurisdictional threshold); *PhotoThera, Inc. v.
Oron*, 07CV490, 2007 WL 4259181 (S.D. Cal. Dec. 4, 2007).  Many other federal
courts have reached the same conclusion.  *See, e.g., Popescu v. Jack Lalanne Fitness
Centers*, 983 F.2d 1077 (9th Cir. 1992) (alleged emotional distress from encounter
with health club employees and agents insufficient to exceed jurisdictional threshold);
*Peter SZANTO, Plaintiff, v. British AIRWAYS, et al., Defendant.*, 99-CV-1508-J, 2000
*Szanto v. British Airways,* WL 34017115 (S.D. Cal. Mar. 2000) (detention that
damaged plaintiff "in body, mind and spirit" insufficient to satisfy jurisdictional
threshold); *Thornton v. Vonage Tel. Services, Inc.*, 2011 WL 768062 (N.D. Ohio

2011) (claims based on anger, upset, and hurt feelings not enough to satisfy jurisdictional requirement).

16.  The Court's query is entirely germane to the facts here, especially considering how a jury would evaluate plaintiffs' subjective damages claim here.  It is plaintiff McGibney himself who took on the self-declared role of *Internet Vigilante* and decided to get involved in the public controversies involving bullying and infidelity. SAC at ¶3, 122-124.  The courts have found McGibney to be a Public Figure.

17.  Plaintiff's emotional and reputational damages claim must be considered in the context of the premise of this lawsuit, which is that plaintiff is free to deliberately make public and notorious allegations against private and public figures, but is (he claims) immune from having those allegations discussed critically, questioned or tested – especially when it deals with allegations involving McGibney's own hypocrisy in claiming to be an anti-bullying advocate while, at the same time, running a revenge porn / blackmail website and posting the private information and photographs of non-public / private individuals!  Evidently he also deems himself immune from criticism for his own public utterances and behavior – to especially include his numerous tweets from his now banned Twitter account @BullyVille (and other banned accounts), and faked resume and educational credentials.

18.  The cases cited above teach that even allegations of plausible offense cannot justify, on a motion under Rule 12(b)(1), a finding that a plaintiff has pleaded damages exceeding the jurisdictional threshold.  It hardly needs to be said that patently cynical claims of hurt feelings, such as those of the plaintiff here, are worth

even less.  And plaintiff's other claimed items of damages, such as lost earnings and damage to reputation, are presented in solely conclusory form, absent any allegation of facts from which the Court could credit them.  He will not be able to prove those harms by a preponderance of the evidence, either.



-- December 24, 2014, tweet from James McGibney (see Exhibit 1).

19.  Does the above tweet from McGibney's Twitter account seem to be coming from a man who has suffered emotional and reputational harm, or is this coming from a man who enjoys mixing it up and giving as good as he gets in the public forum? What kind of reaction will a jury have upon seeing this and all the other tweets from McGibney, and how will that reaction affect a jury's decision on damages?   See Exhibit 1.

20.  The Court should not lose sight of the ridiculous histrionics of plaintiffs' attorney, Jay Leiderman, during the November 20th hearing on the Rule 12(b)(2)

motion to dismiss for lack of personal jurisdiction in which Leiderman repeatedly

cried about *horrific death threats* being made against him by defendant.  It has been

well over a month and a half since that hearing and defendant has yet to be contacted

by any law enforcement authorities from any agency on the planet regarding these or

any of the other "criminal" allegations plaintiffs have claimed.  See Declaration of

Retzlaff at ¶6.


**B.  Plaintiffs Cannot Establish Contractual Interference / Interference with Plaintiffs' Business Relationships Damages Exceeding $75,000**


21.   In plaintiffs' complaint, plaintiffs allege that they had advertising contracts

with Spokeo.com, Lijit.com, Advertise.com, Godaddy.com, and Digit covers (see

SAC at ¶128), as well as business relationships with so-called Hollywood celebrities

DJ Ashba (aka Daren Jay Ashba) and Rebecca (Becca) Tobin (see SAC at ¶ 149, 151-

153), or the Hollywood movie studio Warner Brothers (SAC at ¶95-97).  Plaintiffs

also claim that they had a contract to be on the cover of *Rolling Stone* magazine.

SAC at ¶103.  However, at no time have plaintiffs alleged that they had actual formal

contracts with these individuals or entities.  Additionally, each of these entities has

been contacted and not a single one has confirmed that they ever had any contracts

with the plaintiffs, let alone that this defendant had any contact with them that caused

interference with contracts.


22.  Defendant specifically denies having any contact with these entities /

individuals prior to the filing of plaintiffs' lawsuit.

23.   Because defendant denies ever contacting these individuals and because no contracts existed between these individuals and plaintiffs, plaintiffs could not have suffered any damages as a result of this defendant's conduct.  According to plaintiffs' own pleadings, the decisions not to work or advertise with plaintiffs were the result of independent decisions / actions by these third party entities / individuals.  In a news article regarding Becca Tobin and DJ Ashba ending their relationship with plaintiffs that was published on October 2014 in *Al Jazeera America* online, both Tobin and Ashba state it was because they felt McGibney was the bully and they did not want to be associated with a man of such despicable character.

http://america.aljazeera.com/articles/2014/10/7/james-mcgibney-bullyville.html  See Exhibit 2.  See also Retzlaff declaration at ¶ 4.

24.   Remember that upon challenge by a defendant or the Court, the plaintiff has the burden to prove, **by preponderance of the evidence**, facts in support of a quantum of damages that would satisfy the jurisdictional threshold.  *Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir. 1992), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis added).  Thus, plaintiffs need to provide admissible evidence that said contracts actually did exist as opposed to being simply a figment of McGibney's and Leiderman's fevered imaginations.

