JASON S. LEIDERMAN, SBN 203336
jay@criminal-lawyer.me
LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorney for Plaintiffs
JAMES MCGIBNEY
VIAVIEW, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, an individual, and VIAVIEW, INC, a corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS RETZLAFF, an individual, DOES 1-5, individuals whose true names are not known,<br><br>Defendants. | Case No.: 5:14-cv-01059 BLF<br><br>**MOTION SEEKING SANCTIONS PURSUANT TO FRCP RULE 11 AGAINST NON-PARTY AND ATTEMPTED INTERVENER SUSAN MARIE BASKO; DECLARATION OF JAY LEIDERMAN**<br><br>Date: April 30, 2015<br>Time: 9:00 am<br>Place: Courtroom 3 |

**NOTICE TO THE COURT AND TO NON-PARTY / ATTEMPTED INTERVENOR SUSAN MARIE BASKO THAT PLAINTIFFS HEREBY SEEK SANCTIONS PER FRCP RULE 11.**

Susan Marie Basko is the digital equivalent of the crazy person on the block constantly yelling at kids to stay off her lawn.  She has gone too far this time.

Non-party attempted intervener SUSAN MARIE BASKO, a lawyer licensed in California, has, for some inexplicable reason, shed her duties as a lawyer and, as an extreme narcissist,  has filed two declarations with this court both on her own accord and in concert with Defendant Thomas Retzlaff. They are documents 105 and 124.  Her purpose in filing these documents was presumably to intervene in the case, to answer the complaint on behalf of defendant Retzlaff, or to prejudice counsel in the eyes

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 1

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

of the court as a continuing plot hatched by Retzlaff to attempt to cause a conflict such that Counsel will have to remove himself from this case.  Moreover, the repeated below the belt and fallacious, mendacious, and spiteful pleadings are improper under established law and good common sense.  As a member of the Bar, Basko is charged with knowing better.

In that the safe harbor provision of Rule 11 has been complied with (see exhibit 1), and Basko has not sought to withdraw her declarations, this motion properly lies.

A Rule 11 motion is also proper procedurally. Plaintiff's have (1) made a request for sanctions in a separate motion rather than as an appendage to another motion or responsive memorandum, and (2) Basko was given a twenty-one day safe harbor in which to withdraw or correct the allegedly offending filing. Fed.R.Civ.P. 11(c)(1)(A).

## I.     JURISDICTION IN PERSONAM

Because Basko has filed substantive pleadings with the court she has voluntarily subjected herself to the jurisdiction of the Court.  Indeed, that she has filed pleadings in an attempt to answer the complaint as to herself, she has placed herself in the shows of a litigant before the Court for purposes of this motion.  Basko stands as a Petitioner, seeking the Court to do something, i.e.; take notice that she is a wonderful person who was in no way in privity with Retzlaff.  As such, she has acquiesced to the jurisdiction of this court.  "Under the circumstances, petitioners must "reasonably anticipate being haled into court there" to answer for the truth of the statements made in their article. *World-Wide Volkswagen Corp. v. Woodson, supra*, at 297; *Kulko v. California Superior Court, supra*, at 97-98; *Shaffer v. Heitner, supra*, at 216." *Calder v. Jones,* 465 US 783, 790. Ms. Basko, according to the State Bar of California lives at 1823 N. Western Avenue, Los Angeles California.  She declared to the Court that she lives "out of state" and "thousands of miles away." Basko has repeated this in the two declarations filed with this Court.  She is properly subject to jurisdiction in California.

## II.    THE OFFENDING CONDUCT IS NOT RELEVANT AND IS INADMISSIBLE; IT HAS NO BASIS IN LAW, PROCEDURE OF FACT.  IT IS INANE.

Ms. Basko has filed two declarations in an attempt to intervene in these proceedings such that she can present evidence on her own behalf.  "[Statutory] broadening [of] the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 2

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

party seeking review must himself have suffered an injury." *Sierra Club v. Morton*, 405 US 727, 738. [Discussing a Plaintiff complaining of acts by a third party]  There is no theory of admissibility or relevance at this stage of the proceedings that Basko can possible advance.  In essence, both declarations were simply complaints that Counsel and/or Plaintiffs had added language about non-party Basko's acts to the complaints.  This is entirely consistent with Basko's other behavior in life.  Anytime anyone mentions her name on the internet she sends what she calls a lawfully sent "cease and desist notice."  Rule 11 requires that sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation. *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir.1987).  A non-party filing a declaration in the middle of a case for no legal reason is the height of frivolity.  It is also legally unreasonable.  By filing the complaining declarations, it even seems that Basko attempts to insert herself as Retzlaff's counsel and to answer the complaint.  Retzlaff has moved in several ways that the Court not force him to answer the complaint.

