Judge Beth Freeman
Courtroom 3 - 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113                                                                                March 10, 2015

Re:  ViaView v Retzlaff, et al.
     Case No. 5:14-cv-01059-BLF

Dear Judge Freeman:

It is time to shut down Jay Leiderman's *ex parte* party!

Yes, as surprising at may seem, opposing counsel Jason (Jay) Leiderman is trying to use the restraining order SLAPP case that is pending in Santa Clara County Superior Court has a way of getting ex parte orders so as to gain an unfair advantage in this federal case.

It seems that Department 19 judge, Socrates Manoukian, in San Jose is Leiderman's favorite court to run to when he needs get his *ex parte* party started.  I cannot say I am surprised by conduct entirely consistent with what I have observed of his prior practice – making false statements to a court to obtain what he wants and doing so in *ex parte* communications whenever possible.  If his actions produce negative consequences, then he will quickly ditch the murder weapon or wipe his fingerprints off of it.  But soon, he engages in the same conduct *all over again.*

This despite the fact that Leiderman knows that I have hired Santa Clara attorney Daniel Jensen as my Special Appearance Counsel in that TRO case.  It is my understanding that this Court is personally acquainted with Mr. Jensen, who has been practicing before the Northern District of California since 1982 and who has been

1

named five times as one of Silicon Valley's best lawyers in criminal law.  Which makes Leiderman's ex parte game all the more puzzling.

But in any event, this Court needs to be on guard for likely future shenanigans by Leiderman and his client, James McGibney, as they have just hired as co-counsel a man named Evan Stone, an attorney out of Denton, Texas, who has a long and well documented history of breaking the law and flouting court rules.  See attached Exhibit 1: Notice of Appearance.

Specifically, Mr. Stone was hit with $25,000 in sanctions and attorney's fees by the U.S. Fifth Court of Appeals for sending out hundreds of illegal ex parte subpoenas in violation of the law and in violation of explicit court orders telling him NOT to be doing that.  See attached Exhibit 2: *Mick Haig Prods. E.K. v. Does 1-670*, 687 F.3d 649 (5th Cir. 2012).  These sanctions were levied in a case that Stone filed less than 6 months after passing the Texas State Bar.

As a part of the 5th Circuit Court's Orders, Stone is required to inform all courts and all litigants that he is involved with of this sanctions order.  Since opposing counsel has not done so, I decided to take it upon myself here to inform the Court of this.

These two lawyers have a long and well documented history of engaging in criminal conduct and in breaking the Rules whenever it suits them.  I am hoping that this Court will be on guard for any funny business by these two.

Thank you for your time.

Respectfully yours,

 /s/ Tom Retzlaff
Tom Retzlaff
PO Box 92
San Antonio, Texas 78291-0092

Defendant, pro se

Cc

| | |
|---|---|
| Jason Leiderman | Clark Anthony Braunstein |
| Attorney for Plaintiffs | *Braunstein & Braunstein, P.C.* |
| 5740 Ralston Street, Suite 300 | 11755 Wilshire Boulevard, Ste. 2140 |
| Ventura, CA 93003 | Los Angeles, CA 90025 |
| California Counsel for Plaintiffs | Counsel for defendant Lane Lipton |
| | |
| Service via CM/ECF system | Service via CM/ECF system |