```
 1            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                  IN AND FOR THE COUNTY OF SANTA CLARA
 3            BEFORE THE HONORABLE SOCRATES PETER MANOUKIAN, JUDGE
 4                             DEPARTMENT NO. 19
 5                                  --oOo--
 6
 7     VIAVIEW INC.,                      )
                                          )
 8            Plaintiff,                  )
       VS.                                )
 9                                        )   CASE NO.
       THOMAS RETZLAFF,                   )   1-14-CH005460
10                                        )
              Defendant.                  )
11     _____)
12
13                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                         HELD ON FEBRUARY 2, 2015
15
16
17
18
19     A P P E A R A N C E S:
20     FOR THE PLAINTIFF:         JAY LEIDERMAN   (VIA COURTCALL)
                                  ATTORNEY AT LAW
21
22     FOR THE DEFENDANT:         DANIEL JENSEN
                                  ATTORNEY AT LAW
23
24     OFFICIAL COURT REPORTER:   GEORGEANN M. WILES, CSR, RPR
                                  LICENSE NO. 10339
25
26
27
28
```

1    SAN JOSE, CALIFORNIA                    FEBRUARY 2, 2015

2                           PROCEEDINGS:

3              THE COURT:  Matter of ViaView versus Retzlaff.

4    Appearances.  Mr. Jensen?

5              MR. JENSEN:  Good morning, Your Honor.  Thank you,

6    Your Honor.

7              THE COURT:  Your appearance for the record.

8              MR. JENSEN:  Daniel Jensen making a special and

9    limited scope appearance on behalf of the defendant.

10             THE COURT:  Okay.

11             MR. McGIBNEY:  Good morning, Your Honor.  Jay --

12   Mr. Leiderman, our attorney, requested he submitted to call

13   in.

14             THE COURT:  He can do that.

15             THE CLERK:  He did, but he hasn't called.  We

16   haven't received CourtCall yet; so.  But he did ask.

17             THE COURT:  Call him directly.  I got other people

18   waiting to come in.  Can you call him and tell him to call

19   the department?

20             (Whereupon, a discussion was held off the record.)

21             THE COURT:  We're on the record here in ViaView

22   versus Retzlaff.  Mr. McGibney is here.  Mr. Daniel Jensen is

23   making a special and limited appearance for Thomas Retzlaff,

24   and Mr. Leiderman is on the telephone.

25        Mr. Jensen, what would you like to tell me?

26             MR. JENSEN:  At this point, my client is

27   challenging the service and is not waiving by my appearance.

28   He feels he's not been properly served.

1          THE COURT:  That's what he said in this 58-page
2  missive that he faxed to me.  He, I believe, was served.  In
3  fact, he has, as far as I'm concerned, appeared by filing for
4  a motion for new trial and other types of affirmative relief.
5  And he is -- he was here via Skype when the Court issued its
6  order and Mr. Leiderman filed an OSC for showing of contempt
7  in violation of the order.
8       So in my final order on the matter, I did, in fact,
9  make that finding.  Have you seen that order, Mr. Jensen?
10         MR. JENSEN:  Yes, I have, Your Honor, and I was
11 referring to -- I'm at a disadvantage.  I probably read maybe
12 a 1000 pages, and that's only a fifth filed in the federal
13 and state of Texas here.
14         THE COURT:  Additionally, I've been receiving a
15 series of e-mails from someone named Joseph Camp who says
16 he's 30 years old, he's too poor to appear, he's not a party
17 to this case, but he wants me to recuse myself from this case
18 because I'm a crook, I'm corrupt, I'm getting bribes, et
19 cetera, et cetera.
20         MR. JENSEN:  I have no knowledge of that.  I've not
21 seen those.
22         THE COURT:  At least six or seven with CCs to about
23 40 or 50 people.
24         MR. JENSEN:  I'm sorry about that.
25         THE COURT:  I mean, it comes from the territory.
26 I'm used to it; so.
27         MR. JENSEN:  I think what I was referring to is my
28 understanding is there is a contempt proceeding pending, and

