IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


JAMES MCGIBNEY, an individual; and
VIA VIEW, INC., a corporation.
    Plaintiffs,

v.                                      **CASE NO.** 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;
LANE LIPTON, an individual;
and DOES 1-5, individuals whose true
names are not known,
    Defendants.


## DEFENDANT RETZLAFF'S MOTION TO RESET CASE MANAGEMENT CONFERENCE

    Pursuant to Local Rule 16-2(d) defendant Thomas Retzlaff respectfully asks the Court to reset the case management conference, or to otherwise keep it on hold pending a resolution of the three pending motions to dismiss and the special motion to strike. For reasons which should be obvious, defendant has not conferred with opposing counsel about this request.

    On April 17, 2015, the Clerk sent out an email saying that the case management conference has been reset to June 18, 2015, for courtroom #3. See ECF 165 (no document attached). However, still pending are Retzlaff's motion to dismiss for lack of

1

personal jurisdiction (ECF 134), motion to dismiss for lack of subject-matter jurisdiction (ECF 126), motion to dismiss for failure to state a claim (ECF 29), and the anti-SLAPP special motion to strike (ECF 59).

Defendant is informing the Court that should it deny the anti-SLAPP motion, Retzlaff will immediately be filing his notice of appeal (unless the case is dismissed on one of the three other motions, at which point Retzlaff will just leave well enough alone).

Thus, there does not seem to be much point in having a case management conference with these matters still left unresolved.

Additionally, Retzlaff is informing the Court that under no circumstances will he be appearing in person for this case management event as there is an extremely high likelihood of violence taking place between the parties.  This is because James McGibney suddenly decided to take it upon himself to start personally harassing and cyber-stalking Retzlaff's father because **James McGibney is a god damn lunatic**.

Attached as Exhibit One is a WhoIs website ownership report showing that on Saturday, June 13, 2015, at 8:24 am PT (or 15:24 zulu / GMT) James McGibney purchased a website domain in the name of BobRetzlaff.com.  Bob Retzlaff is the father of this defendant.  He is 84 years old and lives in Minnesota.  He runs a newspaper and, semi-retired, writes a weekly travel column detailing his frequent overseas trips and other travel adventures that he takes with his family and friends (to include the defendant here).

Throughout the day McGibney then proceeded to post a bunch of vile and ridiculous things specifically directed towards Retzlaff ex-wife, son, and father all because these

people have the gall and intestinal fortitude to support Tom Retzlaff in this fight against McGibney and his revenge pornography / blackmail company ViaView. See Exhibit 2.

McGibney then went onto his Bullyville.com website and posted some more threats towards Retzlaff's father. See Exhibit 3.

Retzlaff would remind the Court that McGibney and his attorney in this case Jay Leiderman have been personally involved in purchasing websites in the names of Retzlaff's children, his ex-wife, Houston, TX attorney Jeffrey Dorrell, co-defendants Lane Lipton, Neal Rauhauser, Lora Lusher, California attorney Susan Basko, and many, many others. See, e.g., Retzlaff's motion for appointment of counsel, ECF 89 and attached exhibits; see also Defendant's Notice of Witness Tampering, ECF 64 and attached exhibits.

The reason why all of this was likely brought on is that McGibney and Leiderman suffered a very significant defeat in the concurrent San Jose restraining order case (the other SLAPP suit that involves the parties herein). About a month ago Leiderman filed a motion seeking to dismiss the TRO appeal based upon the so-called Fugitive Disentitlement Doctrine, a copy of which it attached here as Exhibit 4. Retzlaff then filed his opposition. See Exhibit 5. On June 10, 2015, in a unanimous decision signed by the Chief Justice, the California Sixth Court of Appeals completely denied Leiderman's motion. See Exhibit 6.

Upon the filing of this Order, Retzlaff then filed a motion for a security undertaking pursuant to CCP 1030 in which he is seeking an Order requiring ViaView to post a $35,000 cash bond. See Exhibit 7. Thus, McGibney is now ratcheting up his campaign

of harassment and cyber-stalking.

But not wanting to be left out of this nonsense, ViaView attorney Jay Leiderman (who claims to be a Board Certified Criminal Law expert) thought it would be a good idea to call up Retzlaff's alleged co-defendant, Joseph Camp, and proceed to threaten to murder Camp in a phone call that was recorded. Retzlaff would invite the Court to take a moment to please listen in on it. It is quite horrific.

https://www.dropbox.com/s/9o72qhx6s42fqnz/Leiderman%20phones%20in%20death%20threat.wav?dl=0

Thus, for these reasons, it is extremely likely that a very violent confrontation will take place. While Retzlaff is sure that there is plenty of security in the courthouse, we have all seen in recent days just how good (or not so good) that turns out to be. Plus, there is no security outside in the parking lots, on the roadways, in front of houses, in peoples' cars, or anywhere else the parties are likely to find themselves. McGibney and his attorney Leiderman have clearly lost control over themselves and Retzlaff does not wish to be around when things go badly – as that is most certainly what will happen here.

This case is a ridiculously stupid waste of time and taxpayer monies. Does this Court, in all of its many years of trial experience, think that there is a jury on the planet that will find in favor of the plaintiffs here? Not on your life!

In addition, the trial will at – at a minimum – of at least two weeks. Because defendant is self-represented, things will be going very, very slowly as Retzlaff will not be rushed at trial. Plus, Retzlaff will be subpoenaing and calling to the witness stand each and every

one of plaintiffs' advertisers and former celebrity sponsors. If a Hollywood person's name appeared on McGibney's website, he or she will be hit with a federal court subpoena – **100% VERIFIED** (as McGibney likes to say). And the same holds true for every single company whose ad appeared on a McGibney related website. All will be subpoenaed and brought into court before the jury to see what they knew and when they knew it.

Plus, Retzlaff has at least fifteen other pre-trial motions just waiting to be filed once the jurisdictional issues are dealt with. Motions such as a CCP 1030 demand for an undertaking by the out-of-state plaintiff ViaView, and a motion seeking to disqualify plaintiffs' attorney Leiderman (due to him being a fact witness and a counter-defendant).

All of this and much, much more are guaranteed to keep us all occupied for a very long time to come. Which is why the Court needs to dismiss this case and order sanctions and costs against plaintiffs.

For these reasons, and in the interests of not seeing anyone killed or seriously hurt, defendant asks that the case management conference be reset until such a time as the Court issues its rulings upon the various pending motions, and that if there is going to be a conference, that it be done via telephone conference call without Retzlaff having to be present.

Respectfully submitted,

/s/  Thomas Retzlaff
Thomas Retzlaff
PO Box 92
San Antonio, TX 78291-0092

**CERTIFICATE OF SERVICE**

   I certify that on June 14, 2015, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

   I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

   I certify that on June 14, 2015, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

   Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

   I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/  Thomas Retzlaff
Thomas Retzlaff

Defendant, pro se