UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THOMAS RETZLAFF,<br><br>　　　　　Defendant. | Case No.   14-cv-01059-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Re: ECF 134] |

Before the Court is the motion to dismiss for lack of personal jurisdiction filed by *pro se* defendant Thomas Retzlaff ("Defendant"). Def.'s Mot., ECF 134. For the reasons stated herein, Defendant's motion is GRANTED, and this action is DISMISSED for lack of personal jurisdiction.[1]

**I.   BACKGROUND**

　　**A.   Allegations in the Complaint**

This case sees the Internet at its worst. Plaintiffs are James McGibney and his company, ViaView, Inc. (collectively, "Plaintiffs"). McGibney has, at all times relevant to this lawsuit, resided in San Jose, California.[2] Second Amended Compl. ("SAC") ¶ 2, ECF 125. McGibney is the founder and CEO of plaintiff ViaView, Inc., a Delaware corporation with "business centers" in San Jose, California and Las Vegas, Nevada. *Id.* ¶ 3. ViaView owns and operates websites such

---

[1] Also pending before the Court are Defendant's separate motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim, as well as Defendant's special motion to strike pursuant to California Code of Civil Procedure § 425.16. ECF 59, 126, 132. Because this Court determines that it does not have personal jurisdiction over Defendant, those other motions are DENIED as moot.

[2] McGibney also owns residential property in Las Vegas, Nevada. *Id.*

as "BullyVille," an "anti-bullying website," "CheaterVille," an "anti-infidelity website," and other similarly named websites on topics such as karma, tattoos, and online dating. *Id.* ¶¶ 2-3, 122-23.

Plaintiffs and their websites have drawn the ire of certain members of the population. These individuals excoriate McGibney, ViaView, and ViaView's websites—in particular, BullyVille and CheaterVille—through vitriolic postings on popular Internet forums such as Twitter and Facebook, as well as through a dedicated weblog at BVFiles.wordpress.com. *Id.* ¶¶ 136-37. Plaintiffs allege that Defendant is one of the more prolific of these Internet commenters. Beginning in October 2013, Defendant allegedly used a number of different Internet aliases, or "sock puppets," to "harass, stalk, terrorize and defame" Plaintiffs and their business partners. *Id.* ¶¶ 136-39. By way of example, Plaintiffs allege that Defendant used the Twitter account @KellySwift4 in November 2013 to tweet two celebrities who had endorsed BullyVille with the following message: "Why do you support revenge porn w/ ur BullyVille endorsements? Don't u know BV runs Cheatersville revenge porn site too?!!" *Id.* ¶¶ 19, 148. Similarly, Defendant allegedly used the Twitter account @Doxing_McGibney to publicly tweet McGibney's Las Vegas and San Jose addresses. *Id.* ¶¶ 20, 154. Plaintiffs also allege that Defendant used electronic mail aliases to send unsavory emails to McGibney and a blogger who had worked with McGibney to "shutter revenge porn websites." *Id.* ¶¶ 21, 33-37, 155-57, 169, 171.

Based upon numerous tweets, emails, and other online postings that Plaintiffs attribute to Defendant, Plaintiffs seek injunctive and monetary relief for tortious interference with contractual relations (First Claim) and tortious inference with prospective economic advantage (Second Claim). *Id.* ¶¶ 338-52. Plaintiff McGibney individually brings claims for intentional infliction of emotional distress (Third Claim), defamation (Fourth Claim), and public disclosure of private fact/invasion of privacy (Fifth Claim).

**B. Procedural History**

Plaintiffs filed this lawsuit in March 2014 naming three defendants: Thomas Retzlaff, Neal Rauhauser, and Lane Lipton. Defendants Rauhauser and Lipton were dismissed in November and December of 2014, respectively, and Retzlaff remains the only named defendant. On November 20, 2014, the Court granted Defendant's first motion to dismiss for lack of personal jurisdiction.

1  Because Defendant had also filed a special motion to strike the complaint pursuant to California
2  Code of Civil Procedure § 425.16 ("anti-SLAPP" motion), the Court permitted Plaintiffs limited
3  leave to amend only their jurisdictional allegations. Order, ECF 102. Plaintiffs filed the operative
4  SAC on December 23, 2014, and Defendant subsequently renewed his challenge to personal
5  jurisdiction along with his other challenges to the SAC.

## II. LEGAL STANDARDS

Once a defendant brings a challenge to the court's jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (a plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction").

