JASON S. LEIDERMAN, SBN 203336
jay@criminal-lawyer.me
LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorney for Plaintiffs
JAMES MCGIBNEY
VIAVIEW, INC

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, an individual, and VIAVIEW, INC, a corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THOMAS RETZLAFF, an individual, DOES 1-5, individuals whose true names are not known,<br><br>    Defendants. | Case No.: 5:14-CV-1059-BLF<br><br>**OPPOSITION TO MOTION FOR BILL OF COSTS**<br><br>October 15, 2015<br>9:00 am<br>Courtroom 3 |

TO THE HONORABLE COURT, THE JUSTICES THEREOF, TO THE CLERK OF COURT AND TO DEFENDANT RETZLAFF

    Plaintiffs still object to Retzlaff's request for costs. First, he chooses to charge 30 cents per copy for using his own printer. He has no backing for that. Next, he wishes to charge $110.00 for mailing, though courtesy copies were not required. He admits this number was pulled out of thin air and that he has no receipts. Moreover, necessary costs are to be reimbursed. Retzlaff filed so many irrelevant and nonsensical documents in this case that he should be accorded 1/10th of his reasonable ($.10/page, like copy shops charge) copying costs, if any. Indeed, his home copying was likely cheaper. Retzlaff seemed to think that putting in counsel's mortgage and half the tweets ever sent by anyone on earth are

REQUEST FOR JUDICIAL NOTICE
Page 1

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

appropriate.  Retzlaff spent so much time calling Counsel a Vicodin addict and so much time calling Plaintiff McGibney "Piss Boy" that he artificially inflated his pleadings.  His work was the essence of irrelevance.  Plus, he filed numerous irrelevant documents.

Indeed, based upon the maliciousness of Retzlaff's pleadings, coupled with a lack of receipts and a lack of trust for Retzlaff it would be proper for the court to deny costs altogether.

We respectfully request the court to take judicial notice of the matters below filed in document 35:

1.       Our first request for judicial notice is Retzlaff's University of Texas San Antonio admission application emails that he sent as his personal statement to an employee that helped him. Included in this exhibit are also the admission application decision form from April 17, 2007 and the acceptance letter from April 23, 2007 and the expulsion letter, stating his admission was predicated largely on his personal statement that he was medically retired after a long U.S. Army career wherein he served in Iraq, Afghanistan, Bosnia Herzegovina, Guantanamo Bay and then back to Iraq where he was medically retired after his third combat-related injury.  The letter is dated November 19, 2007.  Retzlaff never served in combat theater.

2.       Please take notice that Mr. Retzlaff sued the university after he was expelled for academic fraud, harassing another student and possibly secreting a handgun in his car.  Exhibit three is the published decision granting summary judgment to the University. Retzlaff v. de la Vina, 606 F.Supp.2D 654 (2009)

That case stated the following:

The summary judgment evidence establishes that a female foreign national from China enrolled at UTSA complained directly to school administrators and campus police that Retzlaff was harassing

REQUEST FOR JUDICIAL NOTICE
Page 2

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

her. A university police captain determined that Retzlaff's behavior could amount to criminal conduct and directed Retzlaff not to contact the complainant. Retzlaff disobeyed this directive.

Research … uncovered startling public records about Retzlaff. Among other revelations, court opinions and other records showed that Retzlaff had served an eight-year prison sentence beginning in 1998 when, according to written statements he submitted in support of his MBA admission application, he claimed to have been serving in "Afghanistan and later ... two tours of duty in Iraq." When Retzlaff obtained early-release from prison in 2004, he claimed in his MBA admission application that he "medically retired" in 2004 from military service "[a]fter my third combat-related injury."

And that:

de la Viña relayed a report from the female Chinese student Retzlaff had been harassing that "Mr. Retzlaff carried a gun in his glove box which she had seen."

Also:

Defendants have shown that several court opinions outlining Retzlaff's rather extensive criminal history are freely available on the internet.

And another instance of Retzlaff making vague threats:

During a deposition in this case, Retzlaff made a statement to the attorney for UTSA that he thought about killing people in connection with this litigation.

