UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES MCGIBNEY, et al.,

　　　　　　Plaintiffs,

　　v.

THOMAS RETZLAFF,

　　　　　　Defendant.

Case No. 14-cv-01059-BLF

**ORDER DENYING MOTION FOR SANCTIONS AND MOTION TO SEAL JUDICIAL RECORDS**

[Re: ECF 175, 185, 186]

　　　　The "Motion for Rule 11 Sanctions" filed by *pro se* defendant Thomas Retzlaff, ECF 175, is DENIED.[1]  The Court has fully considered the matter and concludes that Rule 11 sanctions are inappropriate under the circumstances of this case, where the Court determined that Plaintiffs had not satisfied their evidentiary burden to establish this Court's personal jurisdiction over Defendant. Based on the dismissal of this case for lack of personal jurisdiction, the Court cannot conclude that Plaintiffs violated Rule 11 at the time that Plaintiffs' counsel signed the pleadings, motions, or other papers in this case.  Fed. R. Civ. P. 11(a)-(b); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988) (Rule 11 applies at initial signing of pleadings, motions, or other papers). Nor is the Court persuaded by Defendant's request for sanctions pursuant to the Court's inherent power and 28 U.S.C. § 1927.  In light of the large volume of filings and accusations that *both* sides have launched against each other (much of which, as the Court repeatedly admonished, was largely irrelevant to the issues and stricken as such), the Court cannot conclude that Plaintiffs acted in bad faith or that Plaintiffs' counsel "multiplie[d] the proceedings" in this case "unreasonably and vexatiously."  28 U.S.C. § 1927.

---

[1] Plaintiffs' motion to strike Defendant's motion, ECF 177, is DENIED as moot.

The two identical Motion(s) to Seal Judicial Records filed by Defendant, ECF 185 and 186, are DENIED. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record thus bears the burden of overcoming this strong presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal citations and quotation marks omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. These proceedings have been a matter of public record since their inception, and Defendant did not timely renew his original sealing request, which the Court denied without prejudice on October 17, 2014, ECF 78, for failure to comply with the local rules. Defendant now seeks to seal a number of Plaintiffs' filings and evidence, many of which were made in response to Defendant's numerous motions in this case. As an initial matter, the Court previously explained to Defendant that the rules of this district require that sealing requests be narrowly tailored. Civ. L.R. 79-5. Defendant's request is anything but. Furthermore, in light of the fact that this action was dismissed before any discovery was taken, and insofar as the parties in this case are determined to unearth information about each other from the Internet, the Court cannot discern whether anything filed in this case is of the type "traditionally kept secret" over which Defendant has a claim to privacy. In sum, Defendant's conclusory claims to embarrassment and harassment are insufficient to demonstrate compelling reasons in favor of sealing the heretofore public judicial records in this case. *Accord Oliner v. Kontrabecki*, 745 F.3d 1024 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: August 5, 2015

BETH LABSON FREEMAN
United States District Judge