UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MCGIBNEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THOMAS RETZLAFF,<br><br>　　　　　Defendant. | Case No. 14-cv-01059-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 201] |

　　　　Before the Court is the Motion for Reconsideration filed by *pro se* defendant Thomas Retzlaff. Def.'s Mot., ECF 201. Defendant seeks reconsideration of the portion of this Court's order denying his motion for sanctions against plaintiffs James McGibney and ViaView, Inc. pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. *See* Order at 1, ECF 197. Defendant argues that a recent state court finding that ViaView, Inc. is not licensed to do business in the state of California and lacks the capacity to maintain suit in this state shows that Plaintiffs' "filing of this lawsuit in the name of this illegal corporation was in bad faith and in violation of Rule 11," thus warranting reconsideration of this Court's denial of sanctions. *See* Def.'s Mot. 2-5, 7 (and attached exhibit).

　　　　The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Rule 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir.1999) (per curiam) (internal quotation and citation omitted). The rule "may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised

prior to entry of final judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Since at least as early as August 2014, Defendant has known and argued to this Court that ViaView, Inc. is not licensed to do business in California. *See* Pl.'s Mot. to Dismiss for Lack of Personal Jurisdiction at 6, ECF 23 ("According to the California Secretary of State's Office, ViaView, Inc. is not a California business."). That a California court recently agreed with Defendant's assessment does not constitute new evidence; it merely affirms the evidence that Defendant had since August 2014. Because Defendant has identified no highly unusual circumstances or new evidence, the Court declines to reconsider its order denying Defendant's motion for sanctions.

Defendant's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2015

_____
BETH LABSON FREEMAN
United States District Judge