**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**


**JAMES MCGIBNEY**, an individual;
and **VIAVIEW, INC**., a corporation,
  *Plaintiffs,*

  v.          **CASE NO.** 5:14-cv-01059-BLF

**THOMAS RETZLAFF**, an individual;
**NEAL RAUHAUSER**, an individual;  **Hearing Date**:  September 21, 2017
**LANE LIPTON**, an individual;    **Hearing Time**:  9:00 AM
and **DOES 1-5**, individuals whose true  **Courtroom**: 3
names are not known,
  *Defendants*



### **DEFENDANT RETZLAFF'S MOTION FOR RELIEF FROM JUDGMENT**


1. Defendant Retzlaff moves for relief from the judgment.  Fed. R. Civ. P. 60(b)(6).


2. The grounds for this motion are that extraordinary circumstances exist where, without

such relief, an extreme and unexpected hardship would occur.


3.  This motion is based on the pleadings and papers on file in this case and the attached

memorandum of points and authorities, exhibits, declarations, as well as arguments presented

at a hearing.


### **NOTICE OF MOTION**

Please take notice that defendant Retzlaff will bring this motion for hearing before this Court

on September 21, 2017, at 9 am in courtroom #3.

Respectfully submitted,

_____

Thomas Retzlaff
PO Box 92
San Antonio, TX 78291-0092
(210) 317-9800
Retzlaff@texas.net

Defendant, pro se

## **CERTIFICATE OF SERVICE**

I certify that on March 13, 2017, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


I certify that on March 13, 2017, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


_____

Thomas Retzlaff

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


JAMES MCGIBNEY, an individual;
and VIAVIEW, INC., a corporation,
     *Plaintiffs*,

       v.                                CASE NO. 5:14-cv-01059-BLF

THOMAS RETZLAFF, an individual;
NEAL RAUHAUSER, an individual;     **Hearing Date**:  Sept 21, 2017
LANE LIPTON, an individual;           **Hearing Time**:  9:00 AM
and DOES 1-5, individuals whose true    **Courtroom**: 3
names are not known,
     *Defendants*


## RETZLAFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT


     Defendant Thomas Retzlaff asks the Court to grant relief from the

judgment, as authorized by Federal Rule of Civil Procedure 60(b)(6), as an

equitable remedy to prevent manifest injustice, based upon a postjudgment

change in controlling California Supreme Court law.


## A.  INTRODUCTION


1.  Plaintiffs are James McGibney and ViaView, Inc.; defendants are

Thomas Retzlaff, Neal Rauhauser, Lane Lipton, and Does 1-5.

2.   Plaintiffs sued defendants for defamation and related claims based on the exercise of free speech.  Retzlaff and Lipton, both residents of foreign states who have no minimum contacts with California, have appeared in this case.  No other defendant has been served.

3.   The Court rendered judgment in favor of Retzlaff dismissing this case for lack of personal jurisdiction, and the clerk entered judgment on June 18, 2015.  (ECF #172).  See *McGibney v. Retzlaff*, 2015 U.S. Dist. LEXIS. 79434 (N.D. Cal. June 18, 2015).

4.   However, the Court never decided Retzlaff's pending anti-SLAPP special motion to strike brought pursuant to California Code of Civil Procedure §425.16.  (ECF# 59).  Specifically, in the order dismissing the case for lack of personal jurisdiction, the Court stated, "As this Court lacks personal jurisdiction over Defendant, the Court declines to address any of Defendant's remaining motions."  (Order, ECF# 172 at 10).  However, the California Supreme Court's intervening decision in *Barry v. California State Bar* (2017), 2 Cal.5th 318, entitles Retzlaff to relief on the basis of a claim which was raised, but not decided by this Court.  See attached **Exhibit One**.

5.   While intervening changes in the law rarely justify relief from final

judgments under Federal Rule of Civil Procedure 60(b)(6), Retzlaff is

prepared to present evidence and argument that will establish extraordinary

circumstances where, without such relief, an extreme and unexpected

hardship would occur.

### B.  FACTUAL BACKGROUND

6.   Plaintiff James McGibney is the CEO of plaintiff ViaView, Inc., and

the founder and operator of ViaView's controversial websites

www.bullyville.com, www.cheaterville.com, and at least six others.

