1 of 1 DOCUMENT

**PATRICIA J. BARRY, Plaintiff and Appellant, v. THE STATE BAR OF CALIFORNIA, Defendant and Respondent.**

S214058

SUPREME COURT OF CALIFORNIA

2 Cal. 5th 318; 386 P.3d 788; 212 Cal. Rptr. 3d 124; 2017 Cal. LEXIS 1

**January 5, 2017, Filed**

**SUBSEQUENT HISTORY:** Reported at Barry v. State Bar of California, 2017 Cal. LEXIS 57 (Cal., Jan. 5, 2017)

**PRIOR HISTORY:** Superior Court of Los Angeles County, No. BC452239, Deirdre H. Hill, Judge. Court of Appeal, Second Appellate District, Division Two, No. B242054.
Barry v. State Bar of California, 218 Cal. App. 4th 1435, 161 Cal. Rptr. 3d 117, 2013 Cal. App. LEXIS 670 (Cal. App. 2d Dist., 2013)

**CASE SUMMARY:**

**OVERVIEW:** HOLDINGS: [1]-In a case in which plaintiff alleged that the State Bar's actions against her were retaliatory and discriminatory, the Supreme Court held that a court that lacks subject matter jurisdiction over a claim may grant a special motion to strike the claim under the anti-SLAPP statute, Code Civ. Proc., § 425.16, and thus may award attorney fees and costs to the defendant; [2]-Ruling on an anti-SLAPP motion does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place; [3]-The court of appeal erred in concluding otherwise; [4]-Because the trial court had the power to resolve the State Bar's anti-SLAPP motion, it also had the power to award attorney fees to the State Bar as the prevailing defendant.

**OUTCOME:** Judgment of court of appeal reversed.

**CORE TERMS:** matter jurisdiction, prevailing, attorney fees, probability, cause of action, lawsuit, "prevail", jurisdictional, demurrer, power to hear, power to award, protected activity, defending, tribunal, action arising, own jurisdiction, undue burden, disciplinary charges, recommended discipline, incidental, awarding, fee-shifting, petitioning, adjudicate, non-merits, entertain, "prevailed", stricken, target, power to act

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Strike*
*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards*
*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Strategic Lawsuits Against Public Participation*
*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*
[HN1] Under California's anti-SLAPP strategic lawsuit against public participation) statute, a defendant may bring a special motion to strike a cause of action arising from constitutionally protected speech or petitioning activity. Code

Civ. Proc., § 425.16, subd. (b)(1). Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney fees and costs. § 425.16, subds. (b)(1) & (c)(1). A court that lacks subject matter jurisdiction over a claim may grant a special motion to strike the claim under the anti-SLAPP statute and thus may award attorney fees and costs to the defendant.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions*
*Governments > Courts > Authority to Adjudicate*
[HN2] The principle of subject matter jurisdiction relates to the inherent authority of the court involved to deal with the case or matter before it. Thus, in the absence of subject matter jurisdiction, a trial court has no power to hear or determine the case.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Strike*
[HN3] Failure of proof, or lack of substantive merit more generally, is not the only ground for striking a cause of action under the anti-SLAPP (strategic lawsuit against public participation) statute, Code Civ. Proc., § 425.16. The pertinent question under the statute is simply whether the plaintiff has established a probability of prevailing on a claim alleged to justify a remedy. While lack of substantive merit is one reason a plaintiff might fail to make the requisite showing, lack of subject matter jurisdiction is another. A plaintiff cannot prevail on his or her claim unless the court has the power to grant the remedy the plaintiff seeks. Thus, while a ruling on an anti-SLAPP motion may involve a determination of the merits of the plaintiff's claim, it may in other cases involve a determination that the plaintiff's claim fails for another, non-merits based reason, such as lack of subject matter jurisdiction. A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Strike*
[HN4] Ruling on a special motion to strike the complaint under Code Civ. Proc., § 425.16, does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Strike*
*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees*
*Civil Procedure > Remedies > Costs & Attorney Fees > Costs*
*Governments > Courts > Authority to Adjudicate*
[HN5] It is a truism that a court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance. Lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to establish a probability of prevailing on his or her claim because of lack of subject matter jurisdiction. Nor is lack of subject matter jurisdiction a bar to awarding attorney fees and costs to the prevailing defendant. For example, a trial court that dismisses a case for lack of subject matter jurisdiction has the power to award costs to the defendant under Code Civ. Proc., § 1032. Trial courts necessarily have jurisdiction to determine the scope of their own jurisdiction, and may award costs as incidental to the jurisdictional determination. A trial court that strikes a cause of action arising from protected activity on the ground that the court lacks subject matter jurisdiction has the incidental power to require the plaintiff to compensate the defendant for the undue burden of defending against the non-meritorious claim.

