**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAMES MCGIBNEY, ET AL., <br> Plaintiffs, <br> v. <br> THOMAS RETZLAFF, <br> Defendant. | Case No. 14-cv-01059-BLF <br><br> **ORDER DENYING DEFENDANT RETZLAFF'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> [Re: ECF 207] |

On June 18, 2015, the Court entered judgment in this action after granting Defendant Thomas Retzlaff's motion to dismiss for lack of personal jurisdiction. *See* ECF 172, 173. Presently before the Court is Retzlaff's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). Mot. 1, ECF 207. For the reasons stated herein, the Court DENIES Defendant's motion.

In the Court's prior order, it declined to address Defendant's motion to strike Plaintiffs' complaint pursuant to California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. *See* Order Granting Mot. to Dismiss 10, ECF 172; Mem. ISO Mot. to Strike, ECF 59. In the instant motion, Retzlaff asks the Court to render judgment on his motion to strike in light of the California Supreme Court's recent decision in *Barry v. Cal. State Bar*, 2 Cal. 5th 318 (2017). Mot. 2.

Federal Rule of Civil Procedure 60(b) provides for reconsideration of a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (internal quotation marks omitted), *overruled on other*

*grounds by* 593 F.3d 790 (2010). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." *Id.* (internal quotation marks omitted).

Here, Retzlaff cannot establish the requisite injury. Assuming that he would prevail on his anti-SLAPP motion, Retzlaff asks the Court to award him attorneys' fees and costs, however he can recover neither. Mot. 17. First, this Court previously dismissed the action against Retzlaff and awarded him costs. Although Retzlaff was eligible to recover costs in this action, he submitted no permissible costs pursuant to Civil Local Rule 54-3. *See* Order on Bill of Costs, ECF 200. Second, because Retzlaff represented himself in this action, he is not entitled to attorneys' fees. *Cf. Trope v. Katz*, 11 Cal. 4th 274, 279, 292 (1995) (holding that a law firm was not entitled to attorneys' fees after it successfully represented itself in a breach of contract case even though the contract contained a fee-shifting provision because "the Legislature did not intend to allow . . . nonattorneys to receive compensation for the [ ] time *they* spend litigating a [ ] matter on their own behalf" (emphasis in original)); *Ellis Law Grp., LLC v. Nevada City Sugar Loaf Props., LLC*, 230 Cal. App. 4th 244, 253 (2014) ("An exception to th[e] fee-shifting provision [in the anti-SLAPP statute] applies to self-represented attorneys."). Accordingly, the Court DENIES Retzlaff's motion for relief from judgment.[1]

**IT IS SO ORDERED.**

Dated: March 17, 2017

BETH LABSON FREEMAN
United States District Judge

---

[1] Even if Retzlaff could meet his burden of showing injury, it would not be manifestly unjust for the Court to deny his request for relief because *Barry* does not require the Court to rule on his anti-SLAPP motion. In *Barry*, the court merely ruled that a court *could* grant an anti-SLAPP motion where it lacked subject matter jurisdiction on the underlying claim(s) in the complaint. 2 Cal. 5th at 329. Thus, it is not clear that the court's logic would apply to this case, where the Court lacks *personal jurisdiction*. Moreover, *Barry* does not require a court to rule on an anti-SLAPP motion; rather, it leaves the determination to the court's discretion. This Court would not exercise that discretion to rule on Retzlaff's motion given that there are no available remedies even were he to prevail on the motion.

2