

(ENDORSED)
FILED
JUN 22 2017
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

VIAVIEW, INC.,

        Petitioner,

vs.

THOMAS RETZLAFF,

        Respondent.

CASE NO.: 2014-1-CH-005460

ORDER RE: PETITIONER'S MOTION TO STRIKE COSTS/AWARD OF COSTS TO RESPONDENT

    The above-entitled action came before the Honorable Carol Overton on March 10, 2017 at 9:00 a.m. in Department 11, upon petitioner ViaView, Inc.'s ("Petitioner") Motion to Strike Costs of Respondent Thomas Retzlaff ("Respondent") in this civil harassment case. Respondent appeared telephonically in pro per. William Pierce, Esq., specially appeared for counsel of record on behalf of Petitioner. At the conclusion of the hearing, the Court directed the parties to submit proposed orders by March 24, 2017—to include requested findings, at which time the matter would be deemed submitted.[1]

    The Court having considered the parties' pre-and-post-hearing written submissions and oral argument, and the matter having been submitted, rules as follows:

---

[1] Petitioner's proposed order was entitled "[Proposed] Order Granting Defendant's Memorandum of Costs." Respondent's proposed order was entitled "[Proposed] Order Assessing Costs Against Plaintiff . . . "

1

ORDER RE: MOTION TO STRIKE COSTS

As a preliminary matter, the Sixth District Court of Appeal issued an opinion in the matter of ViaView, Inc. v. Thomas Retzlaff, Appellate Case No. H041521, which stated: "Let a peremptory writ of mandate issue directing the superior court to vacate its order denying [Respondent's] motion to quash for lack of personal jurisdiction and enter a new order granting the motion to quash." (*ViaView, Inc. v. Thomas Retzlaff* (2016) Cal.App.5th 198, 220.) The opinion further stated that "[Respondent] is awarded his costs in this appellate proceeding." Following issuance of a remittitur from the Court of Appeal, this court issued an Order Granting Motion to Quash and Vacating Restraining Order.

Respondent seeks costs in the total amount of $5,298.99. (See Resp.'s Memo of Costs on Appeal.) These costs are categorized as follows:

| COSTS | TOTALS |
|---|---|
| 1. Filing Fee | $775.00 |
| 2. Preparation of Original and Copies Clerk's Transcript | $727.00 |
| 3. Preparation of Reporter's Transcript | $701.10 |
| 4. Printing/Copying of Briefs | $277.94 |
| 5. Transmitting/Filing/Serving of Record, Briefs, Other Papers | $2,817.95 |
| COMBINED TOTAL COSTS: | $5,298.99 |

"Waived" Costs of Appeal

Petitioner objects to the above costs numbered 1, 2, and 3 on the basis that they were waived by the appellate court. (See Exhs. B, D, and E to Suppl. Decl. of Jason Leiderman in Supt. of Mo. to Strike.) Respondent concedes that the filing fees ($775.00) and clerk's transcript fees ($727.00) were waived by the appellate court. Respondent represents that he actually paid the reporter's transcript fees ($701.10), apparently having requested the reporter's record prior to filing of the appeal.

Respondent contends that he is entitled to recover the above "waived" fees. The Court agrees. Respondent as prevailing party herein is liable for these costs notwithstanding that the

appellate court initially waived them. With respect to the reporter's transcript, regardless of when Respondent actually ordered and paid for the record this was a reasonable and necessary cost in connection with the appellate proceedings.

For each of the foregoing reasons, the Court declines to strike or reduce Respondent's costs by any/all of the above-enumerated amounts, in the collective sum of $2,203.10.

Printing/Coping of Briefs

The Court finds that Respondent's request for costs of $277.94 in the category of printing/copying of briefs is reasonable and adequately supported by the evidence. Thus, the Court declines to strike or reduce said costs.

Transmitting/Filing/Serving Record, Briefs, and Other Papers

As noted above, Respondent requests recovery of costs for transmitting, filing, and serving of record, briefs and other papers in the combined amount of $2,817.95. Petitioner argues persuasively that $1,181.15 of these costs should be excluded because they were incurred during the pre-appeal period July 21, 2014 through October 10, 2014. With regard to the balance of $1,636.80, Petitioner argues that Respondent did not establish what portion of said costs were attributable to the appeal as opposed to "two additional [w]rits . . . filed with the Sixth Appellate District during the same period of time as the [a]ppeal." (Pet.'s [Proposed] Order Granting Deft.'s Memo of Costs, p.4: 24-27.) Petitioner therefore proposes a 50% reduction of the $1,636.80 balance in this category, or $818.40.

As noted above, the appellate court expressly limited Respondent's recovery to costs "in this appellate proceeding." Therefore, the Court finds it appropriate to reduce Respondent's costs in the combined amount of $1,181.15—which as noted above represents costs incurred prior to initiation of the appellate proceedings, and not otherwise shown to be reasonably associated with or necessary to the appeal. While the Court agrees that there should be some further incremental reduction in the remaining balance ($1,636.80) based on an evidentiary record that is lacking in some clarifying details, the Court finds that a more modest reduction of $650.00 is appropriate based on the evidence provided in the context of the appellate proceedings. This leaves a balance of $986.80 awarded in this cost category.

Based on the foregoing, Petitioner's Motion to Strike Costs is GRANTED IN PART and DENIED IN PART as specified above.

Accordingly, Respondent is hereby awarded costs of appeal in the amount of $3,467.84.

DATED: 6-22-17

_Carol O_____
CAROL OVERTON
JUDGE OF THE SUPERIOR COURT

---

4

ORDER RE: MOTION TO STRIKE COSTS