## III. COURT SHOULD ABSTAIN FROM HEARING THE CASE

25.  Although plaintiffs alleged that the Court has jurisdiction, the Court should abstain from exercising its jurisdiction based on the *Colorado River* abstention doctrine and dismiss the case.  *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976).  Generally, the pendency of parallel state and federal proceedings is not sufficient to justify a federal court declining to exercise its jurisdiction.  However, under the Colorado River "exceptional circumstances" test a federal court may abstain from exercising federal jurisdiction when the same suit has previously been filed in state court.  See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-26 (1983); *Jimenez v. Rodriguez-Pagan*, 597 F,3d 18, 27 (1st Cir. 2010).

26.  Under the exceptional-circumstances test, the court should consider the following nonexclusive list of factors in determining whether to abstain: (1) the existence of a matter over which one court has established jurisdiction, (2) the relative convenience of the forums, (3) the avoidance of piecemeal litigation, (4) the priority of the cases, (5) whether state or federal law controls, and (6) the adequacy of the state proceeding to protect the rights of the party invoking federal jurisdiction.  See *Jimenez*, 597 F.3d at 27-28; *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994).

27.  In the case at hand here, the Court should abstain from hearing this case because there is an ongoing lawsuit between the parties within the state of Texas in

state court and because all of the factors above have been meet and are in favor of a resolution within Texas.

## A. First-to-file Rule

28.   Generally, the "first-to-file rule" determines which case should be dismissed – that is, when related cases are pending in two courts, the court where the suit was last filed cannot hear the case if the issues substantially overlap.  *Employers Ins. Of Wausau v. Fox Entm't Grp.*, 522 F.3d 271, 274-75 (2d Cir. 2008); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999).

29.   In the case at hand, plaintiffs have an ongoing state court case pending against defendant.  On February 19, 2014, plaintiffs filed a lawsuit in Tarrant County, (Ft. Worth), Texas, against all of the same defendants in the instant case here that are before this court.[1]  A copy of that lawsuit is attached as Exhibit 3.

30.   On March 20, 2014, an anti-SLAPP motion was filed in that case pursuant to the Texas Citizens Participation Act (CPA), Texas Civil Practices & Remedies Code chapter 27.  Upon the filing of that anti-SLAPP motion, plaintiffs attempted to file a Notice of Nonsuit.  On May 21, 2014, a hearing was held on the motion in the trial

---

[1] Of particular note is that, while the Texas lawsuit was filed by a different lawyer (John S. Morgan of Beaumont, TX), plaintiffs' counsel in the federal case, Jason Leiderman, is listed as being "Of Counsel" in the Texas case on the complaint.  Additionally, Leiderman himself has stated to this court that he has been in communication with the lawyers in Texas regarding this case.  Leiderman has also represented to this Court that he is the attorney of record (or "general counsel") for plaintiff ViaView, Inc. in all matters in all courts across this nation.

court, but the trial court overruled it by operation of law by failing to make a decision within the time required by the CPA (see Tex. Civ. Prac. & Rem. Code § 27.008(a)), which resulted in an appeal being filed with the Texas Second Court of Appeals in Ft. Worth, *Rauhauser, et al v. McGibney*, Case # 02-14-00215-CV (Tex.App. – Ft. Worth, (Dec. 11, 2014) (per curiam).

31.   On December 11, 2014, the Texas appellate court announced a decision in that case finding that James McGibney and ViaView, Inc. had, indeed, violated the law by filing a SLAPP suit against the defendants.  While the plaintiffs in this case did file Notice of Nonsuit, said nonsuit was determined by the court of appeals to be not effective and has no bearing on the anti-SLAPP issues.  The case will now be remanded back to the trial court for the imposition of attorney fees and sanctions against plaintiffs pursuant to the mandatory requirements of Texas Civil Practice & Remedies Code § 27.009(a)(2).  See Exhibit 4 (Opinion) and Exhibit 5 (Judgment).

32.   Under Texas law, once the appellate court found that McGibney and ViaView had violated the Citizens Participation Act by filing a SLAPP suit, the award of sanctions became mandatory.  In the case at hand, defendants have requested sanctions in the amount of $1 million dollars to be the amount of sanctions sufficient to deter the party who brought the legal action from bringing similar actions.

33.   The appellate court has ruled that James McGibney and ViaView are completely liable for the attorney fees for defendants.  That amount is now at $200,000.

34.  Additionally, because the Texas court of appeals ruled that plaintiffs' nonsuit was not effective, defendant Retzlaff will be taking up the issue of sanctions for anti-SLAPP violations in the trial court of the 67th District Court of Tarrant County, Texas, upon remand as a matter of right based upon the appellate court's specific finding plaintiffs' nonsuit was not legally effective.  As such, the doctrine of *res judicata* or claim preclusion applies **and this case by plaintiffs must be dismissed** because the Texas case was filed first.

## C.  REQUEST FOR LIMITED DISCOVERY

35.  Because the issues of whether or not valid contracts existed between plaintiffs and all of these individuals / entities listed in the complaint cannot be resolved by affidavits, the defendant may request permission to engage in limited discovery.  See *Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 748 (1st Cir. 1995); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  Thus, defendant asks for permission to conduct discovery towards these individuals / entities and plaintiffs.

## D. CONCLUSION

36.  For these reasons, defendant asks the Court to grant defendant's motion to dismiss plaintiffs' suit for lack of subject-matter jurisdiction and award defendant just costs under 28 U.S.C. §1919.

Respectfully submitted,


/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 92
San Antonio, TX 78291-0092

Defendant, pro se




**<u>CERTIFICATE OF SERVICE</u>**


I certify that on December 25, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


I certify that on December 25, 2014, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se