If these declarations are not an attempt to answer, then they are an improper attempt to intervene solely for the purpose of her vanity.  Basko tries to have the Court believe that she is some sort of good person and has no association to the case.  Basko has no standing to intervene under such circumstances and presents no question of fact or law relevant to this case at this time.  The law of intervention is governed by Rule.

Rule 24. Intervention

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 3

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Accordingly, these declarations are an improper and unauthorized third party filing that did not seek leave of court prior to the filing. Whichever way, they are improper and a California lawyer should know much, much better than to file papers on her own like the ones she has. That she does not go to court, as she claims, is no excuse for what she has done herein.

### III. BASKO THREATENED COUNSEL THAT IF HE USED HER NAME IN A COMPLAINT SHE WOULD REPORT HIM TO THE FBI, LOCAL LAW ENFORCEMENT AND OTHER AUTHORITIES. THREATENING COUNSEL IS IMPRERMISSIBLE

Ms. Basko has threatened Counsel that if he uses her name in pleadings she will (and did) report him to the FBI and other agencies (see Exhibit 2). Threatening Counsel is not a proper purpose for filing papers. Her pleadings are filed for an improper purpose, are meant to harass and are an improper application to intervene in the case. As such, they violate FRCP 11 and 12.

### IV. BASKO ALSO TRIES TO GET IN A RESPONSE FROM JOSEPH A. CAMP VIA HER SECOND DECLARATION. SHE EITHER LACKS PERSONAL KNOWLEDGE OR IS CONSPIRING WITH CAMP IN THIS ENDEAVOR

### V. BASKO DID NOT PROPERLY SERVE PLAINTIFFS

Basko is the lawyer for Joseph A. Camp. Camp was convicted of conspiracy to violate the computer hacking laws. Basko spends all of her time online. Literally all of it. Every minute of her waking hours. She is an alleged shut in that seems to do nothing else than blog and use social media. She sent emails with .pdf attachments to Counsel as "service." As Counsel had told her repeatedly that she was not to serve attachments by email due to the fact that he suspected malware to be part of the attachment (She remains close to Camp; his crime was putting malware into attachments) Counsel was unable to open presumable malicious attachments. In the course of the Retzlaff litigation, Counsel has received .pdfs with malware and they have done damage to his devices. Accordingly, Counsel had no chance to read or object to the declarations before they were filed. In that they were, in part, sent in to prejudice the Court against Counsel, another long-standing "trick" of Camp's and Retzlaff's copied by Basko, Counsel was hamstrung.

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 4

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## VI. BASKO'S PAPERS ARE PART OF A LONG-STANDING AND CONCERTED PLAN TO TRY TO EITHER GET COUNSEL TO VOLUNTARILY REMOVE HIMSELF AS COUNSEL OR TO WITHDRAW.

Counsel does not suffer Basko's nonsense lightly. Counsel was alleged to have called Retzlaff a convicted sex offender (he is). Since then, Retzlaff's BV Files Blog has had several articles, all of which Basko commented on, wherein Retzlaff discusses how he will create a conflict between Plaintifs and Counsel. Moreover, that Counsel has received all sorts of death threats and pejoratives, straight unfounded insults and attacks, Basko is part of continuing pattern of juvenile nonsense meant to scare Counsel away from this case. It won't work. The more these people attack, the more Counsel's resolve to see them receive justice steels. At this point, Counsel is wedded to this case until Retzlaff and his confederates receive their due measure of justice. It is Basko's turn.

## VII. PRAYER FOR RELIEF

Plaintiffs hereby request that the court issue sanctions in the form of money awarded to Plaintiffs and Counsel. Counsel requests $2500.00 for his time and Plaintiff requests $7,500.00 in the form of punitive sanctions. Plaintiffs pray that Basko be reported to the State Bar for incompetent and uncivil behavior. Plaintiffs also pray that the court strike the two declarations, documents 105 and 124 and admonish Ms. Basko that she is not to file anything with this court unless it is legally proper. Basko should be required to be personally present to answer for these filings.