1   I don't believe he's been personally served on the contempt
2   proceeding.
3           THE COURT:  Mr. Leiderman, you want to address
4   that?
5           MR. LEIDERMAN:  I'm sorry.  I'm having a good deal
6   of trouble hearing.
7           THE COURT:  Mr. Jensen says that Mr. Retzlaff was
8   not served with the contempt proceeding.
9           MR. McGIBNEY:  He was.
10          MR. LEIDERMAN:  That's the same process server that
11  served him with the original and has served it twice before,
12  served him as Mr. Retzlaff is backing out of his driveway.
13  The -- the process server came on in, said, you know, papers,
14  Retzlaff drove off.  So he's -- he's served.  And he put the
15  papers on the front door.
16      Mr. Retzlaff's -- Mr. Retzlaff's son, you know,
17  persisted denials that he was served are, first of all, not
18  credible, even when he did the same thing in the original
19  proceeding.  And cited in federal court, although he -- to
20  his credit, he withdrew that motion.
21      It's a series of lies and Mr. Retzlaff is incredible.
22  He was served.  He was served more than five days.  And he
23  lied to his counsel.  That's too bad.  There's a proof of
24  service.  It's a legitimate proof of service.
25          (Whereupon, there was an interruption by the
26  reporter.)
27          THE COURT:  Slow down.
28          MR. LEIDERMAN:  And if Mr. Retzlaff wanted to

1  testify --
2              (Whereupon, there was an interruption by the
3  reporter.)
4              THE COURT:  Mr. Leiderman.
5       If he wanted to testify what?  Mr. Leiderman?
6              MR. LEIDERMAN:  I'm sorry.  I couldn't hear.
7              THE COURT:  You were talking too fast.  You need to
8  slow down.  The court reporter is taking down what you're
9  saying.  You started to say, if he wanted to testify.
10             MR. LEIDERMAN:  He could have been personally
11 present, per the Court's order.
12             THE COURT:  Okay.  That's good enough.
13      Mr. Jensen?
14             MR. JENSEN:  Yes, Your Honor.  I have seen the
15 proof of service.  It appears to be appropriate and
16 legitimate.  I can't challenge the document.  I have no
17 personal knowledge, of course.
18             THE COURT:  All right.  The Court notes that he was
19 not present when ordered to do so.  So the Court will find
20 him in contempt of court for the lawful court order ordering
21 his presence and not for any other purpose.  The Court will
22 issue a bench warrant, set bail at $500.
23      All right.  Thank you.
24             MR. LEIDERMAN:  Actually, I would ask the Court,
25 Your Honor, under 1043 of the Penal Code, Mr. Retzlaff is
26 voluntarily [unintelligible] himself to see if he can go
27 through with the trial.
28             MR. JENSEN:  Your Honor, may I address that issue?

1   Now, again --
2           THE COURT:  I'm not going to go there just yet.
3           MR. LEIDERMAN:  Okay.  And the second request I
4   have is that the Court order the sheriff to go pick him up,
5   because it's very clear from all that Mr. Retzlaff has said,
6   he's talking to the Court on his blog --
7           THE COURT:  I made the order I made.  I'll leave
8   the execution of that to the sheriff.  They'll have to
9   arrange for out-of-state execution and so on, and they are
10  better at knowing how to do that than I am; so.
11          MR. LEIDERMAN:  I understand that, but they're more
12  likely to execute a warrant if the Court orders them to do
13  so.
14          THE COURT:  Well, I just did; so.
15      All right.  Thank you very much.
16          MR. LEIDERMAN:  Thank you, Your Honor.
17          THE COURT:  Mr. Jensen, have you seen this paper he
18  faxed to me?
19          MR. JENSEN:  Yes, I have.
20      Your Honor, just -- if I can.  Two things.  I was
21  hoping my personal appearance would excuse his personal
22  appearance.
23          THE COURT:  No.  He was ordered to be here.  He's
24  laughing at the court process the whole time.  He's smarter
25  than everybody else, and this is all a joke to him.  People
26  in the situation of Mr. McGibney and Mr. Retzlaff's daughter
27  and others, you know, they're entitled to some peace of mind
28  and relief too.  And that's why they come to court.  And like

1  I say, he's just making a joke out of everything because it's
2  all a game.  And he goes to great lengths to say why he can't
3  appear and so on, and then he bombards the Court, the parties
4  with e-mails and so on.
5       All good things have to come to pass; so.  I certainly
6  appreciate your situation, Mr. Jensen, and hope that
7  everything can eventually be amicably worked out which,
8  unfortunately, I don't think is going to happen.  It is what
9  it is.
10           MR. JENSEN:  Your Honor?
11           THE COURT:  Sir.
12           MR. JENSEN:  Of course, you know I don't take this
13  Court as a joke.
14           THE COURT:  I know.  You never have.
15           MR. JENSEN:  My understanding --
16           THE COURT:  That's why -- I was pleasantly
17  surprised to see here you.
18           MR. JENSEN:  My understanding, Your Honor, is that
19  there is scores, countless counts of contempt pending against
20  him.
21           THE COURT:  Right.
22           MR. JENSEN:  Is the Court taking a position because
23  he's not appeared it's not going to arraign him today on
24  those counts?
25           THE COURT:  He was ordered to be here, and he
26  wasn't here, so that's the only order that I'm issuing right
27  now, is that he was in violation of the order to be here, the
28  subpoena.  I'm not making any finding on the contempt count