Where, as is the case here, the defendant's motion to dismiss is based on written materials and not an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdictional facts." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). However, a plaintiff cannot "simply rest on the bare allegations of its complaint," *Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)), because the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Uncontroverted allegations in the complaint must be taken as true, *Schwarzenneger*, 374 F.3d at 800, and factual disputes contained within declarations or affidavits are resolved in the plaintiff's favor, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

## III. DISCUSSION

As an initial matter, the Court observes that Plaintiffs alleged a substantial number of new facts in their SAC, including events that occurred after the filing of this lawsuit. While ostensibly framed as "jurisdictional," these allegations in fact defy the Court's order that Plaintiffs' amendments be limited to allegations concerning this Court's personal jurisdiction over Defendant. *See* ECF 102, 121. The Court's order was not merely directed toward formatting but

rather, as stated on the record at the November 20, 2014 hearing, because Defendant's anti-SLAPP motion precludes amendment to the *substantive* allegations supporting Plaintiffs' claims. Much of what has been alleged in Plaintiffs' amended "jurisdictional" allegations is directed toward bolstering the merits of their claims for relief. Moreover, the allegations that pertain to Defendant's more recent alleged misconduct are irrelevant to whether the Court has personal jurisdiction in connection with the claims in this lawsuit, which were not allowed to be substantively altered, and which were originally asserted in the First Amended Complaint and replicated in the SAC without amendment. As such, the Court, in its analysis, disregards the allegations in the SAC pertaining to events that occurred after March 17, 2014.

Personal jurisdiction can be either "general" or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Plaintiffs only argue for specific jurisdiction in this case. Pl.'s Opp. 4, ECF 141. In the absence of a specific statutory provision conferring jurisdiction, federal courts apply the personal jurisdiction laws of the state in which they sit. California's long-arm jurisdictional statute is "coextensive with federal due process requirements." *Mavrix*, 647 F.3d at 1223. Thus, in order to exercise specific jurisdiction over a non-resident defendant, the defendant must have sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Defendant contests that he has sufficient minimum contacts with the State of California for this Court to exercise specific personal jurisdiction over him.

The Ninth Circuit Court of Appeals, in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004), established a three-prong test for determining whether a non-resident defendant is subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

4

*Id.* at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff asserting the existence of jurisdiction bears the burden of proof with regard to the first two elements. *Boschetto*, 539 F.3d at 1016. If the first two elements are satisfied, the burden then shifts to the defendant to "present a compelling case" that exercising jurisdiction would be unreasonable. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

### A. Defendant is not precluded from challenging personal jurisdiction.

Before turning to the question of Defendant's contacts with California, Plaintiff asserts that collateral estoppel precludes Defendant from challenging this Court's personal jurisdiction over him. Pl.'s Opp. 2-3. Plaintiffs contend that the issue of personal jurisdiction was raised in a restraining order proceeding between the parties in the Superior Court of California for the County of Santa Clara. *Id.* at 3. Over Defendant's jurisdictional challenge, the state court judge entered a restraining order against him and "[n]ecessary to [the judge's] order is a finding that [Defendant] is subject to personal jurisdiction in California." *Id.* As such, Plaintiffs argue that Defendant should be barred from re-litigating the issue of personal jurisdiction.

The doctrine of collateral estoppel, or issue preclusion, may apply to issues of personal jurisdiction that were previously litigated. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). Under this doctrine, a party is precluded from relitigating an issue if four requirements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was *final* judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (emphasis added).

Under California law, a judgment is not final for the purposes of collateral estoppel "until it is free from the potential of a direct attack, i.e. until no further direct appeal can be taken." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 n.3 (9th Cir. 2010) (citing *Abelson v. Nat'l Union Fire Ins. Co.*, 28 Cal. App. 4th 776 (1994)). Defendant provided evidence that he has appealed the state court's restraining order and that the judgment is therefore not yet final. Def.'s Reply 7, ECF 143; *id.* Exh. 1. As such, collateral estoppel is inapplicable to Defendant's challenge to this Court's exercise of personal jurisdiction. More

fundamentally, "a federal court must not fail to address the due process requirements of the federal constitution through blind adherence to a state court's determination of that issue." *Davis v. Metro Prods.*, Inc., 885 F.2d 515, 519 (9th Cir. 1989). As such, an exercise of personal jurisdiction is "a matter that must be independently determined by the federal court," *id.*, and is not amenable to the offensive use of collateral estoppel that Plaintiffs urge here. *Accord Kennedy v. Phillips*, No. C11-1231 MJP, 2012 WL 261612, at *3 (W.D. Wash. Jan. 30, 2012). Therefore, Defendant is not precluded from challenging personal jurisdiction in this Court.[3]

### B. Plaintiffs failed to establish specific personal jurisdiction over Defendant.

It is undisputed that Defendant does not reside in California. Moreover, he declares that he has not been in California in several years and does not own any property in this state. Decl. of Thomas Retzlaff ¶¶ 3-5, ECF 134-1. When a case sounds in tort, as this one does, the Court considers whether the defendant has "purposefully directed" his activities at the forum state, even if those activities occurred elsewhere. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). "Under this test, a defendant purposefully directed his activities at the forum if he: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 803); *see also Calder v. Jones*, 465 U.S. 783 (1984). Failing to plead any one of these three elements is fatal to the plaintiff's attempt to exercise jurisdiction. *See Brayton*, 606 F.3d at 1128-29. The parties' arguments on purposeful direction focus on the "express aiming" prong of this test. *See* Def.'s Mot. 10-12; Pl.'s Opp. 5-6.