3. Please take notice of Mr. Retzlaff's current Linked In and Facebook profiles that show that "Major" Tom Retzlaff is still claiming to be a decorated Army soldier, serving his country proudly until 2009, with many important assignments, including an assignment providing security at the White House. The claim that "Major" Retzlaff did security detail appears prominently on both the Facebook and Linked In pages. Interestingly, and apposite to Retzlaff's jurisdictions claims, he states on his

REQUEST FOR JUDICIAL NOTICE
Page 3

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Facebook page that he lives in Los Angeles, California. He also states that he studied at the Harvard Kennedy School and Stanford Law School.

4.     Please take notice of the unpublished case from the Texas Court Of Appeals. It is Tom Retzlaff v. Monica Courteau, 03-01-00647-CV.   Retzlaff falsely claimed paternity of a child, causing a case to be initiated under the Uniform Child Custody Jurisdiction Act.  Retzlaff, knowing he was not the father, still abused the court process and tried to extort money.  His case was submitted not as a court case but to show Retzlaff's character.  The court wrote:

"The New York court found that in his letter Retzlaff made it clear that his interest in L.C. was to exact a monetary settlement from the Courteaus by persisting in litigation. In his letter to the law guardian and the New York court, Retzlaff emphasized that he was "not going away anytime soon" and that he would "continue litigating this case, using every legal means at [his] disposal." Also in the letter, Retzlaff stated that he hoped the law guardian "might help facilitate a fair settlement.""

5.     Thomas Retzlaff was declared a vexatious litigant in Texas due to his constant abuse of the legal system. The Texas Vexations Litigant Order 5:08-cv-00170-OLG, from June 26, 2008. Exhibit Eight is the Texas Vexations Litigants List as of March 2014.

6.     Next is the case that upheld the Vexatious Litigant Order; TOM RETZLAFF v. GOAMERICA COMMUNICATIONS CORPORATION 356 S.W. 689 (2011).  That case also discusses one occasion where Mr. Retzlaff has threatened opposing counsel.  There are, reportedly, many others.

These exhibits are important in that Mr. Retzlaff claims to be a pro per litigant entitled to the benefit of having the court make favorable inferences in his papers because he is unskilled and unfamiliar with the courts.  Indeed, that is but another attempt to perpetrate a fraud upon the court. Retzlaff has been involved in dozens of lawsuits as a pro per litigant.  He is experienced.

REQUEST FOR JUDICIAL NOTICE
Page 4

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

7.      We also request judicial notice of the trial court exhibit of the unpublished case of is the case of Tom Retzlaff v. Belinda Mendieta- Morales, No. 04-09-00582-CV, December 9, 2009, submitted to show Retzlaff's prolific past as a harasser.  This decision is relevant because it states that "there is no genuine issue of material fact that Retzlaff engaged in fraud and wrongful conduct to prevent Mendieta-Morales from timely answering the lawsuit."  Furthermore, Retzlaff was convicted of harassing Ms. Mendieta-Morales in 1996, so this case, having been finally adjudicated in 2011, when the decision was affirmed in Tom Retzlaff v. Belinda Mendieta- Morales 356 S.W.3d 676 (2011), represents a 15 year period of Retzlaff harassing Ms. Mendieta-Morales.

8.      For reasons of character, we request judicial notice of the next document we submitted which is an unpublished opinion from the Texas Court Of Appeals entitled Ex Parte Tom Retzlaff, 03-05-00227-CR. The opinion affirms many probation terms that came with his 10 year probation grant that accompanied his conviction for tampering with Evidence.  Also with this is a certified copy of another case that shows that Mr. Retzlaff is willing to go criminally overboard to gain an advantage in his cases. It is copy of his certified tampering with a government record conviction, case MR2C971676.

Excerpts from that case include:

The information alleged that Retzlaff, knowing that an investigation of the theft of books from the Bell County law library was in progress, made, presented, and used a false book check-out slip with knowledge of its falsity and with the intent to affect the course and outcome of the investigation. It appears that Retzlaff, a prolific pro se litigator, was suspected of stealing books from the library.

Retzlaff challenged thirty-two of the forty-six conditions of his supervision.

Conditions 36 and 37 prohibit Retzlaff from directly or indirectly contacting or communicating with certain named individuals, living in the same residence with these individuals, or going within four hundred yards of locations frequented by these individuals

REQUEST FOR JUDICIAL NOTICE
Page 5

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Conditions 39 and 40 prohibit Retzlaff from threatening to file or filing pro se civil litigation without first demonstrating to the trial court that such litigation would not be frivolous within the meaning of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001-10.006 (West 2002). In its order denying relief, the trial court wrote that there is evidence Retzlaff "sought to use litigation as a weapon, and these conditions were imposed to curb these tendencies."