McGibney uses the websites to (i) punish behavior he finds morally

repugnant;[1] and (ii) prosecute vendettas against his personal enemies.[2]

Visitors to McGibney's www.bullyville.com will find the page emblazoned

with what could be fairly described as McGibney's business philosophy:

"*Sometimes you have to be a bully to beat a bully*."  One journalist has

compared what he called McGibney's "anti-bullying crusading" to "old-

---

[1]     Visitors to www.cheaterville.com are invited to create an account in order to post pictures and other information about a paramour they suspect to be unfaithful.

[2]     For example, on March 14, 2014, visitors to www.bullyville.com found, among other things, an article posted about the indictment and arrest of McGibney's personal enemy Hunter Moore.  McGibney sued Moore for defamation after Moore allegedly called McGibney a "pedophile" and a "child abuser" and accused him of possessing "child pornography."  *See* Cause No. A-12-667156-C; *McGibney v. Moore*; in the District Court of Clark County, Nevada.

fashioned vigilantism."[3]

7.    But in addition to being an online vigilante and the "Sheriff of Twitter", James McGibney is a revenge pornographer who posts the intimate pictures of little girls on his websites, along with self-created defamatory comments about the young girls and their personally identifying information, such as date of birth, home address, work and school location, and physical descriptions.

8.    ViaView's and McGibney's business model involves the use of <mark>crowd-sourced sexual blackmail</mark> as, once the online lynch mob that McGibney stirs up starts cyber-stalking and harassing these little girls – **and their family members** – the victims are forced to come crawling on their knees to McGibney, who then charges these unfortunate souls up to $499 in "removal fees" in blackmail ransom in order to get the photos taken down and the comments removed.

9.    Retzlaff's young daughter was one of those little girls whose provocative images and personal details were posted on McGibney's Cheaterville.com website.

---

[3] http://www.thedailybeast.com/articles/2013/10/10/the-bully-waging-war-against-bullies.html

10.  As can be imagined, basing one's business model on the sexual

blackmail of little girls gets people very angry; thus, ViaView and

McGibney have been sued FOUR times in federal courts for defamation,

blackmail, extortion, and RICO violations.

- *Powers v. Cheaterville.com & McGibney*; Case # 2:13-cv-01701-JAM-CKD, filed in the U.S. District Court for the Eastern District of California dated August 16, 2013.

- *Quainoo v. McGibney & Cheaterville.com*; Case # 1:14-cv-00674-JKB, filed in the U.S. District Court for the District of Maryland dated March 7, 2014.

- *Holmes v. ViaView, Inc. & McGibney*; Case # 1:13-cv-04270-HLM, filed in the U.S. District Court for the Northern District of Georgia dated May 28, 2014.

- *Baldwin v. McGibney & ViaView, Inc.*; Case # 1:14-cv-23941-PCH, filed in the U.S. District Court for the Southern District of Florida dated December 7, 2015.

11.  As the Court will recall, a frequent victim of McGibney's

"vigilantism" is Retzlaff, who has been called a "rapist" and a "pedophile"

by name on www.bullyville.com.  McGibney claims it is "100% verified"

that Retzlaff "threatened to rape [his] own daughter."  (*Id.*)  It is hardly

surprising, therefore, that Retzlaff (and many others) allegedly participated

in criticizing plaintiffs' unsavory tactics.  To chill and suppress Retzlaff's

right to do this, plaintiffs sued Retzlaff—*three times* in two states.  The

instant suit is one of *three* "SLAPP" suits plaintiffs filed within four weeks and simultaneously maintained against Retzlaff and other defendants in courts in Texas and California pleading substantially the *same* facts:

    (i)    Cause No. 067-270669-14; ***McGibney v. Retzlaff, et al.***; in the 67th District Court of Tarrant County, Texas (filed February 19, 2014).

    (ii)    Cause No. 5:14-cv-01059; ***McGibney v. Retzlaff, et al.***; in the U.S. District Court for the Northern District of California (the instant cause, filed March 6, 2014); and

    (iii)    Cause No. 2014-1-CH-005460; ***ViaView, Inc. v. Retzlaff***; in the Superior Court of Santa Clara County, California (filed March 17, 2014).

12.  In addition to McGibney's actions with his *CheaterVille* and *BullyVille* revenge websites, McGibney (who claims to be a former U.S. Marine) has started up a new venture.  Specifically, information has come to light establishing that McGibney is now involved in an Administrative capacity with the *Marines United* Facebook groups that have been in the news recently.  *Marines United* is a 30,000 member strong private Facebook group that was sharing nude images of female Marines along with sexually harassing and racist comments.[4]

13.  When Facebook shut down the original *Marines United* group, within

---

[4] https://www.nytimes.com/2017/03/10/us/politics/marine-corps-women-photos-facebook.html?_r=0

days McGibney and his partners in crime quickly established a new group called *Marines United 2*, or MU2 – that promises to better weed out anyone looking to blow the whistle on the group's depraved behavior.