**SUMMARY:** [*318]

**CALIFORNIA OFFICIAL REPORTS SUMMARY** Plaintiff attorney, who had been disciplined by the State Bar of California, filed an action against the State Bar, alleging that its actions against her were retaliatory and discriminatory. The State Bar filed a special motion to strike the complaint under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16). The trial court granted the State Bar's anti-SLAPP motion and

awarded it $2,575.04 in attorney fees. The trial court concluded that plaintiff had not shown a likelihood of prevailing on her claims for a variety of reasons, including because a superior court lacks subject matter jurisdiction over attorney discipline matters, which are reserved to the exclusive jurisdiction of the Supreme Court. (Superior Court of Los Angeles County, No. BC452239, Deirdre H. Hill, Judge.) The Court of Appeal, Second Dist., Div. Two, No. B242054, reversed the judgment of the trial court. The Court of Appeal concluded that the trial court's lack of subject matter jurisdiction precluded it from ruling on the State Bar's anti-SLAPP motion, an adjudication that necessarily involved a determination of the merits of plaintiff's claims. Because the trial court had no jurisdiction to rule on the anti-SLAPP motion, it also lacked jurisdiction to award attorney fees under § 425.16, subd. (c).

Plaintiff attorney, who had been disciplined by the State Bar of California, filed an action against the State Bar, alleging that its actions against her were retaliatory and discriminatory. The State Bar filed a special motion to strike the complaint under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16). The trial court granted the State Bar's anti-SLAPP motion and awarded it $2,575.04 in attorney fees. The trial court concluded that plaintiff had not shown a likelihood of prevailing on her claims for a variety of reasons, including because a superior court lacks subject matter jurisdiction over attorney discipline matters, which are reserved to the exclusive jurisdiction of the Supreme Court. (Superior Court of Los Angeles County, No. BC452239, Deirdre H. Hill, Judge.) The Court of Appeal, Second Dist., Div. Two, No. B242054, reversed the judgment of the trial court. The Court of Appeal concluded that the trial court's lack of subject matter jurisdiction precluded it from ruling on the State Bar's anti-SLAPP motion, an adjudication that necessarily involved a determination of the merits of plaintiff's claims. Because the trial court had no jurisdiction to rule on the anti-SLAPP motion, it also lacked jurisdiction to award attorney fees under § 425.16, subd. (c).

The Supreme Court reversed the judgment of the Court of Appeal. The court held that lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to establish a probability of prevailing on his or her claim because of lack of subject matter jurisdiction. Nor is lack of subject matter jurisdiction a bar to awarding attorney fees and costs to the prevailing defendant. In sum, ruling on an anti-SLAPP motion does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place. The Court of Appeal erred in concluding otherwise. Because the trial court had the power to resolve the State Bar's anti-SLAPP motion, it also had the power to award attorney fees to the State Bar as the prevailing party. (Opinion by Kruger, J., expressing the unanimous view of the court.)

**HEADNOTES  [\*319] CALIFORNIA OFFICIAL REPORTS HEADNOTES**

**(1) Courts § 20--Subject Matter Jurisdiction--Authority.**--The principle of subject matter jurisdiction relates to the inherent authority of the court involved to deal with the case or matter before it. Thus, in the absence of subject matter jurisdiction, a trial court has no power to hear or determine the case.