Dated: 31 January 2015    LAW OFFICES OF JAY LEIDERMAN

By:_____/s/ Jay Leiderman_____
Jason S. Leiderman
Attorney for Plaintiffs
James McGibney
ViaView, Inc.
jay@criminal-lawyer.me

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 5

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

### DECLARATION OF JASON S. LEIDERMAN

1. I am an attorney duly licensed to practice law in the State of California.  I represent Petitioners ViaView, Inc. and its employees, including James McGibney.

2. It appears that she took the format of her declaration from Retzlaff.  It is just like his filings.

3. Her stated purpose was to get the declaration before the court.

4. I became acquainted with Ms. Basko in 2012 when she "tweeted" at me the day after a person named Barrett Brown was arrested.  She asked for my email address.  As a fellow member of the bar, I gave it to her.  She then sent me an email a true and correct copy is attached as exhibit 4.  Accordingly her assertion that she never had contact with me is a lie, and a bad one at that.

5. Ms. Basko has had a vendetta ever since I told people connected to Barrett Brown that they were better off not destroying evidence, as Basko advised they do.  See exhibit 5.  Basko could not handle that someone else would take my advice and has had a vendetta ever since.  I wish I was kidding, I am not.  I have highlighted the relevant areas for quick access.

6. Another good and verifiable example of a Basko lie is that in document 124 she accuses me of appearing in YouTube videos that concern her.  I have never appeared in a YouTube video.  A check of YouTube will reveal that.

7. I did not file a false police report against Joseph Camp, I filed a report that is currently being investigated by the FBI.  In that report, Basko, who is not licensed in New York, called as Camp's lawyer to tell the police that I made death threats toward her.  When she was pressed, she told the police that people I knew made death threats toward her.  I know a lot of people.  I don't know who she means.

8. I have never "stalked" Ms. Basko.  I find her repugnant and wish she would leave me alone.  I sought a restraining order, but the judge felt that cyber-harassment was insufficient to show the appropriate dangerous needed under the clear and convincing standard.  She will not stop.

9. I can go on and on about the lies and lunacy of Basko's declaration, but that is not necessary.  It is almost all lies.  Moreover, she will have no evidence to prove any of her contentions.

10. Moreover, Basko submitted a strikingly similar declaration in support of Retzlaff for the July 29, 2014 restraining order proceeding in Santa Clara Superior Court.  See exhibit 6.

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 6

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

11. Likewise, her nonsensical statements about Joseph A. Camp are false.  As sufficient proof of this, Plaintiffs and Counsel have a restraining order against Camp based in part upon Camps multiplicity of death threats.  Camp is an admitted sociopath and has spent an awful lot of time in prison the last 10 or 15 years of his life.  He is obsessive, manic and has nothing to do all day but conspire to harm Plaintiffs and Counsel.  And that he does.

12. Accordingly, Basko made knowing false allegations within the meaning of Rule 11.

13. All emails are true and correct copies of what they purport to be.

14. As to the email itself, it was sent by Basko.  She purports to have some sort of legal assistant, but even a cursory reading of the email shows that it quickly drifts from the nonsense of being sent from her office to being written in the first person.

15. Her assertions in her declarations and in her email that I post about her on "ED" and "Doxbin" are false and she has no evidence to support the claims.

16. Exhibit 1 is a true and correct copy of the safe harbor notice sent to Basko more than a month ago.

17. This document was mailed to Basko at 1823 N. Western Avenue, Los Angeles California, her last known address, consistent with FRCP 5.  Basko uses a "310" phone number, consistent with West Los Angeles, as evidenced by her email (exhibit 2).

18. All factual averments in the body of this work are true within the meaning of Rule 11.

19.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 31, 2014, at Ventura, California.

By: _____/s/_____*Jay Leiderman*_____

JASON S. LEIDERMAN

Counsel for Plaintiffs ViaView and James McGibney

RULE 11 MOTION SEEKING SANCTIONS AGAINST
NON-PARTY SUSAN MARIE BASKO
Page 7

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280