Case 5:14-cv-01059-BLF   Document 162-2   Filed 04/14/15   Page 8 of 10
COPYING PROHIBITED PURSUANT TO GC SECTION 69954(D)        8

1  because, unfortunately, due to his shenanigans and
2  machinations with all the papers that he filed, properly and
3  improperly, I wouldn't even know what response went to -- in
4  some of the cases, what responses went to what papers,
5  because he -- he faxes papers to this department, which
6  aren't like this, 58-page -- actually, it's not 58 pages;
7  it's 68 pages -- missive, was not properly filed with the
8  court.  Well, I guess it was.  There's a file stamp on it.
9  They're legible.  And he sends e-mails to the Court, he sends
10 e-mails to opposing counsel, and so that has to be cleared
11 out first.
12         MR. JENSEN:  So at this point there's no
13 arraignment, and you're not going --
14         THE COURT:  He's not here, so I can't arraign him.
15         MR. JENSEN:  I'm thinking --
16         THE COURT:  I'm ordering since he's not here.
17         MR. JENSEN:  You could arraign him on a misdemeanor
18 contempt if you wanted to.
19         THE COURT:  This is serious business, and, no, I
20 want him here.
21         MR. JENSEN:  Okay.  Your Honor.
22         THE COURT:  I want him here, and I want to get this
23 resolved; so.
24         MR. JENSEN:  And I understand the Court's
25 frustration.  My client --
26         THE COURT:  I'm not frustrated.  This comes with
27 the territory too.  Like people who think they can send
28 letters to judges by e-mail and threaten people and judges

1   and so on.  And, you know, if this is Mafia threatening a
2   judge in Italy or whatever, you know, it's -- it comes with
3   the territory.
4           MR. LEIDERMAN:  One last thing.
5           THE COURT:  I'm not afraid of Mr. Retzlaff.  Nor
6   Mr. Camp.  I'm not afraid of anybody.
7           MR. JENSEN:  Your Honor, could he be appointed
8   public counsel?  He's facing extensive jail time if he's
9   found guilty.
10          THE COURT:  You know, he has to fill out the forms
11  to do that.  He says he has no assets.  I don't know if I can
12  believe that.  So I'm reluctant to burden any attorney with
13  the burden of Atlas here.  So unless, you know, the public
14  defender's office can take the case, that's up to the public
15  defender.  Ms. O'Neill knows the limits of her office better
16  than I do.
17          He's just not here.  He was ordered to be here.  He's
18  not here.  End of discussion.
19          MR. JENSEN:  Thank you, Your Honor.
20          THE COURT:  All right.  Thank you, sir.
21          MR. McGIBNEY:  Thank you.
22          THE COURT:  I'll speak to the deputy about
23  enforcement of that.  Thank you.
24          MR. LEIDERMAN:  Thank you, Your Honor.
25          THE COURT:  You know, he might have some
26  difficulties getting on an airplane.  Just so you know.
27          (Whereupon, the matter was adjourned.)
28

GEORGEANN M. WILES, CSR, RPR

REPORTER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       )     SS.
COUNTY OF SANTA CLARA  )

I, GEORGEANN M. WILES do hereby certify that the foregoing is a full, true and correct transcript of the proceedings had in the above-entitled action held on the 2nd day of February, 2015;

That I reported the same in stenotype to the best of my ability being the qualified and acting Official Court Reporter of the Superior Court of the State of California, in and for the County of Santa Clara, appointed to said court, and thereafter had the same transcribed into typewriting as herein appears.

I further certify that I have complied with CCP 237(a)(2) and that all personal juror identifying information has been redacted, if applicable.

Dated this 10th day of February, 2015.


        /s/ PDF COPY
    GEORGEANN M. WILES, CSR, RPR
    License No. 10339




Georgeann M. Wiles, CSR, RPR