As the Ninth Circuit recently acknowledged, the personal jurisdiction analysis, as guided by the United States Supreme Court's ruling in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), focuses on "the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *Picot*, 780 F.3d at 1214. A plaintiff who resides in the forum state cannot be the only link between the defendant and the forum. *Id.* (quoting *Walden*, 134 S. Ct. at 1122). "[M]ere injury to a forum resident is not a sufficient connection to the forum"; courts analyzing personal

---

[3] The Court declines Plaintiffs' request to stay this action pending resolution of the state court appeal. No judicial benefit is imaginable from such an act.

6

1    jurisdiction must engage in a "forum-focused" inquiry. *Walden*, 134 S. Ct. at 1125. Although the
2    *Walden* court expressly declined to address the issue of virtual contacts, courts applying the
3    familiar *Calder* test in Internet cases consistently hold that more is required for the exercise of
4    personal jurisdiction than injurious Internet postings floating in the ether that happen to find their
5    way to the plaintiff's attention in the forum state. *Patchen v. McGuire*, No. CIV.A. 11-5388, 2012
6    WL 4473233, at *5-13 (E.D. Pa. Sept. 27, 2012); *Mavrix*, 647 F.3d at 1231 ("Not all material
7    placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every
8    state in which it is accessed."); *Young v. New Haven Advocate*, 315 F.3d 256, 264 (4th Cir. 2002)
9    (no personal jurisdiction over newspaper that posted allegedly defamatory article on passive
10   website); *see also DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 874 (N.D. Cal. 2012);
11   *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir.
12   2014). Recently, a California Court of Appeal applying *Walden* and *Calder* reiterated the plainly
13   obvious proposition that "merely posting on the Internet negative comments about the plaintiff and
14   knowing the plaintiff is in the forum state are insufficient to create minimum contacts." *Burdick v.*
15   *Superior Court*, 233 Cal. App. 4th 8, 25 (2015).

16   Here, all of Defendant's alleged misconduct occurred outside of California and in
17   cyberspace. A significant portion of the allegations concern negative comments posted on public
18   Internet forums. *See* SAC ¶¶ 140-46, 154, 158-64, 167-68, 170, 173-75, 179-82. Plaintiffs have
19   offered no facts or evidence to indicate that these comments were directed toward a California
20   audience, whether they interfered with ViaView's business or defamed McGibney.[4] Indeed,
21   Defendant's declaration indicates that until the filing of this lawsuit, he believed Plaintiffs were in
22   Las Vegas, Nevada because ViaView is incorporated in Delaware and publicly lists only an office
23   in Nevada.[5] Retzlaff Decl. ¶¶ 7-8; *id.* Exh. 2. Plaintiffs submitted no evidence to refute these
24   assertions. In any case, even taking these allegations at face value, postings on public Internet

---

[4] Although the economic torts (First and Second Claims) are alleged on behalf of both plaintiffs, there is no evidence that McGibney has any business relationships outside of ViaView that were injured by the alleged misconduct.

[5] Obviously, Defendant is now very much of aware of where Plaintiffs are located.

United States District Court
Northern District of California

forums, without more, are insufficient to establish minimum contacts with California. *Burdick*, 233 Cal. App. 4th at 25; *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 616 n.4 (9th Cir. 2010) (no personal jurisdiction in California where plaintiff failed to allege facts demonstrating that defendant intentionally targeted plaintiff's business interests in California, especially because plaintiff was a citizen of Nevada and not California).