It has been held that there is no constitutionally protected right to file or pursue frivolous or malicious litigation. Hicks v. Brysch, 989 F. Supp. 797, 822 (W.D. Tex. 1997).

Condition 41 prohibits Retzlaff from "knowingly engag[ing] in any adulterous relationships at any time with anyone." Retzlaff complains that this condition is "silly" and "unenforceable," and he states that he "has absolutely no intention of obeying this bogus probation condition."

Condition 38 prohibits Retzlaff from holding himself out as a lawyer, attorney, or legal advisor at any time. Retzlaff argues that under the First Amendment, he "can call himself whatever he wants" so long as it is not done fraudulently or for financial gain. We note that falsely holding oneself out as a lawyer is a crime. See Tex. Pen. Code Ann. § 38.122 (West 2003).

Conditions 25 and 26 prohibit Retzlaff from contacting, communicating with, or going within 400 yards of the residence of Denise Retzlaff, his wife at the time the condition was imposed. Retzlaff concedes that these conditions were reasonable when imposed

9.      Mr. Retzlaff's most disturbing and disgusting conduct, conduct that doesn't just reflect on his character or provide evidence of moral turpitude, but that shows what really motivates him, is contained in the next set of documents.  First is the Texas Court Of Appeals opinion upholding the termination of Mr. Retzlaff's parental rights, Nos. 03-03-00319-CV and 03-03-00320- CV decided March 18, 2004.  Second is the appellee brief filed by the Texas Department of Protective and

REQUEST FOR JUDICIAL NOTICE
Page 6

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Regulatory Services in that case. Third is Mr. Retzlaff's certified conviction for showing harmful sexual material to a minor. Case No. MR2C971672.

The facts from these cases are shocking, but are necessary to give the full picture of Mr. Retzlaff.

Facts from the Court of Appeals decision are as follows:

"In point of error one, Retzlaff contends that the trial court abused its discretion in admitting a video tape depicting him brutally sodomizing his wife in the living room while their children were in adjacent bedrooms, and in admitting photographs of other sexually explicit materials found in Retzlaff's home. Retzlaff argues that the video tape is not a true and complete depiction of the event as it took place because it was edited from two hours to fifteen minutes to emphasize his harsh behavior.

"In response to Retzlaff's discovery requests, the Department listed the subject matter of Dr. Pugliese's testimony as "Thomas C. Retzlaff's psychological examination, mental state, and suitability as a father," and the "[p]sychological and mental status of Respondent." His evaluation of Retzlaff, which was admitted by the trial court without objection, discussed Retzlaff's pedophilic tendencies."

The following facts were gathered from the brief submitted by the Texas Department of Protective and Regulatory Services, and they came from direct citations to the trial court record.

Retzlaff, while living with his wife and young children, often kept pornographic magazines and videotapes out in the open and in areas where they were accessible to his children. He often masturbated in the living room while watching pornographic movies using a can of Crisco on his erect penis. Even when asked by his children to stop doing this, he refused and continued his actions. Collin Retzlaff saw his father videotaping himself having sex with a woman that Tom Retzlaff was having an affair with. On another occasion, Retzlaff videotaped himself forcibly sodomizing his ex-wife while his children were

REQUEST FOR JUDICIAL NOTICE
Page 7

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

in their rooms just a few feet away. His wife was screaming during the encounter. The act was accomplished against her will. The children we're exposed to this videotape.

There was uncontested and objected to testimony at trial of Retzlaff's pedophilic tendencies. There was significant evidence supporting Retzlaff's unnatural interest in young children. Brittany Retzlaff testified that Retzlaff fondled her and had magazines that showed an unnatural interest in young children. The court papers never specifically say that the testimony was that these magazines were kiddie porn, but that is the reasonable conclusion to draw. Rather, the testimony was that the books and magazines located by the police depicted scenes of incest and sex with young girls. The unobjected testimony at that hearing was that Thomas Retzlaff indeed had pedophilic tendencies in the view of the doctor that evaluated him. Some of the titles of the books and magazines that Retzlaff left lying around his house that led to the conviction for displaying harmful matter to a minor were: Loving Daddy, High School Sluts, Hot and Naughty Daughter, Family Orgy, Raped Daughter, A Sister To Rape and Incest Poker. Retzlaff admitted at trial that these magazines were his.