14.  The new page has already added 2,300 members despite Marine Commandant Gen. Robert Neller's warning people not to engage in this sort of activity, and the group's members (to include **James McGibney**) have taken to taunting federal and military investigators.  "It would be hilarious if one of these FBI or (Naval Criminal Investigative Service) fucks found their wife on here," one member said on the *Marines United* page.[5]  For months hundreds and possibly thousands of pictures of female service women have been posted and commented on.  The comments are specific and contain details about residence, rank, and contact information.  Some comments included encouragement of specific acts of violence against specific women.

15.  Some of McGibney's current victims include Kelsie Stone, Elle Audra, Erika Butner, and Marisa Woytek, an active duty Marine whose story was profiled in the *NY Times* just a few days ago.[6]  Just like Retzlaff's young daughter, Brittany, these young women have had their lives upended and put

---

[5]  http://www.cnn.com/2017/03/08/politics/marines-united-photos-investigation/

[6]  https://www.nytimes.com/2017/03/06/us/inquiry-opens-into-how-30000-marines-shared-illicit-images-of-female-peers.html

on public display by a disgusting little man who lives in San Jose,

California, and who runs a series of revenge pornography websites out of a

spare bedroom in his rental house.[7]

16.  Retzlaff's would recall the Court's attention to the fact that, in

repeated media interviews, McGibney has openly bragged about his

association with the illegal hacking groups *Anonymous* and *The Rustle*

*League*.[8]  McGibney has further bragged about directing an "online Army of

trolls" to engage in acts of email hacking and cyber-stalking against

individuals whom McGibney has labeled as "enemies".[9]

17.  In updated developments that this Court is probably not aware of,

**several of McGibney's close associates have recently been arrested by**

**the FBI and sentenced to federal prison** for crimes involving cyber-

stalking / computer hacking.  Specifically, Matthew Keys (Case 2:13-cr-

00082-KJM in the E.D. of Calif.) received a two year sentence last April

2016.  Additionally, there is Deric Lostutter (Case: 5:16-cr-00062-DCR-

---

[7] Attorney Gloria Allred is representing several of these women and Retzlaff has already been in communication with her and provided her with information about McGibney and his revenge porn activities so that he can be added to her upcoming lawsuits.

[8] http://www.thedailybeast.com/articles/2013/10/10/the-bully-waging-war-against-bullies.html

[9] http://america.aljazeera.com/articles/2014/10/7/james-mcgibney-bullyville.html

REW in the E.D. of Kentucky), who admitted to receiving over $20,803.32 in one year from McGibney to hack into people's emails and to cyber-stalk them, and who was just given a two year federal sentence on March 8, 2017. See attached **Exhibit Two & Exhibit Three**.  Plus, one individual, Christopher Doyon (aka "Commander X") is presently a fugitive from justice hiding out from the FBI in Canada while his case remains pending in this very court!

## C.  ARGUMENT & AUTHORITIES

18.  A party may seek relief from the judgment if the party is not otherwise entitled to relief under Rule 60(b)(1)-(5) but exceptional circumstances exist that demonstrate the judgment is manifestly unjust.  Fed. R. Civ. P. 60(b)(6); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *Lal v. California*, 610 F.3d 518, 524-25 (9th Cir. 2010); *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009).  This judgment is manifestly unjust because the Court refused to rule on Retzlaff's anti-SLAPP motion despite the fact that the Court lacked personal jurisdiction over Retzlaff.  The California Supreme Court's intervening decision in *Barry v. California State Bar* (2017), 2 Cal.5th 318, entitles Retzlaff to relief on the basis of a claim which was raised and not decided by this Court.

Specifically, *Barry* is a subsequent change in law rendering the prior ruling inequitable.

19.   Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control...." *Id*. (internal quotation marks and citation omitted).

20.   One of the most common circumstances warranting 60(b)(6) relief is a subsequent change in law rendering the prior ruling inequitable.  In one recent 60(b)(6) ruling, the Second Circuit Court of Appeals reopened a three-year-old final judgment relieving the Kingdom of Saudi Arabia from

allegations that it helped fund and execute the 9/11 attacks. *In re Terrorist Attacks on September 11, 2001*, 741 F.3d 353 (2nd Cir. 2013). The Kingdom had been dismissed on grounds of sovereign immunity, but the plaintiffs alleged a direct conflict with a subsequent Second Circuit decision in a related 9/11 litigation. *Id.* at 356. The Second Circuit in *In re Terrorist Attacks on September 11, 2001* agreed and reversed the district court's denial of the plaintiffs' 60(b)(6) motion.