**(2) Pleading § 93--Anti-SLAPP Motions--Probability of Prevailing--Lack of Subject Matter Jurisdiction.**--Failure of proof, or lack of substantive merit more generally, is not the only ground for striking a cause of action under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16). The pertinent question under the statute is simply whether the plaintiff has established a probability of prevailing on a claim alleged to justify a remedy. While lack of substantive merit is one reason a plaintiff might fail to make the requisite showing, lack of subject matter jurisdiction is another. A plaintiff cannot prevail on his or her claim unless the court has the power to grant the remedy the plaintiff seeks. Thus, while a ruling on an anti-SLAPP motion may involve a determination of the merits of the plaintiff's claim, it may in other cases involve a determination that the plaintiff's claim fails for another, non-merits based reason, such as lack of subject matter jurisdiction. A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it.

**(3) Pleading § 93--Anti-SLAPP Motions--Probability of Prevailing--Lack of Subject Matter Jurisdiction.**--Ruling

on a special motion to strike the complaint under Code Civ. Proc., § 425.16, does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place.

**(4) Pleading § 93--Anti-SLAPP Motions--Lack of Subject Matter Jurisdiction--Award of Attorney Fees and Costs--Prevailing Defendant.**--It is a truism that a court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance. Lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to establish a probability of prevailing on his or her claim because of lack of subject matter jurisdiction. Nor is lack of subject matter jurisdiction a bar to awarding attorney fees and costs to the prevailing defendant. For example, a trial court that dismisses a case **[*320]** for lack of subject matter jurisdiction has the power to award costs to the defendant under Code Civ. Proc., § 1032. Trial courts necessarily have jurisdiction to determine the scope of their own jurisdiction, and may award costs as incidental to the jurisdictional determination. A trial court that strikes a cause of action arising from protected activity on the ground that the court lacks subject matter jurisdiction has the incidental power to require the plaintiff to compensate the defendant for the undue burden of defending against the non-meritorious claim.

**(5) Pleading § 93--Anti-SLAPP Motions--Lack of Subject Matter Jurisdiction--Award of Attorney Fees and Costs--Prevailing Defendant.**--In a case involving an attorney who had been disciplined by the State Bar of California, the trial court's lack of subject matter jurisdiction over the attorney's claims against the State Bar did not preclude the trial court from granting the State Bar's special motion to strike the claim under Code Civ. Proc., § 425.16 and awarding attorney fees and costs to the State Bar as the prevailing defendant.

[Cal. Forms of Pleading and Practice (2016) ch. 376, Motions to Strike: Anti-SLAPP, § 376.22.]

**COUNSEL:** Patricia J. Barry, in pro. per., for Plaintiff and Appellant.

Joseph Starr Babcock, Lawrence C. Yee, Thomas A. Miller, Danielle Adoracion Lee; Kerr & Wagstaffe, James M. Wagstaffe and Michael von Loewenfeldt for Defendant and Respondent.

**JUDGES:** Opinion by Kruger, J., expressing the unanimous view of the court.

**OPINION BY:** Kruger

 **OPINION**

 **[**789] [***126]   KRUGER, J.**-- [HN1] Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a cause of action arising from constitutionally protected speech or petitioning activity. (Code Civ. Proc., § 425.16, subd. (b)(1).) Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney's fees and costs. (*Id*., subds. (b)(1) & (c)(1).) In this case, the trial court ruled that plaintiff had failed to show a probability of prevailing because, among other reasons, the court lacked subject matter jurisdiction over plaintiff's claims. The question presented is whether a court that lacks subject matter jurisdiction over a claim may grant a special motion to strike the claim under section 425.16, and thus may award attorney's fees **[*321]**  and costs to the defendant. We conclude that the answer to that question is yes, and accordingly reverse the contrary judgment of the Court of Appeal.

I.