There are some allegations in the SAC concerning targeted communications via Twitter and email. Under various guises, Defendant is alleged to have tweeted at a celebrity and sent harassing emails to McGibney, one of McGibney's acquaintances, and at least one of ViaView's board members, all of whom are resident in California.[6] *See* SAC ¶¶ 19, 21, 33, 35-38, 40, 153, 155-57, 169, 171-72, 183, 184. These more direct virtual contacts present a closer question on personal jurisdiction, but cannot surmount the challenges advanced by Defendant. As an initial matter, Defendant roundly denies being in personal communication with plaintiff McGibney and moreover denies all of the misconduct that Plaintiffs attribute to him, including knowledge of ViaView's advertising partners and the location of ViaView's former celebrity endorsers. Retzlaff Decl. ¶¶ 8, 11. The only evidence submitted in support of Plaintiffs' opposition to Defendant's present motion is the declaration of plaintiff McGibney, which largely restates the allegations in the SAC.[7] *See* Decl. of James McGibney, ECF 141-1. When the factual basis for jurisdiction is challenged, as it has been here, a plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *Schwarzenneger*, 374 F.3d at 800. In other words, while the plaintiff's burden is

---

[6] It is not entirely clear what relevance some of these allegations have to Plaintiffs' claims against Defendant in this lawsuit. For example, while the Court will accept that emailing McGibney's acquaintance Adam Steinbaugh to threaten disclosure of private information might be relevant to McGibney's intentional infliction of emotional distress claim, Defendant's alleged act of "emailing Adam Steinbaugh directions and travel time" from Defendant's location to Mr. Steinbaugh's apartment in Los Angeles is, if anything, only relevant to a potential claim by Mr. Steinbaugh. *See* SAC ¶ 21.

[7] As with the SAC, the Court disregards the portions of the McGibney declaration concerning events after March 17, 2014. The portions that *are* relevant to the Court's consideration restate the allegations in the SAC.

a low one, he still must show the existence of jurisdictional facts "based on *affirmative proof* beyond the pleadings, such as affidavits, testimony or other *competent evidence* of specific facts." 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (3rd ed. 2002) (emphasis added); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). Mr. McGibney's declaration in support of Plaintiffs' opposition brief provides no competent evidence to refute Defendant's declaration. For example, McGibney declares that he can testify "on personal knowledge" that "[Defendant] knew that [McGibney's] resident and domicile was in San Jose, California and [Defendant] intentionally committed wrongs against [Plaintiffs] . . . knowing that we were in San Jose, California" and that Defendant is behind the various Twitter and email aliases that perpetrated the alleged misconduct. *See, e.g.*, McGibney Decl. ¶¶ 5, 10, 13, 15-19, 22-25, 29, 31, 33-40, 43, 45-47, 49, 51-52, 56, 58, 60, 68. These are simply recapitulated allegations from the SAC. More fundamentally, Plaintiffs provide no foundation for McGibney's ability to testify on personal knowledge to any of these allegations concerning Defendant's intent, knowledge, and operation of the alleged aliases. Plaintiffs cannot avoid their evidentiary burden on a factual challenge to personal jurisdiction by resting on the allegations in the SAC. Absent competent evidence, Plaintiffs failed to make a prima facie showing of jurisdictional facts sufficient to carry their burden of establishing the first two elements of the *Calder* effects test. *Accord Fahmy v. Hogge*, No. CV 08-1152 PSG SHX, 2008 WL 4614322, at *5 (C.D. Cal. Oct. 14, 2008).

"As a practical matter, email does not exist in any location at all; it bounces from one server to another, it starts wherever the account-holder is sitting when she clicks the "send" button, and it winds up wherever the recipient happens to be at that instant. The connection between the place where an email is opened and a lawsuit is entirely fortuitous." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 803. Thus, without more to establish Defendant's association with the email accounts alleged in the SAC, as well as his knowledge that the recipients of those emails were California residents, Plaintiffs have failed to establish Defendant's contacts with this forum. Much as in *Picot* and *Walden*, any suit-related connections between Defendant and the State of California were, on the record before the Court, "random, fortuitous, or attenuated." *Walden*, 134

9

S. Ct. at 1123 (quoting *Burger King*, 471 U.S. at 475). As such, Plaintiffs failed to demonstrate, through affirmative proof with competent evidence beyond the pleadings, that Defendant has sufficient contacts with this forum that the exercise of specific personal jurisdiction over him comports with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *accord Patchen*, 2012 WL 4473233, at *5-13.

To be sure, Defendant is now fully on notice of Plaintiffs' location and of their attention to his alleged postings. Future misconduct targeted at Plaintiffs may tilt the analysis in favor of specific personal jurisdiction in California in connection with a different complaint. As it stands, based upon the relevant allegations in the SAC and the competent evidence before the Court, this Court does not have specific personal jurisdiction over Defendant. Defendant's motion must therefore be GRANTED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED, without further leave to amend, and this action is DISMISSED, without prejudice, for lack of personal jurisdiction. As this Court lacks personal jurisdiction over Defendant, the Court declines to address any of Defendant's remaining motions. The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: June 18, 2015

BETH LABSON FREEMAN
United States District Judge