During that trial, Retzlaff admitted that he was convicted of domestic violence on his then wife.

At trial Retzlaff admitted that a version of the videotape depicting the forcible sodomy his wife that he had edited was left in an area where the children were able to access it. Other pornographic movies were left in that same location.

Retzlaff's ex-wife testified that he used to masturbate with Crisco to pictures of young girls and pornographic movies. Collin Retzlaff testified that he was to witness this on many occasions and Retzlaff's ex-wife testified that she found Collin simulating the same acts as his father at six years old. Brittany also testified that she saw her father pleasuring himself many times with Crisco. Brittany testified that Retzlaff would watch pornographic movies in front of her and refused to change the channel when she requested to watch something else.

REQUEST FOR JUDICIAL NOTICE
Page 8

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Collin also testified that he watched his father touch Brittany's friend in inappropriate places. Retzlaff admitted that he kept pictures of girls aged 7-12 and that he was sexually interested in young girls and that he was sexually excited by them.

A certified misdemeanor conviction for exhibiting harmful materials to a minor was introduced in this proceeding, as well as a misdemeanor conviction for assault with bodily injury on Denise Retzlaff. He also called another ex-girlfriend against court orders. Retzlaff inability to stop violating the law to comport himself civilly is not new. There was testimony at the trial to terminate his parental rights that Retzlaff had violated his probation "hundreds of times" while in jail. Those allegations were the same as in this case – where Retzlaff was ordered to not have contact with protected party Denise Retzlaff, Tom Retzlaff called her home hundreds of times. Denise Retzlaff testified that Retzlaff was kicked out of college in Missouri because he stalked a woman name Barbara Santucci. Interestingly, one of the fake profiles we were able to trace back to Tom Retzlaff was named Molly Santucci. Molly Santucci is one alias that we have alleged that Mr. Retzlaff used in connection with the tortious acts in this case.

10. Exhibit Sixteen is the case of T.C.R. v. Bell County District Attorney's Office 305 S.W. 661 (2009) [expunction of his sexual assault and burglary cases]. Retzlaff admits that he was charged with committing a sexual assault in April 1996. That was the sexual assault on his wife detailed previously.

11. Next is the case of Ex Parte Thomas Christopher Retzlaff 135 S.W. 45 (2004)[confirms that Retzlaff was convicted of carrying a concealed knife in a prohibited area and was sentenced to eight years in prison in March of 1998, when he claimed to the University of Texas San Antonio he was serving in Iraq and Afghanistan].

12. Of importance herein are death threats directed at James McGibney. As discussed *infra*, though there was no determination made as to the Twitter accounts alleged to have made threats in this

REQUEST FOR JUDICIAL NOTICE
Page 9

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

case, Judge Manoukian did find that the death threats contained on the first page of the exhibit, discussing hanging McGibney's "half breed" children from a tree and going over them with blowtorches.  We submit that the others are also Mr. Retzlaff.  They frequently reference the Aryan Brotherhood and one was posted on a white supremacist website.  Retzlaff had stated that he wanted to go to Mr. McGibney's door and kill him.  Retzlaff posted Mr. McGibney's address.  The threats in these documents are consistent with those made at other times by Mr. Retzlaff.

13. Exhibit nineteen are emails from Thomas Retzlaff to his daughter Brittany Retzlaff.  Most of these emails were sent after May 12, 2014 when a temporary restraining order was entered protecting Mr. McGibney and Brittany.  The emails contain multiple death threats and other highly disturbing statements.

14. Exhibit twenty is the case In the Matter of the Expunction of Thomas Christopher Retzlaff, 345 S.W. 777 (2011) [states that he was charged with six counts of harassment in 2008].  In that case we learn that:

"Appellant was arrested in San Antonio for six counts of misdemeanor harassment between August and December 2008. Criminal charges were filed in Neuces County Court at Law Number Four.  The charges were dismissed by a court order filed on January 28, 2010, because the complaining witness could not be located."

Dated:  June 30, 2015                              Respectfully Submitted


\_\_\_\_/S/_____
J. LEIDERMAN

REQUEST FOR JUDICIAL NOTICE
Page 10

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

REQUEST FOR JUDICIAL NOTICE
Page 11

LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280