21. Retzlaff would argue that extraordinary circumstances exists where, without such relief, an extreme and unexpected hardship would occur because, to hold otherwise, would invite a new form of SLAPPs – meritless cases deliberately brought in courts lacking jurisdiction – that would undermine the core purpose of Code of Civil Procedure § 425.16.

22. Although an anti-SLAPP motion can potentially reach the underlying substantive merits of a claim – problematic for a court without jurisdiction – nevertheless, the *Barry* court held that, when the lack of potential success is grounded in an absence of jurisdiction, there is no such overreach and the anti-SLAPP motion should be decided.

23. This Court's decision in the case at bar is inconsistent with *Barry*.

24. *Barry* was a case originally handled by Division One of the Second

Appellate District and was decided in 2013.  (*Barry v. State Bar of California* (2013), 218 Cal.App.4th 1435).  The petition for review was granted by the Supreme Court on November 26, 2013 – which was nearly 1 ½ years before the order dismissing the case was issued by this Court on June 18, 2015.  *Barry* was not argued until November 2, 2016.  Thus, nothing about *Barry* would have been known to Retzlaff (who is appearing *pro se* from out-of-state) at the time the case at bar was argued in this Court.

25.  On January 5, 2017, in a short unanimous opinion by Justice Kruger, the Supreme Court wrote:

> **While lack of substantive merit is one reason a plaintiff might fail to make the requisite showing [of probability of success under the anti-SLAPP statute], lack of subject matter jurisdiction is another.  A plaintiff cannot prevail on her claim unless the court has the power to grant the remedy she seeks.**

*Barry*, 2 Cal.5th at 324.

26.  Thus, while a ruling on an anti-SLAPP motion *may* involve a determination of the merits of the plaintiff's claim, it may in other cases involve a determination that the plaintiff's claim fails for another, non-merits-based reason, such as lack of personal jurisdiction.  This conclusion accords with the basic purpose underlying the anti-SLAPP statute: namely,

**to shield defendants from the undue burden of defending against claims filed not for the purpose of securing judicial redress, but to intimidate or harass on the basis of the defendant's constitutionally protected activity.**

27.  A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it. (Cf. *Traditional Cat Assn., Inc. v. Gilbreath* (2004), 118 Cal.App. 4th 392, 399 ["[A] claim which is meritless because it is barred by the statute of limitations will cause just as much intimidation as a claim which is barred because of a constitutional defense."].)

28.  The pertinent question under the statute is simply whether the plaintiff has established a probability of prevailing on a "claim ... alleged to justify a remedy." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 395 [205 Cal. Rptr. 3d 475, 376 P.3d 604].)  While lack of substantive merit is one reason a plaintiff might fail to make the requisite showing, lack of subject matter jurisdiction is another.  A plaintiff cannot prevail on his claim unless the court has the power to grant the remedy he seeks.  (*Barry*, 2 Cal.5th at 324).

29.  This was precisely the motive ViaView and its owner James McGibney had for filing this lawsuit in San Jose – thousands of miles from

13

Retzlaff's primary residence in Texas.

30.  In this Court's view in the case at bar, "[e]ither the Court has jurisdiction or it does not."  But, as the California Supreme Court noted in *Barry*, "a court that lacks the power to answer one type of question in a case may nonetheless have the power to answer another type of question." (*Barry*, 2 Cal.5th at 326).

31.  It is, for example, a truism that "[a] court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance." (*Rescue Army v. Municipal Court* (1946), 28 Cal.2d 460, 464; accord, *Abelleira v. District Court of Appeal* (1941), 17 Cal.2d 280*, 302-303; see also, e.g., *Muthig v. Brant Point Nantucket, Inc.* (1st Cir. 1988) 838 F.2d 600, 603 (opn. of Breyer, J.).)

32.  But the Supreme Court held in *Barry*, contrary to this Court's decision, there is no rigid rule that requires a court to consider a jurisdictional challenge raised in a demurrer before, or in lieu of, considering such a challenge in the context of a special motion to strike under Code of Civil Procedure section 425.16.  (Cf. *Lin v. City of Pleasanton* (2009) 176 Cal.App.4th 408, 426 [rejecting conclusion that anti-SLAPP motion must be

denied when the trial court would have sustained demurrer to same cause of action].)  (*Barry*, 2 Cal.5th at 328).