The Legislature enacted the anti-SLAPP statute in 1992 in response to concerns about "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (Code Civ. Proc., § 425.16, subd. (a).) The statute is designed to deter such lawsuits--termed "strategic lawsuits against public participation" or "SLAPP suits"--in order to "encourage continued participation in matters of public significance" and to ensure "that this participation should not be chilled through abuse **[***127]** of the judicial

process." (*Ibid.*) The statute instructs that its provisions are to be "construed broadly" in service of these goals. (*Ibid.*)

[**790] The anti-SLAPP statute's core provision authorizes defendants to file a special motion to strike "[a] cause of action against a person arising from" the petition or speech activities "of that person ... in connection with a public issue." (Code Civ. Proc., § 425.16, subd. (b)(1).) Such motions shall be granted "unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Ibid.*) The analysis of an anti-SLAPP motion proceeds in two steps: "'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. [Citation.] If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.'" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820 [124 Cal. Rptr. 3d 256, 250 P.3d 1115]; see *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal. Rptr. 2d 507, 52 P.3d 685]).) At this second step of the analysis, a trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based" in evaluating the plaintiff's probability of success. (Code Civ. Proc., § 425.16, subd. (b)(2).) The court "'"accept[s] as true the evidence favorable to the plaintiff [citation] and evaluate[s] the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."'" (*Oasis West Realty*, at p. 820.) "'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute ... is a SLAPP, subject to being stricken under the statute.'" (*Ibid*.)

Because SLAPPs "seek to deplete 'the defendant's energy' and drain 'his or her resources,'" the anti-SLAPP statute contains several provisions designed to "limit the costs of defending against such a lawsuit" and to "'"prevent SLAPPs by ending them early and without great cost to the [*322] SLAPP target."'" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192 [25 Cal. Rptr. 3d 298, 106 P.3d 958] (*Varian Medical*).) Once a special motion to strike is filed, for example, a court must consider the motion within 30 days (Code Civ. Proc., § 425.16, subd. (f)), and discovery is stayed pending resolution of the motion (*id*., subd. (g)). Subject to certain exceptions not relevant here, a defendant that prevails on a special motion to strike is entitled to attorney's fees and costs. (*Id*., subd. (c)(1).)

This case arises from State Bar disciplinary proceedings involving Attorney Patricia J. Barry. After the State Bar's Office of Chief Trial Counsel filed disciplinary charges against her, Barry stipulated to having committed violations of the Rules of Professional Conduct. She further agreed to recommended discipline including a 60-day actual suspension from the practice of law. The State Bar Court entered an order approving the recommended discipline.

Despite having agreed to the State Bar Court's recommendation, Barry thereafter filed a petition for writ of review in this court, asking the court to set aside the stipulation and dismiss the disciplinary charges. Barry asserted, among other things, that the stipulation was false and that she had entered into it due to financial hardship. This court denied Barry's petition for writ of review and imposed the recommended discipline.

After this court denied Barry's petition, Barry filed an action in superior court [***128] against the State Bar. Alleging that the State Bar's actions were retaliatory and discriminatory, Barry asserted causes of action under a variety of state laws, as well as the due process clause of the Fourteenth Amendment to the United States Constitution. She sought an order vacating the stipulation and dismissing the underlying disciplinary charges, or, in the alternative, granting her a jury trial on the underlying disciplinary charges. Barry also sought various reforms of the State Bar.

The State Bar both demurred to the complaint and filed a special motion to strike the complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16, subd. (b)). The trial court granted the State Bar's anti-SLAPP motion. At the first step of the analysis, the trial court concluded that all of Barry's claims concerned the State Bar's actions in pursuing charges against Barry and recommending [**791] to this court that she be disciplined, and thus arose from protected petitioning activity. (See *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 203 [46 Cal. Rptr. 3d 41, 138 P.3d 193].) At the second step of the analysis, the trial court concluded that Barry had not shown a likelihood of prevailing on her claims for a variety of reasons, including because a superior court lacks subject matter jurisdiction over attorney discipline matters, which are reserved to the exclusive jurisdiction of [*323] this court. (See, e.g., *Jacobs v. State Bar* (1977) 20 Cal.3d 191, 196 [141 Cal. Rptr. 812, 570 P.2d 1230]; *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1710 [71 Cal. Rptr. 3d 207].) [1] The court accordingly granted the anti-SLAPP motion and awarded $2,575.04 in attorney's fees to the State Bar as the "prevailing defendant." (Code Civ. Proc., § 425.16, subd. (c)(1).) [2]