33.  It should be pointed out that, upon notice of the cause for relief, Retzlaff acted diligently to secure it.  *Barry* was decided on January 5, 2017, and it was published sometime thereafter.  Retzlaff learned about this decision on March 4, 2017, and he filed this motion a week later.


## EXCEPTIONAL CIRCUMSTANCES EXIST

34.  Federal Rule of Civil Procedure 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *In re Woods*, 173 F.3d 770, 780 (10th Cir. 1999).  Because Rule 60(b)(6) is a catchall provision, bright-line rules for Rule 60(b)(6) relief generally are not appropriate.  *E.g.*, *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 84 (1st Cir. 2010) (no absolute bar to relief for party that willfully defaults and later seeks relief under Rule 60(b)(6)).

35.  The party must show exceptional circumstances, including that without relief from the judgment, an extreme and unexpected hardship will result.  *Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013); *Lal*, 610 F.3d at 524-25.  In the case at hand, Retzlaff's attached

Declaration establishes that, without being given the opportunity to litigate his anti-SLAPP motion, Retzlaff will have no way for getting reimbursement for his attorney's fees and court costs in this case.  As the Court knows, Retzlaff is appearing from thousands of miles away and has a very limited personal budget.  This case has been horrible expensive.  This case is total BS and is nothing but a SLAPP case filed by a drug-addicted crazy person on behalf of his revenge pornographer client.

## D. CONCLUSION

36.  If lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to establish a probability of prevailing on his claim, then neither is lack of personal jurisdiction.   Thus, under *Barry*, a court that lacks subject matter jurisdiction over a plaintiff's claims has the power to resolve an anti-SLAPP motion on jurisdictional grounds.  Because the court has the power to resolve the anti-SLAPP motion, it also has the power to award attorney's fees to the defendant who prevails on such a motion.

37.  **To hold otherwise would invite a new form of SLAPPs – meritless cases *deliberately* brought in courts lacking jurisdiction – that would undermine the core purpose of Code of Civil Procedure § 425.16.**

38.  Retzlaff's posture in the present case is indistinguishable from that of the defendant in *Barry*.  With the similar material facts and applicable law in both cases, Retzlaff should win here.

39.  Lastly, Retzlaff would ask the Court to sit and ponder on this thought for a moment:  *When a miscreant manipulates the legal system to intimidate and silence people who are telling the truth, such manipulation threatens core values of democracy – the right to freely speak, petition the government, and associate.*

## E. PRAYER

40.  This a subsequent change in law renders the prior ruling inequitable and it is an exceptional circumstance that, without relief from the judgment, an extreme and unexpected hardship will result.  Someone needs to pay for Retzlaff's attorney's fees and court costs and that someone should be ViaView and McGibney – the two knuckleheads that filed all of these ridiculous SLAPP suits against dozens of people.[10]

---

[10] Retzlaff understands that it is extremely unlikely that the Court will grant this motion.  But the hope is that, should someone else file a similar type SLAPP suit, this Court (and the fellow judges in this District) will become aware of this new California Supreme Court case and that the federal courts will take up anti-SLAPP motions despite there being a lack of personal or subject matter jurisdiction.

Respectfully submitted,

_____

Thomas Retzlaff
PO Box 92
San Antonio, TX 78291-0092
(210) 317-9800
Retzlaff@texas.net

Defendant, pro se

## DECLARATION OF THOMAS RETZLAFF

I, Thomas Retzlaff, declare as follows:

1.  I am the defendant in this case.  I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently thereto.

2.  I only just learned about the *Barry* case on March 4, 2017.  I spent a couple of days researching the matter and then drafting and filing this motion.  If this court does not take up my anti-SLAPP motion I will have no other way of getting reimbursed for my attorney's fees and court costs, which is causing an extreme financial hardship for me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this March 13, 2017.

_____
Thomas Retzlaff

19

## CERTIFICATE OF SERVICE

I certify that on March 13, 2017, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for plaintiffs ViaView & James McGibney:

Jason Scott Leiderman, of 5740 Ralston Street Ste 300, Ventura, CA 93003, Email: Jay@Criminal-Lawyer.me.

I certify that Jay Leiderman is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


I certify that on March 13, 2017, a copy of this document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant Lane Lipton:

Clark Anthony Braunstein, of 11755 Wilshire Boulevard, Suite 2140, Los Angeles, CA 90025, Email: Clarkbraunstein@gmail.com.

I certify that Clark Anthony Braunstein is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


_____
Thomas Retzlaff