1 The trial court also concluded, among other things, that all of Barry's state claims were barred by the litigation privilege under Civil Code section 47, subdivision (b), and that Barry had failed to state a claim for violation of the federal due process clause.

2 In addition to challenging the recommended discipline in her case, Barry's complaint also alleged institutionalized gender bias, cronyism, and corruption at the State Bar, invoking statutory provisions including Civil Code sections 51.9 (sexual harassment in a business or professional relationship) and 52.1 (private right of action to enforce state or federal Constitution or laws), and seeking injunctive relief in the form of institutional reforms. Because neither party has contested the trial court's characterization of Barry's complaint, we assume without deciding that the trial court correctly held that all of Barry's claims concerned the State Bar's actions in pursuing discipline against her, and thus both arose from protected petitioning activity within the meaning of section 425.16 and fell outside the subject matter jurisdiction of the superior court.

On appeal, Barry did not challenge the trial court's conclusions that the court lacked subject matter jurisdiction over her claims or that the claims arose from protected activity. Rather, she argued that because the trial court lacked subject matter jurisdiction over her claims, it also lacked jurisdiction to adjudicate the State Bar's anti-SLAPP motion or to award attorney's fees. Agreeing with Barry, the Court of Appeal reversed the judgment of the trial court. The Court of Appeal reasoned: "'[I]n the absence of subject matter jurisdiction, a trial court has no power "to hear or determine [the] case." [Citation.]' [Citation.] The trial court's lack of subject matter jurisdiction in this case precluded it from ruling on the State Bar's anti-SLAPP motion, an adjudication that necessarily involved a determination of the merits of plaintiff's claims. 'Section 425.16 ... establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. ... [¶] **[\*\*\*129]** [G]ranting a motion to strike under section 425.16 results in the dismissal of a cause of action on the merits ... .' (*Varian Medical*, [*supra*, 35 Cal.4th] at pp. 192-193 ... .) [¶] ... [¶] Because the trial court had no jurisdiction to rule on the anti-SLAPP motion, it also lacked jurisdiction to award attorney fees under section 425.16, subdivision (c)."

We granted the State Bar's petition for review. **[\*324]**

II.

A.

 [HN2] **(1)** "'The principle of "subject matter jurisdiction" relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Thus, in the absence of subject matter jurisdiction, a trial court has no power 'to hear or determine [the] case.'" (*Varian Medical*, *supra*, 35 Cal.4th at p. 196, quoting *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942].) As the case comes to us, the primary question presented is whether, as the Court of Appeal concluded, the anti-SLAPP statute requires a court to make a determination on the merits of the plaintiff's claims before granting a special motion to strike. We begin by considering the language of the statute. (See, e.g., *Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152, 157 [194 Cal. Rptr. 3d 80, 358 P.3d 552].) The anti-SLAPP statute provides that a cause of action arising from protected activity is subject to a special motion to strike "unless the court determines **[\*\*792]** that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b)(1).) To evaluate the probability that the plaintiff will prevail, the statute permits the court to "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (*Id.*, subd. (b)(2).) Through this "summary-judgment-like procedure," the statute authorizes the quick dismissal of meritless claims, thereby ensuring that SLAPP suits are ended "'"early and without great cost to the SLAPP target."'" (*Varian Medical*, *supra*, 35 Cal.4th at p. 192.)

**(2)** Plaintiff contends that a ruling on an anti-SLAPP motion "goes to the very substance and merits of the lawsuit" in that it "requires the plaintiff to marshal[] her evidence and *prove* she has a likelihood of prevailing on the merits." But [HN3] failure of proof, or lack of substantive merit more generally, is not the only ground for striking a cause of action under Code of Civil Procedure section 425.16. (See, e.g., *Traditional Cat Assn., Inc. v. Gilbreath* (2004) 118 Cal.App.4th 392, 397-399, 405 [13 Cal. Rptr. 3d 353] [cause of action subject to being stricken under the anti-SLAPP statute on ground that it was barred by the applicable statute of limitations].) The pertinent question under the statute is simply whether the plaintiff has established a probability of prevailing on a "claim ... alleged to justify a remedy." (

*Baral v. Schnitt* (2016) 1 Cal.5th 376, 395 [205 Cal. Rptr. 3d 475, 376 P.3d 604].) While lack of substantive merit is one reason a plaintiff might fail to make the requisite showing, lack of subject matter jurisdiction is another. A plaintiff cannot prevail on her claim unless the court has the power to grant the remedy she seeks. **[*325]**

Thus, while a ruling on an anti-SLAPP motion *may* involve a determination of the merits of the plaintiff's claim, it may in other cases involve a determination that the plaintiff's claim fails for another, non-merits-based reason, such as lack of subject matter jurisdiction. This conclusion accords with the basic purpose underlying **[***130]** the anti-SLAPP statute: namely, to shield defendants from the undue burden of defending against claims filed not for the purpose of securing judicial redress, but to intimidate or harass on the basis of the defendant's constitutionally protected activity. A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it. (Cf. *Traditional Cat Assn., Inc. v. Gilbreath*, *supra*, 118 Cal.App.4th at p. 399 ["[A] claim which is meritless because it is barred by the statute of limitations will cause just as much intimidation as a claim which is barred because of a constitutional defense."].) As the State Bar contends, to exempt a plaintiff's claims from the reach of the anti-SLAPP statute because they fail for a reason unrelated to their substantive merit would open up new avenues for harassing and retaliatory litigation; it would permit plaintiffs to bypass the protections of the anti-SLAPP statute simply by filing suit in a tribunal that has no power to entertain the claim.

In reaching its contrary conclusion, the Court of Appeal relied on excerpts from our *Varian Medical* opinion in which we described a decision to grant an anti-SLAPP motion as resulting "in the dismissal of a cause of action *on the merits*." (*Varian Medical*, *supra*, 35 Cal.4th at p. 193, italics added.) That reliance was misplaced. The issue in *Varian Medical* was whether the trial court had the power to adjudicate a lawsuit at the very same time that a defendant sought to appeal the denial of an anti-SLAPP motion that would have ended the lawsuit. We concluded that the answer was no, because unlike a motion for preliminary injunction or motion to disqualify counsel, for example, "an anti-SLAPP motion goes 'to the merits of the issues involved in the main action' [citation] to the extent it addresses the 'probability ... the plaintiff will prevail on the claim' ([Code Civ. Proc.,] § 425.16, subd. (b)(1))." (*Varian Medical*, *supra*, at p. 193.) We observed that it would be inconsistent for the Court of Appeal to consider whether the defendant's anti-SLAPP motion should have been granted, and the complaint stricken, while the trial court simultaneously considered whether judgment should be entered for the plaintiff on the **[**793]** very same complaint. (*Ibid.*) We had no occasion in *Varian Medical* to consider whether the anti-SLAPP statute permits a court to strike a complaint on a non-merits basis, such as lack of subject matter jurisdiction. The Court of Appeal erred in relying on *Varian Medical* as authority "for a point that was not actually raised and resolved" in that case. (*Fairbanks v. Superior Court* (2009) 46 Cal.4th 56, 64 [92 Cal. Rptr. 3d 279, 205 P.3d 201].) **[*326]**

**(3)** In sum, [HN4] ruling on an anti-SLAPP motion does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place. The Court of Appeal erred in concluding otherwise.

**B.**

**(4)** Plaintiff raises several alternative arguments in support of the Court of Appeal's judgment. None has merit. First, plaintiff argues that if the trial court lacked jurisdiction to adjudicate her claims on the merits, then it must also have lacked jurisdiction to grant the State Bar's anti-SLAPP motion or to award attorney's fees and costs. In plaintiff's view, "[e]ither the Court has subject matter jurisdiction or it does not." But a court that lacks the power to answer one type of question in a **[***131]** case may nonetheless have the power to answer another type of question. [HN5] It is, for example, a truism that "[a] court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance." (*Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464 [171 P.2d 8]; accord, *Abelleira v. District Court of Appeal*, *supra*, 17 Cal.2d at pp. 302-303; see also, e.g., *Muthig v. Brant Point Nantucket, Inc.* (1st Cir. 1988) 838 F.2d 600, 603 (opn. of Breyer, J.).) Lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to establish a probability of prevailing on her claim because of lack of subject matter jurisdiction.

Nor is lack of subject matter jurisdiction a bar to awarding attorney's fees and costs. Our courts have held, for example, that a trial court that dismisses a case for lack of subject matter jurisdiction has the power to award costs to the defendant under Code of Civil Procedure section 1032. (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733

[122 Cal. Rptr. 3d 590].) As the court in *Brown* explained, trial courts necessarily have jurisdiction to determine the scope of their own jurisdiction, and may award costs as incidental to the jurisdictional determination. (*Id.* at pp. 740-741, citing *Wells Fargo & Co. v. City etc. of S. F.* (1944) 25 Cal.2d 37, 44 [152 P.2d 625].) This conclusion is consistent with the conclusions of federal courts that have held that a court that lacks jurisdiction to determine the merits of an action may nevertheless consider "collateral issues" such as whether the prevailing party should be awarded its litigation expenses or whether sanctions should be imposed for a litigant's abuse of the judicial process. (*Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384, 395-396 [110 L. Ed. 2d 359, 110 S. Ct. 2447]; see also *Willy v. Coastal Corp.* (1992) 503 U.S. 131, 139 [117 L. Ed. 2d 280, 112 S. Ct. 1076]; *Citizens for a Better Environment v. Steel Co.* (7th Cir. 2000) 230 F.3d 923, 926 (*Citizens for a Better Environment*) ["[A] court may [*327] lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party."].) A trial court that strikes a cause of action arising from protected activity on the ground that the court lacks subject matter jurisdiction has the incidental power to require the plaintiff to compensate the defendant for the undue burden of defending against the non-meritorious claim.

Plaintiff relies on a series of Ninth Circuit decisions that have held that a court that lacks subject matter jurisdiction over a federal civil rights claim under 42 United States Code section 1983 also lacks the power to award attorney's fees under the relevant federal fee-shifting statute, 42 United States Code section 1988. (See *Branson v. Nott* (9th Cir. 1995) 62 F.3d 287, 292-293 (*Branson*); accord, *Elwood v. Drescher* (9th Cir. 2006) 456 F.3d 943, 948.) Other federal courts, however, have reached a contrary conclusion regarding comparable fee-shifting statutes. (See *U.S. ex rel. Grynberg v. Praxair,* [**794] *Inc.* (10th Cir. 2004) 389 F.3d 1038, 1055-1058 [noting tension among courts of appeals]; *Citizens for a Better Environment*, *supra*, 230 F.3d at p. 928 [criticizing *Branson*].) In any event, as the Ninth Circuit acknowledged in *Branson*, "there are some circumstances in which attorney's fees or costs may be imposed even where the court proves to be without subject matter jurisdiction." (*Branson*, at p. 293, fn. 10.) The federal decisions on which plaintiff relies thus turn on the nature of the particular statute or statutes involved. The cases do not stand for the proposition that lack of subject matter jurisdiction categorically [***132] precludes a court from awarding attorney's fees and costs.

Relying on the same set of Ninth Circuit cases, plaintiff next argues that even if a court might otherwise have the power to award fees and costs in the absence of subject matter jurisdiction, a defendant cannot "prevail" within the meaning of Code of Civil Procedure section 425.16, subdivision (c) unless the defendant obtains a favorable judgment on the merits. Plaintiff points to *Branson*, for example, in which the court held that where "dismissal is mandated by a lack of subject matter jurisdiction, a defendant is not a 'prevailing' party within the meaning of § 1988." (*Branson*, *supra*, 62 F.3d at p. 293.) Whatever the merits of *Branson*'s holding on this point (cf., e.g., *Citizens for a Better Environment*, *supra*, 230 F.3d at pp. 929-930), it is of little relevance here. Unlike 42 United States Code section 1988, the anti-SLAPP statute does not refer to parties that have "prevail[ed]" in a lawsuit; it refers specifically to defendants that have prevailed "*on* [*the*] *special motion to strike.*" (Code Civ. Proc., § 425.16, subd. (c)(1), italics added.) A defendant that successfully moves to strike a plaintiff's cause of action, whether on merits or non-merits grounds, has "prevailed" on the motion, and therefore is entitled to attorney's fees and costs under Code of Civil Procedure section 425.16, subdivision (c). This understanding of the scope of the anti-SLAPP's [*328] fee-shifting provision is consistent with its apparent purpose: namely, compensating the prevailing defendant for the undue burden of defending against litigation designed to chill the exercise of free speech and petition rights. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal. Rptr. 2d 377, 17 P.3d 735].)

Finally, plaintiff argues that the correct vehicle for raising a jurisdictional challenge is a demurrer, rather than a special motion to strike. But as we have recognized, a demurrer is not the only mechanism for raising a challenge to a court's subject matter jurisdiction. (See *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1036 [25 Cal. Rptr. 2d 539, 863 P.2d 784] ["A challenge to the subject matter jurisdiction of a court is properly brought by demurrer to the complaint. It may also be raised by a motion to strike; motion for judgment on the pleadings; motion for summary judgment; or in an answer." (citations omitted)].)

And contrary to plaintiff's argument, there is no rigid rule that requires a court to consider a jurisdictional challenge raised in a demurrer before, or in lieu of, considering such a challenge in the context of a special motion to strike under Code of Civil Procedure section 425.16. (Cf. *Lin v. City of Pleasanton* (2009) 176 Cal.App.4th 408, 426 [96 Cal. Rptr.

3d 730] [rejecting conclusion that anti-SLAPP motion must be denied when the trial court would have sustained demurrer to same cause of action].)

Indeed, to adopt such a rule would defeat the anti-SLAPP statute's central purpose of preventing """SLAPPs by ending them early and without great cost to the SLAPP target.""" (*Varian Medical*, *supra*, 35 Cal.4th at p. 192.) To that end, the statute not only provides a mechanism for compensating the defendant for its litigation expenses in Code of Civil Procedure section 425.16, subdivision (c), but it also requires a court to hear the special motion to strike within 30 days of filing (Code Civ. Proc., § 425.16, subd. (f)) and provides for an automatic stay of discovery pending resolution of the anti-SLAPP motion (*id*., subd. (g)). In addition, the Courts of Appeal have placed limitations on plaintiffs' ability to amend their complaints in order to avoid or frustrate a hearing on an anti-SLAPP motion. **[***133]** (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1055 [18 Cal. Rptr. 3d 882], **[**795]** citing *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073-1074 [112 Cal. Rptr. 2d 397]; cf. *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 871 [90 Cal. Rptr. 3d 205].) These procedural protections would be lost if we were to adopt plaintiff's proposed rule requiring all jurisdictional challenges to be resolved on demurrer, rather than in the context of a special motion to strike. **[*329]**

III.

**(5)** A court that lacks subject matter jurisdiction over a plaintiff's claims has the power to resolve an anti-SLAPP motion on jurisdictional grounds. Because the court has the power to resolve the anti-SLAPP motion, it also has the power to award attorney's fees to the defendant that prevails on such a motion. We therefore reverse the judgment of the Court of Appeal.

Cantil-Sakauye, C. J., Werdegar, J., Chin, J., Corrigan, J., Liu, J., and Cuéllar, J., concurred.